UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ROYAL BANK OF SCOTLAND GROUP PLC SECURITIES LITIGATION | 09 Civ. 300 (DAB) |
| LIGHTHOUSE FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>Defendants. | 11 Civ. 398 (GBD) |
| ETHAN GOLD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>Defendants. | 11 Civ. 1162 (NRB) |

**LIGHTHOUSE FINANCIAL GROUP LLC'S MEMORANDUM OF LAW IN SUPPORT
<u>OF ITS MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)</u>**

**SADIS & GOLDBERG LLP**
Charles H. Dufresne, Jr. (CD-4864)
551 Fifth Avenue, 21st Floor
New York, New York 10176
Tel: 212-573-6660

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
Kira German
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337

*Counsel for Plaintiff-Movant Lighthouse Financial Group LLC*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND........................................................... 2

ARGUMENT......................................................................................................................... 5

CONCLUSION.................................................................................................................... 10

```
```

## TABLE OF AUTHORITIES

**Case**      **Page**

*In re Century Aluminum Co. Sec. Litig.*,
  No. C. 09-1001, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009) .............................. 8, 9

*In re General Electric Sec. Litig.*,
  09 Civ. 1951, 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................... 8, 9

*In re Livent, Inc. Noteholders Sec. Litig.*,
  210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................... 7

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .................................................................................... 5

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................. 5, 8

*Morrison v. National Australia Bank Ltd.*,
  130 S. Ct. 2869 (2010) ............................................................................................... 4

*Weiss v. Friedman, Billings, Ramsey Group, Inc*,
  05 Civ. 04617, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) ...................................... 6

**INTRODUCTION**

There are currently three putative securities class action cases pending in this Court asserting claims on behalf of different classes of investors in certain types of securities of Royal Bank of Scotland PLC ("RBS" or the "Company"). One case is *In Re Royal Bank of Scotland Group PLC Securities Litigation*, 09 Civ. 300 (DAB) (the "Consolidated Action"), an already consolidated case in which the claims asserted on behalf of purchasers of RBS American Depository Receipts ("RBS ADRs") were dismissed because the plaintiffs in that case were not U.S. purchasers of the RBS ADRs and therefore lacked standing to bring claims on behalf of purchasers. The other cases are *Lighthouse Financial Group LLC v. Royal Bank of Scotland Group PLC et al.*, 11 Civ. 398 (GBD) (the "*Lighthouse* Action") and *Gold* v. *Royal Bank of Scotland Group PLC et al.*, 11 Civ. 1162 (NRB) (the "*Gold* Action") (collectively, these three above-captioned actions shall be referred to herein as the "Actions"). Both the *Lighthouse* Action and the *Gold* Action seek to bring claims on behalf of U.S. purchasers of RBS ADRs; however, only Lighthouse Financial Group LLC ("Lighthouse") filed its case prior to the lapse of the statute of limitations for RBS ADRs purchaser claims and therefore the only plaintiff with standing to bring these claims. *See* 28 U.S.C. §1658.[1]

---

[1] Like the *Lighthouse* Action, the *Gold* Action asserts claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 for the class period ending January 19, 2009. *See* Gold Complaint, Dkt. 1 in 11 Civ. 1162. Lighthouse believes that it is the only plaintiff that has brought a timely action within the two year statute of limitations (the class period ends January 19, 2009) and therefore is the only plaintiff with standing to bring claims on behalf of RBS ADRs purchasers. Nevertheless, Lighthouse is seeking to consolidate the *Gold* Action as well as the *Lighthouse* Action with the Consolidated Action so that all RBS ADRs claims are brought in a single action.

Through its motion, Lighthouse seeks consolidation under Fed. R. Civ. P. 42(a) of its class action (as well as the *Gold* Action) on behalf of putative purchasers of RBS ADRs with, and into, the prior Consolidated Action. Consolidation of the cases is supported by many factors. First, Lighthouse is effectively stepping into the shoes of the earlier plaintiffs whose claims were dismissed in the Consolidated Action because those earlier plaintiffs, unlike Lighthouse, were not U.S. purchasers of RBS ADRs. Second, there is significant overlap in the facts alleged in the Actions. The Consolidated Action continues to include claims of purchasers of certain RBS preferred shares, which have not been dismissed. While the legal claims in the Actions have differences, the cases stem from a common nucleus of operative facts and circumstances regarding RBS's financial accounting for its subprime assets (*i.e.*, subprime mortgage portfolio, Asset Backed Securities (ABS), Collateralized Debt Obligations (CDOs), and so forth) that lead to a massive financial collapse of the Company. Indeed, the claims on behalf of RBS ADRs purchasers were previously consolidated with the preferred share claims, which further supports consolidation here.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

RBS is a U.K-headquartered banking and insurance company whose ADRs are traded on the New York Stock Exchange. While historically seen as a conservative banking institution, in 2000 RBS began an aggressive growth strategy that lead to the accumulation of massive exposure to risky subprime assets. In various public statements

---

[2] Lighthouse is aware that the Court in the Consolidated Action declined to accept the *Lighthouse* Action as a related case when filed. That administrative determination was made without the benefit of any briefing or argument, and Lighthouse respectfully seeks to show through its motion and supporting papers why consolidation under Fed. R. Civ. P. 42(a) is appropriate and should be granted.

and filings with the U.S. Securities and Exchange Commission ("SEC"), however, RBS misrepresented its exposure to its toxic subprime assets and the strength of the Company's balance sheet during the credit crisis of 2007 and 2008.

Various lawsuits were then filed after the Company announced that it would record write-down impairments of more than $22 billion. Between January 12, 2009 and March 12, 2009, eight cases were filed in this Court on behalf of aggrieved investors, asserting various claims under the Securities Exchange Act of 1934 (the "Exchange Act") and/or the Securities Act of 1933 (the "Securities Act").[3]

On May 5, 2009, this Court appointed Massachusetts Pension Reserves Investment Management Board ("MassPRIM") and the Mississippi Public Employees' Retirement System ("MissPERS") (collectively, the "State Funds") as Co-Lead Plaintiffs on behalf of the putative class of Plaintiffs who purchased RBS "ordinary shares." *See* Order Appointing Lead Plaintiffs, Dkt. 57 in 09 Civ. 300 (the "Lead Plaintiff Order"), at 9. The Lead Plaintiff Order also approved as Co-Lead Counsel the State Funds' selection of Cohen Milstein Sellers & Toll PLLC, Labaton Sucharow LLP and Wolf Popper LLP (collectively, "Co-Lead Counsel"). *See id.* at 11. The Lead Plaintiff Order also appointed the "Freeman Group," which consists of individuals who purchased preferred shares from each of RBS Series Q, R, S, and T, as Co-Lead-Plaintiffs for the preferred share purchasers. *See id.* at 10. On July 15, 2009, the State Funds, along with the Freeman Group plaintiffs, filed a consolidated amended complaint (the "CAC"). *See*

---

[3] 09 Civ. 300, 09 Civ. 617, 09 Civ. 856, 09 Civ. 857, 09 Civ. 890, 09 Civ. 1650, 09 Civ. 1854, and 09 Civ. 2325. The Company has also disclosed that it is being investigated by the New York State Attorney General, the SEC, and the U.S. Department of Justice.

Dkt. 75 in 09 Civ. 300. The State Funds asserted claims under both the Securities Act and the Exchange Act in their original Complaints and the CAC, while the Freeman Group asserted claims solely under the Securities Act in their original complaints and the CAC.

On June 24, 2010, the U.S. Supreme Court issued its decision in *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010), which addressed the extent of the extraterritorial reach of U.S. securities laws. As a result, the Court requested supplemental briefing on the impact of *Morrison* as to the ordinary share claims. *See* Endorsed Letter, Dkt. 146 in 09 Civ. 300. Applying *Morrison*, the Court then found that the State Funds lacked standing to pursue claims under the Exchange Act because the State Funds did not purchase or sell a RBS security listed on a U.S. securities exchange (*i.e.*, ADRs). *See* Memorandum and Order, Dkt. 157 in 09 Civ. 300 at 23 ("As Plaintiffs bought RBS ordinary shares on foreign securities exchanges, Lead Plaintiffs MassPRIM and MissPERS do not have standing to bring domestic ADR claims, *Morrison* requires dismissal[.]"). Accordingly, on January 11, 2011, this Court dismissed, with prejudice, Counts One, Two, Six, Seven, Eight, Nine and Ten of the CAC. *See id.* at 5. This Court also dismissed the State Funds, along with Co-Lead Counsel, with prejudice. *See id.* As a result, only the Securities Act claims asserted by the Freeman Group remain in the Consolidated Action.

Following the Court's dismissal of the State Funds, and in order to protect the interests of the purchasers of ADRs, Lighthouse filed a class action complaint on January 19, 2011, alleging violations of §§11, 12(a)(2) and 15 of the Securities Act. On January 28, 2011, Lighthouse filed, as a matter of right under Fed R. Civ. P. 15(a), an amended

4

complaint alleging violations of §§10(b) and 20(a) of the Exchange Act (the "Lighthouse Complaint"). The class period asserted in the CAC on behalf of the dismissed ADR claims ended on January 19, 2009. Under the applicable two year from discovery statute of limitations, Lighthouse is the only RBS ADRs purchaser to timely file a case, making it the only entity that can litigate class claims on behalf of RBS ADRs purchasers.

## ARGUMENT

Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.* Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication and minimizes the expenditure of time and money by all concerned. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007). Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See id.*

As set forth in its Lighthouse Complaint, Lighthouse's claims are essentially identical to those of the State Funds. Lighthouse's claims arise from the same transactions and occurrences as that of the preferred shareholders and are against many of the same defendants as the claims remaining in the CAC. For instance, both the Lighthouse Complaint and the CAC allege that RBS' Forms 20-F and 6-K from the years 2004 through 2007, directly and/or incorporated by reference, make materially false or misleading statements or omissions. Specifically, all Actions allege that the consolidated financial statements contained in Form 20-F for the year 2006 make materially false and

misleading statements and/or omissions concerning RBS' exposure to toxic subprime assets. *See* CAC at ¶¶ 532, 570-588, Lighthouse Complaint at ¶¶ 72, 116, 197, 199, 201, 219-221; *see also* Gold Complaint at ¶33.

Courts in this district have held that consolidation is "particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports and defendants will not be prejudiced." *See Weiss v. Friedman, Billings, Ramsey Group, Inc*, 05 Civ. 04617, 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006) (internal citations omitted). Continuing disclosure is required of issuers, such as RBS, to ensure that investors receive current information as to each offering despite the gap between registration and selling dates. RBS satisfied this requirement by incorporating by reference certain of its SEC filings (such as Forms 20-F and 6-K for the years 2004 through 2006) into its subsequent preferred share offering registration statements. The Freeman Group's claims rely on statements made by RBS in its Forms 20-F for the years 2004 through 2006, as well as numerous statements contained in Forms 6-K ranging from May 24, 2006 through February 28, 2008, while Lighthouse's and Gold's claims directly rely on statements from RBS' Form F-4, dated July 20, 2007, which incorporates by reference the exact same Form 20-F for 2006 and previous years, as well as numerous other Forms 6-K. As such, whether the consolidated financial and other statements or omissions contained in RBS' Forms 20-F and 6-K are materially false and misleading is a question of law and fact that is at the heart of the three Actions.

Because the factual background and substantive allegations contained in the Lighthouse Complaint are substantially, if not entirely, similar to those in the CAC and the Gold Complaint, Lighthouse must litigate many of the same issues as the Freeman

6

Group and Gold, thereby supporting relatedness and meriting consolidation, especially in light of the strong chance of claim and issue preclusion. Inconsistent rulings from separate benches as to whether such statements or omissions were material false and misleading would have a preclusive effect on each of the three Actions. *See e.g.*, *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 519 (S.D.N.Y. 2002) (where plaintiff's Exchange Act claim was not amiable to class certification, plaintiff's Securities Act claim would still be certified in the interest of judicial economy, and that issues resolved in the class action would have preclusive effect on any subsequent individual claims brought under the Exchange Act). In the interest of protecting all litigants' due process rights, Lighthouse suggests that consolidation under Fed. R. Civ. P. 42(a) is appropriate.

The prospect of duplicative discovery proceedings also weighs in favor of consolidation. By litigating separate actions, both plaintiffs and defendants also run the high risk of inconsistent discovery rulings over essentially identical issues. Lighthouse intends to seek significantly comparable and, in most instances, identical discovery as the Freeman Group as well as Gold. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant. This case is still in the pleading stages of litigation and discovery has not yet begun. As such, compelling Lighthouse to go through discovery and litigate on behalf of RBS ADRs purchasers in a separate action would necessarily: (1) cause considerable destruction of resources for all parties; (2) risk the chance of disparate and potentially prejudicial discovery rulings; (3) raise serious claim and issue preclusion concerns; and (4) perhaps more importantly, lead to judicial

inefficiency. Lighthouse respectfully suggests that these considerations outweigh any potential time savings that may be realized by requiring prosecution of separate actions.

Consolidation is also supported by the fact that the Court previously found that the State Funds' Complaints, which included both Securities Act and the Exchange Act claims, and the Freeman Group's Complaints, which solely included Securities Act claims, involved common questions of law and fact making consolidation pursuant to appropriate to promote judicial efficiency and to avoid unnecessary cost and delay. *See* Lead Plaintiff Order at 7-8. Courts in this district have held that "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficient common questions of fact and law…." *See Kaplan*, 240 F.R.D. at 91; *see also In re General Electric Sec. Litig.*, 09 Civ. 1951, 2009 WL 2259502, at \*\*2-3 (S.D.N.Y. July 29, 2009) (consolidating six separate Exchange Act actions with a Securities Act action because all seven actions contained common questions of fact and law, consolidation was the most efficient course, and would not result in confusion or prejudice.); *In re Century Aluminum Co. Sec. Litig.*, No. C. 09-1001, 2009 WL 2905962, at \*2 (N.D. Cal. Sept. 8, 2009) (rejecting plaintiffs' argument that consolidation of an Exchange Act action with three Securities Act actions would cause delay and added expenses in prosecuting Securities Act claims, and finding that consolidation was appropriate in the interest of efficiency). Similar to the State Funds' allegations in their original Complaints and the CAC, the Lighthouse Complaint and the Gold Complaint contain the same Exchange Act claims and allege wrongdoing flowing from a common nucleus of operative facts and circumstances. Under the Securities Act and Exchange

Act claims, all three plaintiffs must establish that the same statements or omissions were materially false and misleading, minus only slightly varying liability standards.[4]

Lighthouse seeks to continue to prosecute this matter and will quickly and vigorously commence the discovery process in coordination with the Freeman Group's attorneys. Considering that discovery has yet to commence in the instant matter, finding that the *Lighthouse* Action and the *Gold* Action are related to the Consolidated Action would not impose any unnecessary cost or delay on the parties or proceedings and indeed will streamline both litigations. It follows then that in an effort to promote judicial efficiency and to avoid unnecessary cost and delay, the Actions should be consolidated.

---

[4] Any difference in the elements for proving liability under the Securities Act (*i.e.*, strict liability and negligence) and Exchange Act (*i.e.*, scienter) is outweighed by the strong likelihood of being confronted with claim and issue preclusion (as discussed above), as well as potentially disparate rulings during discovery and other stages of litigation (also discussed above). Lighthouse further suggests that the any delay occurring as a result of it litigating Exchange Act claims would be *de minimus* and is outweighed by the potential perils outlined above. *See In re General Electric*, 2009 WL 2259502, at **2-3*; see also In re Century Aluminum*, 2009 WL 2905962, at *2.

## **CONCLUSION**

For the reasons stated above, Lighthouse respectfully requests that the Court consolidate *Lighthouse Financial Group LLC v. Royal Bank of Scotland Group PLC*, 11 Civ. 398 (GBD) with *In Re Royal Bank of Scotland Group PLC Securities Litigation*, 09 Civ. 300 (DAB) and *Gold* v. *Royal Bank of Scotland Group PLC*, 11 Civ. 1162 (NRB), and grant Lighthouse such other and further relief as the Court deems appropriate.

Dated: March 4, 2011

                                       Respectfully submitted,

                                       **SADIS & GOLDBERG LLP**

                                       By: s/ Charles H. Dufresne, Jr.
                                            Charles H. Dufresne, Jr. (CD-4864)
                                     551 Fifth Avenue, 21st Floor
                                   New York, New York 10176
                                   Tel: 212-573-6660
                                   Fax: 212-573-6661

                                    **GARDY & NOTIS, LLP**
                                   Mark C. Gardy
                                   James S. Notis
                                   Kira German
                                   560 Sylvan Avenue, Suite 3085
                                   Englewood Cliffs, New Jersey 07632
                                   Tel: 201-567-7337
                                   Fax: 201-567-7377

                                   *Counsel for Plaintiff-Movant*
                                   *Lighthouse Financial Group LLC*