UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:11-cv-00398-GBD <br><br> CLASS ACTION |
| Plaintiff, | |
| vs. | |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | |
| Defendants. | |
| ETHAN GOLD, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:11-cv-01162-NRB <br><br> CLASS ACTION |
| Plaintiff, | |
| vs. | |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF IBEW LOCAL UNION NO. 58 PENSION TRUST FUND AND ANNUITY FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

619552_1

IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund (the "Pension and Annuity Funds") respectfully submit this memorandum of law in support of their motion for: (1) appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the class.

I.  **INTRODUCTION**

Presently pending in this district are two related securities class action lawsuits (the "Actions") on behalf of purchasers of Royal Bank of Scotland Group plc ("RBS") American Depository Receipts ("ADRs") during two Class Periods against RBS and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"):

| Caption | Class Period | Security | Date Filed |
|---|---|---|---|
| *Lighthouse Fin. Group. v. The Royal Bank of Scotland Group plc*, No. 11-cv-00398[1] | 03/01/07-01/19/09 | ADRs | 01/28/11 |
| *Gold v. The Royal Bank of Scotland Group plc*, No. 11-cv-01162 | 10/18/07-01/19/09 | same | 02/18/11 |

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, Lighthouse Financial Group filed a motion to consolidate its case with the *Gold* case, and the Court held a hearing on April 13, 2011.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

---

[1]  The *Lighthouse* action originally alleged violations of the Securities Act of 1933 on behalf of purchasers of ADRs pursuant to an April 8, 2005 Prospectus and June 26, 2007 Prospectus Supplement. *See* Dkt. No. 1 in Case No. 11-cv-00398. Subsequently, the *Lighthouse* complaint was amended and now alleges violations of the 1934 Act. *See* Dkt. No. 4 in Case No. 11-cv-00398.

The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Pension and Annuity Funds should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension and Annuity Funds' selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

RBS is the holding company of one of the world's largest banking and financial services groups. The Company's ADRs are listed and trade on the New York Stock Exchange.

Beginning in February 2007, Dutch bank ABN AMRO Bank N.V. started exploring strategic alternatives, including a merger, acquisition or breakup, following its 2006 financial results and concerns about its future. In late 2007, a consortium of banks led by RBS acquired ABN AMRO in a deal valued at approximately $100 billion. However, throughout the Class Period and following the integration of ABN AMRO's businesses, RBS and its executive officers failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects. Further, the defendants made materially false and misleading statements concerning RBS's subprime exposure and acquisition of ABN AMRO.

As the truth about the full extent of the Company's subprime exposure and its acquisition of ABN AMRO was disclosed to the market, the value of the Company's ADRs significantly declined. This culminated with a January 19, 2009 announcement that, due to the volume of subprime exposure the Company took on between 2005-2008 and the failure of the ABN AMRO acquisition to yield the benefits previously touted by RBS and its executives, the Company would report a loss of

£28 billion ($41.3 billion) for fiscal year 2008 – the largest loss *ever* for a British corporation. These disclosures caused the Company's shares to decline almost 70% in a single day. Plaintiffs and the class were significantly damaged by the precipitous decline in value of the Company's ADRs.

## III.   ARGUMENT

### A.   The Pension and Annuity Funds Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension and Annuity Funds meet each of these requirements and should therefore be appointed as lead plaintiff.

#### 1.   This Motion Is Timely

The notice published in this action on February 18, 2011 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff on April 19, 2011. *See* Declaration of David A. Rosenfeld in Support of the Pension and Annuity Funds' Motion for Appointment as Lead

- 3 -

619552_1

Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.[2]
This Motion is therefore timely filed and the Pension and Annuity Funds are entitled to be considered for appointment as lead plaintiff.

### 2. The Pension and Annuity Funds Have the Largest Financial Interest in the Relief Sought by the Class

During both of the alleged Class Periods, the Pension and Annuity Funds lost more than $850,000 as a result of defendants' misconduct. *See* Rosenfeld Decl., Exs. B, C.[3] To the best of their counsels' knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest.[4] Therefore, the Pension and Annuity Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

---

[2]   Curiously, although the Lighthouse Financial Group and its counsel, Gardy & Notis, filed class action complaints on January 19 and 28, 2011 alleging violations of federal securities laws, they never issued a PSLRA notice to class members advising them of their right to seek appointment as lead plaintiff.

[3]   Once appointed, the lead plaintiff is "vested with the authority to decide what claims to assert against which defendants for what class period." *In re Bank of Am. Corp. Sec*, 2010 U.S. Dist. LEXIS 37799, at *5-*7 (S.D.N.Y. 2010) (Chin, J.) (holding that the "lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class") (citing *Hevesi v. Citigroup Inc*., 366 F.3d 70, 82 n.13 (2d Cir. 2004) ("any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff – namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole")).

[4]   The Lighthouse Financial Group's 25-page certification, detailing a high volume of RBS transactions on three days in October 2008, reveals a paper loss of $119,266. *See* Dkt. No. 1, Ex. A in Case No. 11-cv-00398. However, because of the amount and timing of Lighthouse Financial Group's purchases and sales in RBS ADRs, it is doubtful that Lighthouse Financial Group suffered a compensable loss or could satisfy the Federal Rule of Civil Procedure Rule 23 ("Rule 23") requirements at this stage. *See Applestein v. Medivation, Inc*., 2010 U.S. Dist. LEXIS 98255, at *10 (N.D. Cal. 2010) (noting that while the "record before the court may be insufficient to establish that Schindler was a day-trader *qua* day-trader," it was "sufficient, however, to raise serious concerns about his typicality and about his susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions made by Medivation" and, therefore,

### 3. The Pension and Annuity Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In selecting a lead plaintiff, courts focus on the typicality and adequacy requirements." *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 U.S. Dist. LEXIS 103218, at *14 (E.D.N.Y. 2010). "At this stage of the litigation, the moving party 'need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *Id* (citation omitted).

"Rule 23(a)'s 'typicality' requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at *15 (citation omitted). The Pension and Annuity Funds satisfy this requirement because, just like all other proposed class members, they purchased RBS ADRs during the Class Period in reliance upon the false and misleading statements issued by defendants and suffered damages thereby. *See* Rosenfeld Decl., Ex. B; *Pompano Beach*, 2010 U.S. Dist. LEXIS 103218, at

---

"the court holds that the presumption that Schindler, as the plaintiff with the greatest loss, ought to be the lead plaintiff has been rebutted"); *see also In re Comverse Tech., Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *13 (E.D.N.Y. 2007) ("it is clear that under *Dura* and its progeny, any losses that P&P may have incurred before Comverse's misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in this litigation" and "any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff"). Mr. Gold, the other named plaintiff, purchased 22 ADRs and has a *de minimis* financial interest. *See* Gold Certification attached to Dkt. No. 1 in Case No. 11-01162. Irving Firemen's Relief and Retirement Fund, an intervenor in Case No. 09-00300, purchased 2,215 ADRs and suffered a $173,560 loss. *See* Dkt. No. 167-2 in Case No. 09-00300. The Pension and Annuity Funds' losses are larger than each of these plaintiffs' losses.

\*15.  Thus, the Pension and Annuity Funds allege claims that are typical of the members of the potential class.

"The 'adequacy' requirement of Rule 23 is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'"  *Id.* at \*15-\*16 (citation omitted).  The Pension and Annuity Funds have demonstrated their ability and willingness to prosecute this action by filing their certifications as well as by retaining qualified counsel.  *See* Rosenfeld Decl., Exs. B-D.  The Pension and Annuity Funds are not subject to unique defenses and there is no evidence that they seek anything other than the greatest recovery for the class consistent with the merits of the claims.  Moreover, the Pension and Annuity Funds' status as institutional investors further supports their designation as lead plaintiff.  *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99-100 (S.D.N.Y. 2005); *Malasky v. IAC/Interactivecorp*, 2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. 2004).

Thus, the Pension and Annuity Funds satisfy the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve the Pension and Annuity Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension and Annuity Funds have selected Robbins Geller to serve as lead counsel.  *See* Rosenfeld Decl., Ex. D.  Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively."  *Pompano Beach*, 2010 U.S. Dist.

- 6 -

LEXIS 103218, at *16.  Indeed, "Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005), as well as several cases filed in the district courts within the Second Circuit."  *Id.* at *18.  Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Pension and Annuity Funds' selection of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

The Pension and Annuity Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension and Annuity Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  April 19, 2011                           Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                    s/DAVID A. ROSENFELD
                                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 19, 2011.

s/ DAVID A. ROSENFELD  
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN  
    &amp; DOWD LLP  
58 South Service Road, Suite 200  
Melville, NY 11747  
Telephone: 631/367-7100  
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

619552_1

# Mailing Information for a Case 1:11-cv-00398-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Charles H. Dufresne , Jr**
  cdufresne@sglawyers.com

- **Paul Adam Engelmayer**
  paul.engelmayer@wilmerhale.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **David Sapir Lesser**
  david.lesser@wilmer.com,lesserda@yahoo.com

- **Robert Walter Trenchard**
  robert.trenchard@wilmer.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Ethan Gold
,
Irving Firemen's Relief and Retirement Fund
,
```