UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:11-cv-00398-GBD : : <u>CLASS ACTION</u> |
| Plaintiff, | : |
| vs. | : |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | : |
| Defendants. | : |
| ETHAN GOLD, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:11-cv-01162-NRB : <u>CLASS ACTION</u> |
| Plaintiff, | : |
| vs. | : |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | : |
| Defendants. | : |

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

622773_1

Class members IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund (the "Pension and Annuity Funds") respectfully submit this memorandum of law in opposition to the competing motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") filed by the Irving Firemen's Relief and Retirement Fund and Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund (the "Retirement Funds Group").[1]

## I.  INTRODUCTION

Before the Court are two motions for appointment as lead plaintiff pursuant to the PSLRA. Courts are to appoint as lead plaintiff the "person or group of persons" with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B). That movant here is the Pension and Annuity Funds.

Indeed, the Pension and Annuity Funds possess the largest financial interest, having purchased more than 11,516 Royal Bank of Scotland Group, plc ADRs during the Class Period and suffered almost $860,000 in losses as a result of defendants' alleged misconduct. *See* Dkt. No. 34-2, 34-3. By comparison, the only other movant, the Retirement Funds Group, suffered approximately a third of the Pension and Annuity Funds' losses, or $292,681. *See* Dkt. No. 31-6. In addition, the Pension and Annuity Funds satisfy the Federal Rule of Civil Procedure Rule 23 ("Rule 23") requirements at this stage. Thus, the Pension and Annuity Funds are entitled to the PSLRA's "most adequate plaintiff" presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). And while the presumption is

---

[1] Both movants agree that the two related cases, *Lighthouse Fin. Group v. The Royal Bank of Scotland Group plc* and *Gold v. The Royal Bank of Scotland Group plc*, should be consolidated. *See* Dkt. No. 30 at 2, 4-6 and Dkt. No. 33 at 1. As such, the parties' request for consolidation should be granted.

- 1 -

rebuttable by the other movants, none can offer the requisite "***proof***," as opposed to proffering speculation or relying on innuendo.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Because the only movant entitled to the PSLRA's "most adequate plaintiff" presumption is the Pension and Annuity Funds, the Retirement Funds Group's motion should be denied.

## II.     ARGUMENT

"Under the PSLRA, there is a rebuttable presumption that a 'person or group of persons' who is a named plaintiff or proper movant and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 is the most adequate plaintiff, provided that person or group of persons 'has the largest financial interest in the relief sought by the class.'"  *In re Orion Sec. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *9-*10 (S.D.N.Y. 2008) (quoting 15 U.S.C. §78u-4(a)(3)(B)).  "This presumption may be rebutted 'only upon proof by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"  *Id.* at *10 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

Only the Pension and Annuity Funds have demonstrated their satisfaction of ***all*** of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, its motion should be granted and the other motion should be denied.

### A.     No Other Class Member Who Either Filed a Complaint or Motion Can Trigger the "Most Adequate Plaintiff" Presumption

Four class members who either filed complaints or motions are eligible for consideration as lead plaintiff: the Pension and Annuity Funds, the Retirement Funds Group, Lighthouse Financial Group, and Ethan Gold.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa) (court shall consider person or group of persons that "either filed the complaint or made a motion"); *Orion*, 2008 U.S. Dist. LEXIS

55368, at *9.  Of the four class members, only one – the Pension and Annuity Funds – possesses the "largest financial interest in the relief sought by the class":

| Class Member | Estimated Loss |
|---|---|
| **Pension and Annuity Funds** | **$860,000** |
| Retirement Funds Group | $292,681 |
| Lighthouse Financial Group | $119,266[2] |
| Ethan Gold | $1,800 |

*See* Dkt. No. 33 at 4-5 and n.4.  Because the Pension and Annuity Funds have the largest financial interest, the Court "must [now] focus its attention on ***that*** plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Cavanaugh*, 306 F.3d at 730 (emphasis in original).  The Pension and Annuity Funds undoubtedly do.

**B.    The Pension and Annuity Funds Are the "Most Adequate Plaintiff" and Should Be Appointed as Lead Plaintiff**

Because the Pension and Annuity Funds suffered the greatest losses, the next question is whether they "satisf[y] the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Cavanaugh*, 306 F.3d at 730; *Orion*, 2008 U.S. Dist. LEXIS 55368, at *11 ("'the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met'") (citation omitted).  "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status,

---

[2]    Lighthouse Financial Group's certification originally available on PACER was apparently missing a page of sales.  When all pages of the certification actually filed with the Court are properly considered, its loss appears to be roughly $55,751, not $119,266.  Regardless, its losses are significantly less than the Pension and Annuity Funds' losses.

- 3 -

even if the district court is convinced that some other plaintiff would do a better job." *Cavanaugh*, 306 F.3d at 732.

As demonstrated in its opening memorandum, the Pension and Annuity Funds are both typical and adequate. *See* Dkt. No. 33 at 5-6. "[T]here are no apparent conflicts of interest" and the Pension and Annuity Funds' "claims are typical of the claims of the class as a whole, based on the ownership of [Royal Bank of Scotland ADRs] and the allegations contained in the" *Lighthouse* and *Gold* complaints. *Orion*, 2008 U.S. Dist. LEXIS 55368, at *14. In addition, the Pension and Annuity Funds have selected a competent and experienced securities litigation law firm, Robbins Geller Rudman & Dowd LLP, to represent the funds and the class. *Id.* at *17 (noting that lawyers with Robbins Geller have "been praised for the quality of its representation by several judges in various parts of the country").

Because the Pension and Annuity Funds have a large financial interest in the litigation and satisfy the Rule 23 requirements at this stage, "there is a rebuttable presumption that [they are] the most adequate lead plaintiff." *Orion*, 2008 U.S. Dist. LEXIS 55368, at *15. Importantly, the "most adequate plaintiff" presumption "'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff'" "'will not fairly and adequately protect the interests of the class'" or "'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *20 (S.D.N.Y. 2004) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).[3] Speculation and innuendo are insufficient. *Id.* at *22-*23.

---

[3]    As the Pension and Annuity Funds previously noted, in addition to possessing a significantly smaller financial interest, Lighthouse Financial Group does not satisfy the Rule 23 requirements because it cannot establish loss causation. *See* Dkt. No. 33 at 4-5 n.4; *see also In re Flag Telecom*

- 4 -

No class member has, or will, offer the requisite proof to rebut the presumption that the Pension and Annuity Funds should be appointed as lead plaintiff. Accordingly, its motion should be granted.

## III.     CONCLUSION

Only the Pension and Annuity Funds have satisfied all of the PSLRA's requirements and are entitled to the "most adequate plaintiff" presumption. Accordingly, the other motion should be denied. The Pension and Annuity Funds' motion should be granted.

DATED: May 6, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

---

*Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) ("Plaintiffs have not presented sufficient evidence to demonstrate that the in-and-out traders will even 'conceivably' be able to prove loss causation as a matter of law, and . . . they therefore should not have been included in the certified class."). Lighthouse Financial Group also inexplicably failed to comply with the PSLRA's early notice provisions. Dkt. No. 33 at 4 n.2.

                    ROBBINS GELLER RUDMAN
                        & DOWD LLP
                    DARREN J. ROBBINS
                    DANIELLE S. MYERS
                    655 West Broadway, Suite 1900
                    San Diego, CA  92101
                    Telephone:  619/231-1058
                    619/231-7423 (fax)

                    [Proposed] Lead Counsel for Plaintiffs

622773_1

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 6, 2011.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

622773_1

# Mailing Information for a Case 1:11-cv-00398-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Charles H. Dufresne , Jr**
  cdufresne@sglawyers.com

- **Paul Adam Engelmayer**
  paul.engelmayer@wilmerhale.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **David Sapir Lesser**
  david.lesser@wilmer.com,lesserda@yahoo.com

- **James Stuart Notis**
  jnotis@gardylaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David R. Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Robert Walter Trenchard**
  robert.trenchard@wilmer.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Ethan Gold
,
```