# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW JERSEY CARPENTERS HEALTH FUND,   :

                    Plaintiff,              :

      - against -              :

DLJ MORTGAGE CAPITAL, INC., et al.,    :

                Defendants.      :
------------------------------------------------------------------X

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: December 15, 2010 |

08 Civ. 5653 (PAC)

<u>ORDER</u>

       Lead Plaintiff the New Jersey Carpenters' Health Fund ("Plaintiff") and proposed intervenor the Public Employees' Retirement System of Mississippi ("Miss. PERS") (collectively, "Movants") request that the Court allow Miss. PERS to intervene as a named plaintiff in this action so that other securities may be added to the action. For the reasons that follow, the motion is DENIED.

## <u>BACKGROUND</u>

       The court assumes familiarity with the facts and allegations stated in full in its Order of March 29, 2010. <u>See</u> <u>New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc., et al.</u>, No. 08 Civ. 5633 (S.D.N.Y. Mar. 29, 2010). Nonetheless, a brief recitation of the case's procedural history is helpful.

       On June 3, 2008, Plaintiff filed a Verified Complaint alleging violations of Sections 11, 12, and 15 of the Securities Act of 1933 ("Initial Complaint") on behalf of all persons or entities who purchased or acquired Home Equity Mortgage Trust ("HEMT") Series 2006-5 certificates. On December 5, 2008, Plaintiff filed a Lead Plaintiff motion, describing the putative class as consisting solely of purchasers of HEMT 2006-5 certificates. The Lead Plaintiff motion was

granted on January 22, 2009.  On March 23, 2009, Plaintiff filed an Amended Securities Class

Action Complaint ("Amended Complaint") on behalf of all persons or entities who purchased or

acquired mortgage pass-through certificates issued by four trusts: HEMT Series 2006-4, HEMT

Series 2006-5, HEMT Series 2006-6, and HEMT Series 2007-2.   On March 29, 2010, the Court

granted Defendants' motion to dismiss because Plaintiff lacked standing for the three securities

offerings which Plaintiff had not purchased (HEMT 2006-4, HEMT 2006-6, and HEMT 2007-2).

The Court, however, denied Defendants' motion to dismiss regarding Plaintiff's claims relating

to the HEMT 2006-5 offering, because Plaintiff purchased those securities.

Miss. PERS is not a purchaser of HEMT 2006-5 certificates, which is the only security in

the case, at present. Miss. PERS, however, purchased securities from the HEMT 2006-4 and

HEMT 2006-6 (collectively, the "Two Trusts") offerings, and now seeks to intervene as an

additional named plaintiff in order to bring in the two securities claims which were previously

dismissed.  No mention is made of the fourth offering, HEMT 2007-2.  On May 20, 2010, Miss.

PERS submitted a letter to the Court requesting a pre-motion conference with respect the instant

Motion, which was filed on June 18, 2010.


## ANALYSIS

"A motion to intervene must be filed timely. A motion to intervene filed after the statute

of limitations had run for the movant would not be timely." Ceribelli v. Elghanayan, 91 Civ.

3337, 1994 WL 529853, *3 (S.D.N.Y. Sept. 28, 1994).  Section 13 of the 1933 Act provides that,

"[n]o action shall be maintained to enforce any liability created under [the relevant sections]

unless brought within one year after the discovery of the untrue statement or the omission, or

after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C.

§ 77m.

According to Movants, "the earliest possible date that Movants should be charged with this inquiry notice is when the Certificates issued by the Two Trusts were first downgraded to "junk" status on December 20, 2007." (Movant Repl. Mem. 8 n. 13.)  As a result, for the purposes of this discussion, the Court will assume that Miss. PERS was charged with inquiry notice as of this date.  Thus, under normal circumstances, the statute of limitations on Miss. PERS's claims expired on December 20, 2008.  Miss. PERS, however, claims that the statute of limitations was tolled under the doctrine of American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974), and that, under Fed. R. Civ. P. 15, the Amended Complaint related back to the date of the Initial Complaint.

In American Pipe, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  American Pipe & Const. Co., 414 U.S. at 553.  According to the Supreme Court:

> A contrary rule allowing participation only by those potential members of the class who had earlier filed motions to intervene in the suit would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure. Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable.

Id.  Under Fed. R. Civ. P. 15(c)(1)(B), an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense and arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in  the original pleading."  As a result, contend Movants, the allegations made in the Amended Complaint relating to the Two Trusts relate back to the date of the Initial Complaint and, thus, the statute of limitations was tolled as of June 3, 2008, the day the Initial Complaint was filed.

The purpose of the <u>American Pipe</u> rule is to protect nonparties who are members of a class for which a class action has been filed and, in the process, prevent a multitude of duplicative suits from bombarding the courts. <u>See</u> <u>Arniel v. Ramsey</u>, 550 F.2d 774, 783 (2d Cir. 1977) (superseded on other grounds).  The logic of the <u>American Pipe</u> case is best employed when a class collapses. In that situation, other potential members of a class should not be excluded from bringing their bona fide claims. But the <u>American Pipe</u> rule should not apply where the plaintiff that brought the dismissed claim was found by the court to lack standing. <u>See</u> <u>Korwek v. Hunt,</u> 827 F.2d 874, 879 (2d Cir. 1987); <u>In re Elscint, Ltd. Sec. Litig.</u>, 674 F. Supp. 374, 376 (D. Mass. 1987).  In short, where a Plaintiff lacks standing — there is no case.  <u>See</u> <u>In re Citigroup Auction Rate Sec. Litig.</u>, 700 F.Supp.2d 294, 308-09 (S.D.N.Y. 2009).  And if there is no case, there can be no tolling. <u>See</u> <u>Kruse v. Wells Fargo Home Mortgage, Inc.</u>, No. 02-cv-3089, 2006 WL 1212512, *5-6, 9 (E.D.N.Y. May 3, 2006).[1]

In addition, it is clear that this motion does not involve an amendment (which would be analyzed under Rule 15), but rather intervention (which is analyzed under Rule 24).  Rule 24 itself "does not authorize relation back. Yet, the explicit provisions for relation back of amendments under Rule 15(c) and of substitutions of real parties in interest under Rule 17(a), demonstrate that Congress knew how to create such a mechanism when it so chose." <u>Ceribelli v. Elghanayan</u>, No. 91 Civ. 3337, 1994 WL 529853, *2 (S.D.N.Y. Sept. 28, 1994).  Further, given that Miss. PERS is not currently a party to Plaintiff's action, it strains logic to suggest that Miss. PERS could avail itself of the benefits of the relation back doctrine.  In other words, a party may not take advantage of relation back it if it is not actually a party to the action in the first instance.

---

[1] If <u>American Pipe</u> applied in situations where the dismissed plaintiff was found by the court to lack standing, this would clearly "encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule." <u>Kruse</u>, 2006 WL 1212512 at *6.  This is an untenable result.

Lastly, "[r]elation back, at least on the facts of this case, would not accord with one of the rationales of <u>American Pipe</u>, that commencement of the class action adequately notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." <u>Arniel</u>, 550 F.2d at 782. The relation back rule cannot assist Miss. PERS because Miss. PERS was not a member of the class as described in the Initial Complaint — neither the Initial Complaint, nor even the Lead Plaintiff Motion, mentioned the Two Trusts in any way, shape, or form.

Applying Movants' suggested inquiry notice date of December 20, 2007, Miss. PERS had one year, until December 20, 2008, to intervene or join Plaintiff's class action, or file its own complaint. Accordingly, Miss. PERS's claims are time barred, and it may not now intervene.

## CONCLUSION

For the foregoing reasons, Movants' joint motion to intervene is DENIED. The Clerk of Court is directed to close the pending motion at docket number 104.

Dated: New York, New York
December 15, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

5