**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>Defendants. | 11 Civ. 398 (GBD) |
| ETHAN GOLD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>Defendants. | 11 Civ. 1162 (NRB) |

**IRVING FIREMEN'S RELIEF AND RETIREMENT FUND'S AND BRICKLAYERS AND MASONS' LOCAL UNION NO. 5, OHIO PENSION FUND'S NOTICE OF NON-OPPOSITION TO IBEW LOCAL UNION NO. 58 PENSION TRUST FUNDS AND ANNUITY FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that institutional investor class members and lead plaintiff movants Irving Firemen's Relief and Retirement Fund and Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund (collectively, the "Retirement Funds Group"), by and through its counsel, hereby states its non-opposition to the appointment of the IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund (collectively, the "Pension and Annuity Funds") as lead plaintiff in this action and to its selection of lead counsel. After reviewing the competing lead plaintiff movants' respective motions, the Pension and Annuity Funds appears to be the statutory presumptive lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4. Specifically, the Pension and Annuity Funds' claimed losses exceed those of the other movants. Should the Pension and Annuity Funds be unable or unwilling to serve as lead plaintiff, the Retirement Funds Group, the movant with the next largest losses, stands willing, ready, and able to serve as lead plaintiff and seeks appointment as such.[1] By this statement of

[1] The Retirement Funds Group's non-opposition is conditioned upon denial of Lighthouse Financial Group LLC's ("Lighthouse") "cross-motion" for appointment as lead plaintiff filed herein on May 9, 2011. *See* EFC No. 40. Apparently recognizing that the Exchange Act's lead plaintiff provisions apply, Lighthouse begrudgingly cross-moved for lead plaintiff after the lead plaintiff motion deadline expired. Lighthouse's motion should be denied for several reasons. First, pursuant to the Exchange Act's lead plaintiff provisions, the presumptive "most adequate plaintiff" is the class member plaintiff who "has the largest financial interest in the relief sought" and otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (J. Scheindlin); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Lighthouse's ***claimed*** losses of $119,266 are dwarfed by the Pension and Annuity Funds' and the Retirement Funds Group's respective losses of $850,000 and $292,681. *Cf.* ECF Nos. 40 at 20, 33 at 5 and 30 at 12. Moreover, Lighthouse's claimed losses appear to be based on the incomplete 27-page Certification presently appearing on the PACER docket, rather than the complete 28-page Certification Lighthouse filed with its Complaint on January 19, 2011 (a copy of which will be produced to the Court upon request), reducing its estimated losses to $56,000. *See* ECF Nos. 40 at 20, 1 and 26 at 5; *see also* ECF No. 37 at 4. Furthermore, Lighthouse cannot even begin to meet the Rule 23 adequacy and typicality requirements. Unlike many of the putative class members it seeks to represent, Lighthouse sold 100% of the shares it purchased during the Class Period on the very same three days it made all of its Class Period purchases, *i.e.,* October 1st, 7th, and 14th of 2008, subjecting Lighthouse to unique loss causation defenses that threaten to subsume the litigation. *See* ECF No. 26 at 6-7, fn. 7; *see also* ECF No. 33 at 5-6, fn. 4. Apparently relying upon the same incomplete 27-page Certification presently appearing on PACER that Lighthouse used to

non-opposition, the Retirement Funds Group members do not waive their rights to participate and recover as class members in this litigation.

DATED: May 16, 2011

SCOTT+SCOTT LLP

/s/ Mary K. Blasy
MARY K. BLASY
707 Broadway, 10th Floor
San Diego, CA 92101
Tel.: (619) 233-4565
Fax (619) 233-0508
Email: mblasy@scott-scott.com

---

estimate its losses, which is missing an entire page of its Class Period sales, Lighthouse dismisses this infirmity, referring the Court to its "position statement" posted at Dkt. No. 1. *See* ECF No. 28 at 9. However, as reflected at pages 33 and 52 of Lighthouse's Complaint filed January 19, 2011 (containing the full 28-page Certification), Lighthouse itself concedes it ***purchased and sold*** 1,491,996 shares during the Class Period, negating its claim that "as of October 14, 2008, the last day on the position statement, Lighthouse owned 73,557 (or 3,677.85 post split) shares of RBS ADRs." *Id.* Furthermore, as an entity in liquidation bankruptcy whose assets are being sold off to satisfy its creditors' claims, neither Lighthouse nor its solitary remaining employee, Robert J. Bradley, can make any credible promises that Lighthouse will continue to exist long enough to oversee a successful prosecution of this important action. *See* ECF No. 26 at 5-7 and 26-1 at 15-17. Finally, though Lighthouse's claim that the other movants "sat on their hands and waited until after the statute of limitations for their class claims expired" warrants no place in the Court's lead plaintiff analysis, the statement is also belied by Lighthouse in the same filing where it acknowledges that "[o]n February 8, 2011 … Irving Fire moved to intervene and seek to have itself appointed as lead counsel on behalf of the ADR Class" after the ADR purchasers' claims were dismissed for lack of standing in light of the Supreme Court's decision in *Morrison*. *See* ECF No. 40 at 6 and 14. And rather than "summarily den[ying] Irving Fire's request" to intervene, as Lighthouse argues, Judge Batts exercised her discretion to deny the motion upon finding that once this action had been filed, the ADR purchasers' "claims [could] be adjudicated in another action" where their interests could be "otherwise adequately protected." *See In Re Royal Bank Of Scotland Group PLC Sec. Litig.*, No. 09 Civ. 300 (DAB), Order, Feb. 16, 2011, ECF No. 172 at 4-5. By no means however did Judge Batts dispense with, without even mentioning, the Exchange Act's lead plaintiff provisions that "apply ***in each private action*** arising under this chapter that is brought as a plaintiff class action pursuant to the Federal rules of Civil Procedure." *See* ECF No. 26 at 2 (citing 15 U.S.C. §78u-4(a)(1) (emphasis added)). For these and the other reasons in the record, Lighthouse's cross-motion for appointment as lead plaintiff must be denied.

SCOTT+SCOTT LLP
DAVID R. SCOTT (DS-8053)
DONALD BROGGI
JOSEPH P. GUGLIELMO (JG-2447)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: drscott@scott-scott.com
dbroggi@scott-scott.com
jguglielmo@scott-scott.com

*Counsel For Proposed Lead Plaintiffs Irving Firemen's Relief and Retirement Fund and Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund*

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 16, 2011.

/s/Mary K. Blasy

MARY K. BLASY
SCOTT+SCOTT LLP
707 Broadway, 10th Floor
San Diego, CA 92101
Tel.: (619) 233-4565
Fax (619) 233-0508
Email: mblasy@scott-scott.com