UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>　　　　　　　　Defendants. | 11 Civ. 398 (GBD) |
| ETHAN GOLD, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>　　　　　　　　Defendants. | 11 Civ. 1162 (NRB) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF LIGHTHOUSE FINANCIAL
GROUP LLC'S CROSS-MOTION TO APPOINT LEAD PLAINTIFF AND LEAD
COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS
TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL**

**SADIS & GOLDBERG LLP**
Charles H. Dufresne, Jr.
551 Fifth Avenue, 21st Floor
New York, New York 10176
Tel: 212-573-6660
Fax: 212-573-6661

*Counsel for Plaintiff Lighthouse Financial Group LLC*

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
Kira German
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337
Fax: 201-567-7377

Lighthouse[1] respectfully submits this memorandum of law in further support of its cross-motion to appoint Lighthouse as lead plaintiff and its counsel as lead counsel; and in opposition to competing motion to consolidate and appoint lead plaintiff and lead counsel filed by the Investor Group as well as competing lead plaintiff and lead counsel motion filed by IBEW.

## ARGUMENT

### I. THE PSLRA DOES NOT MANDATE ADDITIONAL NOTICE AND A RENEWED LEAD PLAINTIFF PROCESS

#### A. The PSLRA Does Not Require a New Lead Plaintiff Process

Lighthouse's complaint reasserted claims that were part of the Consolidation Action, but were recently dismissed by Judge Batts based only on the prior lead plaintiffs' lack of standing. Thus, as provided by the PSLRA, Lighthouse need not file yet another class notice because, where "more than one action on behalf of a class asserting the same claim or claims arising under this subchapter is filed, *only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published*…." and notice specifically geared toward RBS ADR purchasers has already been published.[2] *See* 15 U.S.C. § 78u–4(a)(3)(A)(ii) (emphasis added).

IBEW argues that the PSLRA Notice was not sufficient to apprise potential plaintiffs of an opportunity to move for lead plaintiff because it provided that the first filed complaint "charge[d] RBS and certain of its officers and directors with violations of the Securities Act of

---

[1] Capitalized terms used herein have the meaning ascribed to them in Lighthouse's opening brief. Lighthouse also respectfully refers the Court to its necessitation of the salient facts in its opening papers.

[2] *See* Dkt. 12-5 in 09 Civ. 300 ("SAN DIEGO – June 12, 2009 Coughlin Stoia Geller Rudman & Robbins LLP … today announced that *a class action has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of the Royal Bank of Scotland Group plc … American Depository Shares ("ADSs")* pursuant and/or traceable to a false and misleading registration statement and prospectus … issued in connection with the Company's June 2007 initial public offering….If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today.") (emphasis added).

1933" and not violations of the Securities Exchange Act of 1934.  Under similar circumstances, district courts have found that a notice of claims under the Exchange Act was sufficient to apprise members of the class of a potential action under the Securities Act.  *See In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138, 2005 U.S. Dist LEXIS 41178, at **12-13 (N.D. Cal. Mar. 9, 2005) (finding that a new notice was not mandated by the PSLRA and noting that "any plaintiff with a [Securities Act] claim would also have a[n] [Exchange Act] claim, see *Herman & MacLean v. Huddleston*, 459 US 375, 103 S. Ct. 683, 74 L. Ed. 2d 548(1983), and would thus be targeted by this notice."); *In re Thornburg Mortg., Inc. Sec. Litig.*, 629 F. Supp. 2d 1233, 1240-41 (D. N.M. 2009) (notice of new defendants and new claims was not required where plaintiff's new Securities Act claims were sufficiently related to earlier Exchange Act claims and therefore the initial notice sufficed).  In finding that additional notice was not necessary; the *Thornburg* Court noted that,

> From the perspective of the average investor, however, it seems much more likely that the stated class period will be the more important factor.  The purpose of new notice, after all, is to alert prospective lead plaintiffs of the pendency of an action.  A typical investor is much more likely to believe that a notice does not apply to him or her when the notice specifies a discrete period of time, rather than when a notice outlines a particular legal theory.  "August 2006" means a lot more to most people than whether a lawsuit is brought under rule 10b-5 or under 14(a).

*Id.* at 1241.

Such was the case in this instance.  First, following the publication of the PSRLA Notice, three actions alleging both Exchange Act and Securities Act claims were filed in addition to seven actions alleging claims just under the Securities Act.  *See* Dkt. 57 at 7-8 in 09 Civ. 300.  All ten actions were consolidated into one action and, prior to dismissal of the State Funds on January 12, 2009, the Consolidated Action encompassed both Securities Act and Exchange Act claims.  *Id.* at 11.  Thus, the PSLRA Notice was sufficient to apprise plaintiffs of potential claims under both the Securities Act as well as Exchange Act against RBS and certain of its officers and

directors.  Second, following dismissal of the State Funds, the PSLRA Notice was sufficient to put on notice three separate RBS ADR purchasers, namely Lighthouse, Gold and Irving Fire, of claims arising under the Exchange Act against RBS and certain of its directors and/or officers.  Although Gold and Irving Fire did not timely seek to protect the interest of the ADR Class, all three sought to represent the ADR Class in response to the PSLRA Notice, *not* the notice published by Gold on February 18, 2011.

Courts have found that "[a]s long as the complaints are 'substantially the same,' *id.* § 78u–4(a)(3)(A)(ii), the PSLRA requires only one notice at the beginning of litigation, despite multiple actions being filed, which may contain differences as to the precise claims and class periods asserted.  Provision is also made for additional notice 'under [the] Federal rules,' but not for additional notices under the PSLRA." *Thornburg*, 629 F. Supp. 2d at 1239-40; *see also Cheney v. Cyberguard Corp.*, 211 F.R.D. 478, 498 (S.D. Fla. 2002) ("additional notice is not required where the original complaint is amended to include, in part, an extension of the class period"); *In re Rite-Aid Corp. Sec. Litig.*, No. 99 Civ. 1349, 1999 U.S. Dist. LEXIS 19753, at *4 (E.D. Pa. Dec. 20, 1999) (filing of complaint similar to previously-filed complaint, but encompassing an earlier class period, did not warrant republication or relitigation of lead plaintiff and counsel issues); s*ee also Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 69 (E.D.N.Y.2000) (new publication not required where new defendant is added to the complaint); *Lax*, 1997 WL 461036 at *4 (finding original notice adequate despite later addition of new defendant).  Indeed, according to the *Thornburg* Court, "probably the most determinative fact in a notice is the company at the heart of the complaint and the general outline of the alleged misconduct.  Here, Thornburg remains the company at the center of the litigation, and the claims

continue to involve the alleged non-disclosure and misrepresentation of key financial information involving Thornburg's exposure to the sub-prime mortgage market." *Id.* at 1241-42.

Likewise, numerous courts have found that there is simply no need to undertake a new lead plaintiff process where none is contemplated by the PSLRA. *See e.g., In re Portal Software*, 2005 U.S. Dist LEXIS 41178, at \*\*10-14; *see also Hevesi v. Citigroup Inc., et al.*, 366 F.3d 70, 82-83 (2d Cir. 2004); *In re Impax Laboratories, Inc. Sec. Litig.*, No. C 04-04802, 2008 WL 1766943, \*\*7-9 (N.D. Cal. April 17, 2008); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002); *In re Initial Public Offering Sec. Litig.*, 224 F.R.D. 550, 552-53 (S.D.N.Y. 2004); *In re Baan Co. Sec. Litig.*, No. 1:98CV2465, 2002 WL 32307825, at \*2 (D.D.C. July 19, 2002); *In re Imax Corp. Sec. Litig.*, 06 Civ. 6128, 2011 WL 1487090, at \*2 (S.D.N.Y. Apr. 15, 2011).[3]

The *Lighthouse* Action is not a new action in as much that Lighthouse has sought to revive previously dismissed claims on behalf of RBS ADR purchasers. Lighthouse has brought the essentially the same Exchange Act claims against the same defendants (but for Lawrence

---

[3] Contrary to IBEW's assertion, plaintiff's cases are not merely cases in which complaints were amended; but instead dealt with addition (or substitution) of lead plaintiff without commencing a new lead plaintiff process under the PSLRA. Although these courts employed different approaches, the end result is that district courts have discretion in the management of the litigation where the PSLRA is silent. *In re Initial Public Offering Sec. Litig.* is particularly instructive. In that case, lead plaintiffs moved the court to substitute lead plaintiffs, amend the complaint to join new plaintiffs and to correct certain minor errors. 214 F.R.D. at 119. Given that the litigation was two years old – and noting that the PSLRA was silent as to appointment of a substitute lead plaintiff in an ongoing litigation – Judge Scheindlin resolved not to commence the PSLRA lead plaintiff process anew. *Id.* at 120. Instead, Judge Scheindlin held that the court would appoint as lead plaintiff any plaintiff who (1) filed a complaint in the consolidated actions, (2) moved to be appointed lead plaintiff in response to the initial notice, or (3) moved to be appointed lead plaintiff within 60 days of withdrawal of the previous lead plaintiff. *Id.* The court further held that "where a new lead plaintiff is willing to step forward, there is no need to start the process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutory required published notices…." *Id.*

Fish who resigned as a director of RBS) and has pleaded substantially the same factual allegations as had the State Funds in the Consolidated Actions.  Moreover, Lighthouse's claims arise out of the same occurrences as claims brought by the State Funds and the Freeman Group, and Lighthouse has asserted the same class period.  Lighthouse's decision to file a case rather than to intervene in the Consolidated Action was necessitated by the imminent running of the statute of limitations.[4]  Despite this procedural wrinkle, Lighthouse has at all times sought to consolidate the Consolidated Action with the *Lighthouse* Action.  *See* Exhibit A to the Declaration of Charles H. Dufresne; Dkt. 16 in 11 Civ. 398.

IBEW's reliance on *Saratoga Advantage Trust v. ICG, Inc.*, C. A. No. 2:08-0011, 2009 WL 777865, at *3 (S.D. W. Va. Mar. 20, 2009) is misplaced.  That case dealt with an altogether issue of whether a shareholder was collaterally stopped from seeking to serve as lead plaintiff after another action was dismissed.  *Id.*  The court's holding that the notice apprising class members of Securities Act claims would not collaterally estop later action asserting Exchange Act claims has no application to this case.  Likewise both *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No 05 Civ. 1898, 2005 WL 1322721, at *2 (S.D.N.Y. Jun. 1, 2005) and *In re Cyberonics Sec. Litig.*, 468 F. Supp. 2d 936, 938 (S.D. Tex. 2006) are an exception rather than the rule and both courts recognized that courts generally disfavor republication of notice.

---

[4]   Had Lighthouse sought to intervene in the Consolidated Action, the claims of the ADR Class would have been lost.  *See* Exhibit C to Dkt. 42 in 11 Civ. 398.  Because Judge Batts did not provide the State Funds with an opportunity to substitute lead plaintiffs before dismissing the Exchange Act claims and the statute of limitations would run before a motion to intervene could be heard, Lighthouse filed a related action to toll the statute of limitations and protect the interests of the ADR Class.

### B. Lighthouse's Cross-Motion is Timely

Lighthouse's cross-motion is timely. As provided above and in Lighthouse's moving brief, the PSLRA did not require Lighthouse to provide notice to the class when it sought to revive the ADR Class claims and filed a related action to the Consolidate Action.[5] Moreover, the PSLRA does not mandate the Court to engage in a renewed lead plaintiff process. Plaintiff's opposition and cross-motion to Investor Group's motion to consolidate and appoint lead and to IBEW's motion to appoint lead complies with Southern District of New York local rules and the Federal Rules of Civil Procedure and is therefore timely.

## II. IBEW IS NOT AN ADEQUATE CLASS REPRESENTATIVE AND HAS NO STANDING TO BRING CLAIMS ON BEHALF OF THE ADR CLASS

### A. The Statute of Limitations for the ADR Class Has Expired

Any plaintiff who seeks to bring "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the [Exchange Act]" must do so within 2 years after the discovery of the facts constituting the violation. 28 U.S.C. §1658. Here, the Class Period is March 1, 2007 through January 19, 2009. Consequently, the statute of limitations on behalf of the ADR Class expired on January 19, 2011. As such, unless it can show that the statute of limitations was tolled, IBEW's claims on behalf of the ADR Class are untimely and it has no standing to represent the Class.

---

[5] Although Judge Batts has recently ruled on Lighthouse's motion to consolidate the *Lighthouse* Action and the *Gold* Action into the Consolidated Action, Lighthouse believes that it followed proper procedure when it brought the case as a related action and timely moved to consolidate.

### B. *American Pipe* and its Progeny Tolls IBEW's *Individual* Claims, Not IBEW's *Class* Claims

The Supreme Court first articulated the tolling doctrine for class actions in *American Pipe & Const. Co. v Utah*, in which it held that members of a putative class were not barred by the statute of limitations from moving to intervene to assert claims on their *own* behalf after the court denied class certification. 414 U.S. 538, 553 (1974). In *Crown, Cork & Seal v. Parker*, the Supreme Court clarified the ruling in *American Pipe* by emphasizing its limitations. 462 U.S. 345, 354 (1983). As in *American Pipe*, the moving members of the rejected class sought to assert claims on behalf of themselves only, not on behalf of a purported class. *Id.* The court held that members of the initial putative class could either move to intervene or commence their own individual actions following denial of class certification. *Id.* Thus, *American Pipe* and its progeny protect a proposed class member's ability to sue *individually* once the class collapses. Here, IBEW is not attempting to bring individual claims, but is instead seeking to represent a class of RBS ADR purchasers. As such, the piggybacking prohibition outlined in *Korwek v. Hunt,* 827 F.2d 874 (2d Cir. 1987) and *Griffin v. Singletary*, 17 F.3d 356, 359-60 (11th Cir. 1994) applies in this case and IBEW has no standing to represent the class.

### C. IBEW Has Not Adequately Represented the Class

While IBEW contends that its motion to appoint lead is timely, it has not explained its failure to act to toll the statute of limitations. IBEW has also not explained why it did not come forward before filing its motion to appoint lead on April 19, 2011 to protect the interests of the ADR Class. Indeed, given that Lighthouse filed an action before the running of the statute of limitations and both Irving Fire and Gold appeared in February 2011, IBEW's silence speaks volumes and demonstrates that it will not serve to vigorously protect

7

the interests of the ADR Class, as will likely be exploited by Defendants in connection with any effort to certify a class with IBEW as its representative.

### D.  Lighthouse is an Adequate Class Representative

Although the Investor Group has filed a notice of non-opposition to IBEW's appointment as lead, it nevertheless takes a swipe at Lighthouse's ability to represent the ADR Class.  Investor Group's contentions are without merit and should be disregarded by the Court.

First, while Lighthouse has filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §1101, *et seq.*, Lighthouse continues to exist as a legal entity.  Under Chapter 11 of the Bankruptcy Code, the debtor takes on the role of "debtor in possession," 11 U.S.C. § 1101(1), allowing it to retain possession and control of its business.  A debtor-in-possession operates its business and performs many functions that would fall to the trustee under other chapters of the Bankruptcy Code, including the right to sue and be sued.  See 11 U.S.C. § 1107(a); see also 11 U.S.C. § 323(b).  As affirmed by Robert J. Bradley, Lighthouse's Chief Operating Officer, Lighthouse is still a legal entity and Mr. Bradley is charged with making material decision for it.  *See* Exhibit 1 at ¶1 to Dkt. 28 in 11 Civ. 398. [6]  Moreover, as envisioned by the Bankruptcy Code, Lighthouse is and will continue as a legal entity through the bankruptcy proceedings.  *Id.* at ¶4.

Second, Investor Group's contentions concerning Lighthouse's trading activities are without merit.  Lighthouse, like other members of the ADRs Class, purchased RBS ADRs, suffered significant losses, and meets the adequacy and the typicality requirement of Fed. R. Civ.

---

[6]  Affidavit of Robert J. Bradley in Support of Lighthouse Financial Group LLC's Opposition to Irving Firemen's Relief and Retirement Fund's Motion to File a Further Response to Lighthouse's Financial Group LLC's Motion to Consolidate.

P. 23. Moreover, contrary to Investor Group's contention, Lighthouse's position statement attached to its initial complaint reflects that it did not sell all of its RBS ADR securities.

## **CONCLUSION**

For the reasons set forth above, Lighthouse respectfully requests that the Court appoint Lighthouse as lead plaintiff on behalf of the ADR Class and grant Lighthouse such other and further relief as the Court deems appropriate.

Dated: May 26, 2011                    Respectfully submitted,

**SADIS & GOLDBERG LLP**

By: *s/ Charles H. Dufresne, Jr.*
     Charles H. Dufresne, Jr. (CD-4864)
551 Fifth Avenue, 21st Floor
New York, New York 10176
Tel: 212-573-6660
Fax: 212-573-6661

**GARDY & NOTIS, LLP**

By: *s/ James S. Notis*
     James S. Notis (JN-4189)
Mark C. Gardy
Kira German
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337
Fax: 201-567-7377

*Counsel for Lighthouse Financial Group LLC*