UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     vs.<br><br>THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al.,<br><br>                Defendants. | Civil Action No. 1:11-cv-00398-GBD<br><br>CLASS ACTION |
| ETHAN GOLD, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     vs.<br><br>THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al.,<br><br>                Defendants. | Civil Action No. 1:11-cv-01162-NRB<br><br>CLASS ACTION |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
STRIKE CERTAIN EXTRANEOUS MATERIAL CITED IN DEFENDANTS'
MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT

693288_1

Lead Plaintiffs IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund and additional plaintiffs City of Taylor and Ute Mountain Ute Tribe (collectively, "plaintiffs") respectfully submit this memorandum of law in support of their motion to strike certain exhibits referenced in The Royal Bank of Scotland Group plc's Memorandum of Law in Support of its Motion to Dismiss the Consolidated Amended Complaint for Failure to State a Claim (the "RBS Mem.") (Dkt. No. 86) and The Individual Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Consolidated Amended Complaint for Failure to State a Claim (the "Ind. Defs' Mem.") (Dkt. No. 84).   Plaintiffs hereby move to strike Exhibits 7, 10, 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 59, 71-92, 94-147, 149, 152-182, and 190-191, attached to the Declaration of Shauna K. Friedman ("Friedman Decl.") (Dkt. No. 87).

## I.   INTRODUCTION

On November 1, 2011, plaintiffs filed the Consolidated Amended Complaint ("Complaint") (Dkt. No. 71) against defendant The Royal Bank of Scotland Group, plc ("RBS" or the "Company") and certain individual defendants (collectively, "defendants").   On January 13, 2012, defendants filed, *inter alia*, the RBS Mem., the Ind. Defs' Mem., and the Friedman Decl.  The Friedman Decl. is **2,188-pages and attaches 197 exhibits**.  The entire Friedman Decl. should be stricken because it is woefully incomprehensible.  There are no exhibit pages indicating where the nearly 200 exhibits begin and end, making it nearly impossible to reconcile the exhibits in the 2,000-plus page Friedman Decl.  The exhibit numbers stamped at the top of each page, moreover, do not match the exhibit numbers ascribed to each document in the Friedman Decl.  More substantively, Exhibits 7, 10, 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 59, 71-92, 94-147, 149, 152-182, and 190-191 – extraneous financial results related to other companies, analyst reports, market and scholarly

publications, and certain other documents – should be stricken because they are neither integral to nor referenced in the Complaint. *Roth .v Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## II. ARGUMENT

In deciding a motion to dismiss under Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint." *Roth*, 489 F.3d at 509; *see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988).

Under certain limited circumstances, a court may "permissibly consider documents other than the complaint" in deciding a motion to dismiss. *Roth*, 489 F.3d at 509. A court may, for example, consider "[d]ocuments that are attached to the complaint or incorporated in it by reference," and any document "'upon which [the complaint] *solely* relies and which is *integral to the complaint*.'" *Id.* (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis in original). Moreover, at the motion to dismiss stage, extraneous documents may not be considered for the truth of their contents or to dispute plaintiffs' claims. *See In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 Civ. 4483(RCC), 2005 WL 735937, at *13 (S.D.N.Y. Mar. 30, 2005) (rejecting defendants' request for judicial notice of Securities and Exchange Commission ("SEC") filings to prove the truth of their purported contents).

Moreover, courts have the inherent authority to strike matters outside the pleadings submitted by defendants in support of a motion to dismiss. Judge Hellerstein recently granted plaintiffs' motion to strike, brought pursuant to Fed. R. Civ. P. 7(b), S.D.N.Y. Local Civil Rule 7.1(a), and the court's inherent authority, extraneous material in a securities fraud action at the motion to dismiss stage, noting that "[t]his is not the time to decide the merits." *Jones v. Pfizer, Inc., et al.*, No. 10 Civ.

3864 (AKH), Order Granting Motion to Strike at 2 (S.D.N.Y. Apr. 5, 2011) (Dkt. No. 70); *see also*

*Nyame v. Bronx Leb. Hosp. Ctr.*, No. 08 Civ. 9656(DAB), 2010 WL 1379794, at *5 (S.D.N.Y. Mar.

31, 2010) (striking *sua sponte* extraneous exhibits attached to defendants' motion to dismiss, holding

that the documents "are neither integral to nor incorporated by reference in the Complaint and are

therefore patently inappropriate for the Court to consider in deciding this Rule 12(b)(6) Motion to

Dismiss") (citing *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir.

2006)); *Sierra v. United States*, No. 97 Civ. 9329(RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept.

10, 1998) (noting the court's "inherent authority to strike any filed paper which it determines to be

abusive or otherwise improper under the circumstances").

Accordingly, pursuant to Fed. R. Civ. P. 7(b), S.D.N.Y. Local Civil Rule 7.1(a), and the

Court's inherent authority, the offending exhibits should be stricken.

### A.  Exhibits 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52

The Complaint does not cite or refer to any portion of the reports attached as Exhibits 14, 19-

20, 27-28, 31-32, 35-36, 43-44, 46-47, and 50-52, which defendants cite in support of their factual

argument that RBS fully disclosed that defaults on subprime mortgages could adversely affect RBS.

RBS Mem. at 10 n.4.  As an initial matter, even without the extraneous materials, defendants' "truth-

on-the-market" argument "is intensely fact-specific and is rarely an appropriate basis for dismissing

a §10(b) complaint."  *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000).  Further,

because these materials were not cited in or relied upon by the Complaint, these exhibits are not

"integral" to the Complaint.  *Nyame*, 2010 WL 1379794, at *5.  Thus, they should be stricken on this

basis alone.  *Id.*

Further, these exhibits are irrelevant.  Defendants cite Exhibits 14, 19-20, 27-28, 31-32, 35-

36, 43-44, 46-47, and 50-52 to argue that defendants disclosed that losses on subprime assets "could

- 3 -

adversely affect RBS." RBS Mem. at 10. Even if true, the Complaint alleges that defendants misstated RBS's subprime and other credit market exposures and the valuation of those assets, not the cause and effect that losses on individual subprime mortgages might have on the Company.

Exhibits 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, and 50-52 are also inappropriate for judicial notice. Indeed, defendants have not even requested that the Court take such notice.[1] Defendants' failure to do so is enough to prevent this Court from taking judicial notice of these extraneous materials. *Atlas v. Accredited Home Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1161 n.7 (S.D. Cal. 2008) ("[D]ocuments, which are neither referenced in Plaintiffs' complaint nor the subject of a proper request for judicial notice, may not be considered on a motion to dismiss."). Even if this Court were to take judicial notice of these documents, however, to the extent defendants rely on these analyst reports as factual support that they fulfilled their disclosure obligations under the federal securities laws, this Court may not take judicial notice "'for the truth of the matters asserted.'" *See Roth*, 489 F.3d at 509 (quoting *Kramer*, 937 F.2d at 774).

## B. Exhibits 55-57, 71-92, 94-101, 108, 112-115, 119-122

Defendants cite Exhibits 55-57 and 71-78 (excerpts from certain "League Tables" and conference call transcripts predating the Class Period) and 79-92, 94-101, 108, 112-115, and 119-122 (analyst reports and press releases) to argue that the market was aware of RBS's mortgage-related exposures. RBS Mem. at 10 n.3, 13, 16, 18, 41, Appendix C. Here again, defendants' attempt to invoke a truth-on-the-market defense at the pleading stage is improper. *See Ganino*, 228 F.3d at 167. Moreover, these exhibits were neither cited in the Complaint or otherwise relied upon

---

[1]      Defendants state, in the abstract, that the Court "may" take judicial notice of certain materials. RBS Mem. at 5 n.1. Defendants, however, do not otherwise request judicial notice of any of the exhibits cited in the Friedman Decl.

- 4 -

by the Complaint.  Thus, they must be stricken.  *Roth*, 489 F.3d at 509.  Finally, these exhibits are irrelevant because while they might discuss RBS Greenwich's securitization volume or certain RBS writedowns as reported on by market analysts based on defendants' false statements, they fail to disclose RBS's actual exposure to subprime and other credit market assets, which the Complaint alleges defendants repeatedly misrepresented throughout the Class Period.

      **C.**    **Exhibits 104, 106, 109-111, 116, 124-126, 130-131, 135-137, 145-146, 149, 190-191**

Defendants cite Exhibits 104, 106, 109-111, 116, 124-126, 130-131, 135-137, 145-146, 149, and 190-191 (certain press releases, statements, and scholarly articles) to advance improper factual arguments, such as the term "subprime" is not a "consistently defined" term in the market (RBS Mem. at 6 n.2), that the collapse of Bear Stearns and Lehman Brothers led to RBS's April 2008 writedowns (*id.* at 19 n.12, 20), and that the ABX Indices "are not a useful benchmark for evaluating the price of individual securities" (*id.* at 60 n.48).  First, defendants' factual arguments aimed at contradicting the Complaint's allegations are inappropriate at this stage.  *See Ganino*, 228 F.3d at 167.  Second, these materials are neither referenced in the Complaint nor are they subject to judicial notice.  Therefore, they cannot be considered here.  *See United States SEC v. Power*, 525 F. Supp. 2d 415, 418 n.2 (S.D.N.Y. 2007) (refusing to consider news reports attached to attorney declaration because they were not attached to or referenced in plaintiffs' complaint).  Third, while courts have taken judicial notice of articles, they have done so for very limited purposes, not for the truth of the matter asserted, as defendants improperly ask the Court to do here.  *See In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 & n.14 (S.D.N.Y. 2003) (considering newspaper articles for the limited purpose of showing what certain articles stated, not for their truth); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 408-09 (S.D.N.Y. 2005) (considering newspaper articles not referenced in the complaint only for the fact of the article's publication and not for the

truth of the matter asserted).  While this standard is uniformly acknowledged, defendants entirely

disregard it and invite this Court to improperly draw inferences from Exhibits 104, 106, 109-111,

116, 130-131, 124-126, 135-137, 145-146, 149, and 190-191.  The Court should decline defendants'

invitation.

> **D.      Exhibits 152-182**

Defendants cite Exhibits 152-182 to argue improperly that writedowns taken by other

investment banks demonstrate that defendants did not violate the securities laws.  For the reasons

specified herein, such factual arguments have no place in a motion to dismiss, particularly when such

arguments are based on documents that are not cited in the Complaint or otherwise referenced

therein.  *See, e.g.*, *Ganino*, 228 F.3d at 167;  *Roth*, 489 F.3d at 509.[2]

> **E.      Exhibits 7, 10, 59, 102-103, 105, 107, 117-118, 123, 127-129, 132-134,
> 138-144, 147**

Exhibits 7, 10, 59, 102-103, 105, 107, 117-118, 123, 127-129, 132-134, 138-144, and 147,

while included in the Friedman Decl., are not cited in any of the briefing submitted by defendants in

support of their motions to dismiss.  Accordingly, these extraneous materials must be stricken.

---

[2]      While certain of the exhibits in this range are SEC filings related to other companies (*e.g.*, Exs. 152, 154-155, 157, 160-167, 169, 171-175, 177, 180-182), they still should not be considered. First, they are not properly considered because they are extraneous to the Complaint, and defendants have not requested judicial notice of such filings.  *See Atlas*, 556 F. Supp. 2d at 1161 n.7.  Even if they were properly judicially noticed, they cannot be considered, as defendants urge, for the truth of the matter asserted.  *See In re Bear Stearns Cos., Inc. Sec., Deriv. & ERISA Litig.*, 763 F. Supp. 2d 423, 582 (S.D.N.Y. 2011); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008) (taking judicial notice of regulatory filings and media reports for their contents, but not for the truth of the matter asserted).

## III.    CONCLUSION

For the reasons set forth herein, plaintiffs respectfully request that this Court strike Exhibits 7, 10, 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 59, 71-92, 94-147, 149, 152-182, and 190-191 to the Friedman Decl.

DATED:  March 13, 2012                            Respectfully Submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
JASON A. FORGE
DARRYL J. ALVARADO


                            s/DARRYL J. ALVARADO
                              DARRYL J. ALVARADO

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 13, 2012.

s/DARRYL J. ALVARADO

DARRYL J. ALVARADO

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:DAlvarado@rgrdlaw.com

693288_1

# Mailing Information for a Case 1:11-cv-00398-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com
- **Charles H. Dufresne , Jr**
  cdufresne@sglawyers.com
- **Paul Adam Engelmayer**
  paul.engelmayer@wilmerhale.com
- **Jason A. Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com
- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com
- **D. Seamus Kaskela**
  skaskela@ktmc.com
- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com
- **David Sapir Lesser**
  david.lesser@wilmer.com,lesserda@yahoo.com
- **James Stuart Notis**
  jnotis@gardylaw.com
- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Andrea J. Robinson**
  andrea.robinson@wilmerhale.com
- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **David R. Scott**
  drscott@scott-scott.com,efile@scott-scott.com
- **Robert Walter Trenchard**
  robert.trenchard@wilmer.com
- **Curtis Victor Trinko**
  ctrinko@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Ethan Gold
,

**David M. Promisloff**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087