UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and on Behalf of All Others Similarly Situated, | 11 Civ. 398 (GBD) |
| Plaintiff, | ECF Case |
| vs. | |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone: 212-230-8800
Fax: 212-230-8888

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................3

I. THE CHALLENGED EXHIBITS ARE ALL PROPERLY COGNIZABLE BY THE COURT ON DEFENDANTS' MOTION TO DISMISS......................................................3

    1. Public Documents Showing Contemporaneous Market Knowledge of Allegedly Misstated or Concealed Credit Market Risks and Exposures .................................4

    2. Documents Defining Finance Terminology...............................................6

    3. Documents Providing General Background to the Credit Crisis ............................7

    4. SEC Filings By Other Banks .......................................................8

II. PLAINTIFFS' MOTION IS ALSO PROCEDURALLY IMPROPER AND WASTEFUL OF JUDICIAL RESOURCES ........................................................9

CONCLUSION.................................................................................................................11

# **TABLE OF AUTHORITIES**

## **CASES**

*American Family Mutual Insurance Co. v. C.M.A. Mortgage, Inc.*,
  No. 06 Civ. 1044, 2007 WL 2473487 (S.D. Ill. Aug. 27, 2007) ..............................................9

*Amida Capital Management II, LLC v. Cerberus Capital Management, L.P.*,
  No. 08 Civ. 5516, 2009 WL 3787197 (S.D.N.Y. Nov. 10, 2009) ...........................................8

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ..................................................................................9

*Bloomberg L.P. v. Board of Governors of FRS*,
  649 F. Supp. 2d 262 (S.D.N.Y. 2009), *aff'd*, 60 F.3d 143 (2d Cir. 2010) ...............................8

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002)....................................................................................................3

*Custom Vehicles, Inc. v. Forest River, Inc.*,
  464 F.3d 725 (7th Cir. 2006) ..................................................................................................9

*Dodona I, LLC v. Goldman, Sachs & Co.*,
  No. 10 Civ. 7497, 2012 WL 935815 (S.D.N.Y. Mar. 21, 2012) .........................................7, 8

*First Nationwide Bank v. Gelt Funding Corp.*,
  27 F.3d 763 (2d Cir. 1994)......................................................................................................8

*Garber v. Legg Mason, Inc.*,
  347 F. App'x 665 (2d Cir. 2009).........................................................................................4, 5

*Ganino v. Citizens Utilities Co.*,
  228 F.3d 154 (2d Cir. 2000)....................................................................................................5

*Huelbig v. Aurora Loan Services, LLC*,
  No. 10 Civ. 6215, 2011 WL 4348281 (S.D.N.Y. May 18, 2011).........................................10

*In re American Express Co. Erisa Litigation*,
  762 F. Supp. 2d 614 (S.D.N.Y. 2010).....................................................................................8

*In re Avon Products, Inc. Securities Litigation*,
  No. 05-6803, 2009 WL 848017 (S.D.N.Y. Feb. 23, 2009).....................................................5

*In re Barclays Bank Plc Securities Litigation*,
  No. 09 Civ. 1989, 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011)..................................................8

*In re Bear Stearns Cos. Securities, Derivatives, & ERISA Litigation*,
    763 F. Supp. 2d 423 (S.D.N.Y. 2011)..................................................................................10

*In re Merrill Lynch & Co. Research Reports Securities Litigation*,
    289 F. Supp. 2d 416 (S.D.N.Y. 2003)....................................................................................8

*In re Merrill Lynch v. Auction Rate Securities Litigation*,
    704 F. Supp. 2d 378 (S.D.N.Y. 2010)....................................................................................6

*In re Yukos Oil Co. Securities Litigation*,
    No. 04 Civ. 5243, 2006 WL 3026024 (S.D.N.Y. Oct. 25, 2006) ...........................................6

*In re Zyprexa Products Liability Litigation*,
    549 F. Supp. 2d 496 (E.D.N.Y. 2008) ...................................................................................5

*Katz v. Mogus*,
    No. 07 Civ. 8314, 2009 WL 3189342 (S.D.N.Y. Oct. 6, 2009), *adopted by*,
    No. 07 Civ. 8314, 2009 WL 5173789 (S.D.N.Y. Dec. 30, 2009).............................................9

*King County, Washington v. IKB Deutsche Industriebank AG*,
    708 F. Supp. 2d 334 (S.D.N.Y. 2010)....................................................................................8

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)....................................................................................................8

*Lane v. Page*,
    272 F.R.D. 581 (D.N.M. 2011)...............................................................................................9

*Lehman Brothers Mortgage-Backed Securities Litigation*,
    650 F.3d 167 (2d Cir. 2011)....................................................................................................7

*National Union Fire Insurance Co. of Pittsburgh v. Hicks, Muse, Tate & Furst, Inc.*,
    No. 02 Civ. 1334, 2002 WL 1313293 (S.D.N.Y. June 14, 2002)..........................................10

*Nyame v. Bronx Lebanon Hospital Center*,
    No. 08 Civ. 9656, 2010 WL 1379794 (S.D.N.Y. Mar. 31, 2010) .........................................10

*Osage Tribe of Indians of Oklahoma v. U.S.*,
    96 Fed. Cl. 390 (Fed. Cl. 2010) ..............................................................................................7

*Pakter v. New York City Department of Education*,
    No. 08 Civ. 7673, 2010 WL 1141128 (S.D.N.Y. Mar. 22, 2010) .........................................10

*Piccolo v. New York City Campaign Finance Board*,
    No. 05 Civ. 7040, slip op. (S.D.N.Y. Sept. 11, 2007), *adopted by*,
    No. 05 Civ. 7040 2007 WL 2844939 (S.D.N.Y. Sept. 28, 2007).......................................7, 8

*Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*,
  753 F. Supp. 2d 166 (S.D.N.Y. 2010) ..................................................................................... 7

*Redwood v. Dobson*,
  476 F.3d 462 (7th Cir. 2007) ................................................................................................. 9

*Robb Evans & Associates LLC v. Sun America Life Insurance*,
  No. 10 Civ. 5999, 2012 WL 488257 (S.D.N.Y. Feb. 14, 2012) ............................................. 3

*SEC v. Siebel System, Inc.*,
  384 F. Supp. 2d 694 (S.D.N.Y. 2005) .................................................................................... 6

*Sierra v. United States*,
  No. 97 Civ. 9329, 1998 WL 599715 (S.D.N.Y. Sept. 10, 1998) ..................................... 9, 10

*White v. H&R Block*,
  No. 02 Civ. 8965, 2004 WL 1698628 (S.D.N.Y. July 28, 2004) ........................................... 6

## **RULES**

Fed. R. Civ. P. 7(a) ......................................................................................................................10

Fed. R. Civ. P. 7(b) ......................................................................................................................10

Fed. R. Civ. P. 12(f) ......................................................................................................................9

Fed. R. Evid. 201(b) ......................................................................................................................3

Local Rule 7.1(a) ........................................................................................................................10

Defendants The Royal Bank of Scotland Group plc ("RBS") and the Individual Defendants hereby submit this memorandum of law in opposition to Plaintiffs' Motion to Strike ("MTS") challenging certain exhibits presented to the Court in connection with Defendants' pending motions to dismiss the Consolidated Amended Complaint (the "CAC").

## INTRODUCTION

Defendants' motion to dismiss briefing, filed on January 13, 2012, demonstrates that the CAC is subject to dismissal on numerous grounds, including failure to allege any material misstatement or omission concerning RBS's risk exposures, valuation of complex illiquid securities, acquisition of ABN AMRO, or capitalization; failure to satisfy applicable statutes of limitations and repose; lack of loss causation; and failure to plead scienter. Among many other bases to dismiss, including the allegations and documents within the four corners of the CAC, Defendants show that the contemporaneous public record of which the Court may take notice on a motion to dismiss—including public statements and regulatory filings by RBS, analyst and press commentary, and other such things—makes clear that Defendants did not misstate or conceal any material information, and that the market was contemporaneously aware of the very information that Plaintiffs allege to have been omitted. The contemporaneous public record equally demonstrates that Plaintiffs were on notice of their claims long before the expiration of the applicable limitations period, but failed to assert them. And, the public record also amply shows that the most plausible explanation for RBS's troubles was the credit crisis—the most severe since the Great Depression—not any supposedly misstated or concealed information.

Unable to respond credibly to the *merits* of Defendants' motions to dismiss the CAC, Plaintiffs have resorted to filing a substantively baseless and procedurally improper motion to "strike" certain exhibits submitted in connection with Defendants' motions. Plaintiffs' motion should be denied. There are two main reasons:

*First*, all of the challenged exhibits are publicly available documents of the type that courts routinely consider in connection with motions to dismiss securities cases such as this one. They are plainly relevant to the Court's determination of the viability of the CAC and appropriate for judicial notice. Plaintiffs dispute the Court's ability to consider such things as RBS's and its subsidiary's public SEC filings and Federal Reserve reporting, analyst reports about RBS, newspaper articles about RBS, and public RBS press releases and other public statements. But in a case about alleged misstatements and omissions to the investing public, such contemporaneous public materials are plainly relevant to a determination of whether investors were actually misled about any material fact, as well as to when Plaintiffs were on notice of any potential claims for statute of limitations purposes—both key issues the motion to dismiss raises. Such documents also have all of the necessary indicia of reliability making them appropriate for judicial notice, and Plaintiffs do not seriously contend otherwise; indeed, *Plaintiffs are challenging this Court's consideration of various documents of the same types they themselves attach to their own briefing in opposition to the motion to dismiss*. As Plaintiffs must recognize in attempting to hide it from the Court, the contemporaneous public record amply supports dismissal of the CAC.

*Second*, Plaintiffs' motion is procedurally infirm as a mechanism to challenge the Court's consideration of matter in connection with a motion to dismiss. Indeed, numerous courts have derisively characterized such motions to "strike" as nothing more than a diversionary waste of judicial time because, if a court believes that materials presented on a motion to dismiss are not properly before it, it is free simply to ignore those materials. Furthermore, the Federal Rules of Civil Procedure do not contemplate such motions. Rule 12(f) permits the striking of material

from "pleadings," but a declaration attached to a motion to dismiss is not a "pleading," as numerous courts have held in rejecting similar motions as Plaintiffs have filed here.

Plaintiffs' motion to "strike" should be denied, and Defendants' pending motion to dismiss should be resolved on the merits in due course, after the completion of briefing, and in view of the judicially noticeable public information that courts customarily consider in deciding motions at the pleading stage.

## ARGUMENT

**I. THE CHALLENGED EXHIBITS ARE ALL PROPERLY COGNIZABLE BY THE COURT ON DEFENDANTS' MOTION TO DISMISS**

Plaintiffs fail to show why the Court should disregard—much less "strike"—any of the exhibits submitted with the Friedman Declaration in support of Defendants' motions to dismiss the CAC. On the contrary, all of the attached documents are of the type courts routinely consider on motions to dismiss securities cases and all are properly before the Court here.

In considering dismissal motions, courts are not limited to the four corners of the complaint. They may consider: (a) any documents attached to the complaint or incorporated by reference therein; (b) documents integral to the complaint or relied upon in drafting the complaint; and (c) matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Robb Evans & Assocs. LLC v. Sun Am. Life Ins.*, No. 10 Civ. 5999, 2012 WL 488257, at *2 (S.D.N.Y. Feb. 14, 2012) (Daniels, J.). Judicially noticeable facts are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

Plaintiffs' main grounds to "strike" are generic and frivolous. They complain that Defendants did not request judicial notice of any of the exhibits. (MTS at 4 & n.1, 6 & n.2.) In

fact, Defendants did so request.  (*See* RBS's Mem. of Law in Supp. of its Mot. to Dismiss ("RBS Mem.") at 5 n.1.)  But, in any event, "[t]he fact that [D]efendants did not formally file a request for judicial notice is not relevant, as Federal Rule of Evidence 201(c) provides that '[a] court may take judicial notice, whether requested or not.'"  *Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009).  Plaintiffs also argue that all of the exhibits should be stricken because the CAC did not expressly rely upon or cite them (*see* MTS at 3, 4-5, 5, 6), but as explained above, that is not the governing legal standard; at the motion to dismiss stage, courts may consider not only matters expressly referenced in the complaint but also documents that are "integral to" the complaint and matters of which judicial notice can be taken.[1]

All of the challenged documents, which for convenience may be grouped into four categories, readily meet this standard:

1. *Public Documents Showing Contemporaneous Market Knowledge of Allegedly Misstated or Concealed Credit Market Risks and Exposures*.  Plaintiffs first challenge the Court's ability to consider various contemporaneous publicly available documents—including regulatory reporting about RBS and its Citizens Bank subsidiary, analyst reports about RBS, RBS analyst calls, and press reports about RBS—that show that RBS disclosed, and the market knew about, the very credit market risks and exposures that Plaintiffs allege to have been

---

[1]   Plaintiffs also remarkably contend that the Court should strike the entire Friedman Declaration because the ECF-filed version lacks exhibit tabs and the exhibit numbers stamped at the top of each page do not match those referenced in the Friedman Declaration.  (*See* MTS at 1.)  Each of the exhibits was uploaded separately and assigned a unique exhibit number on the electronic filing system.  To the extent the exhibit numbers the Friedman Declaration cites do not accord with the numbers at the top of each exhibit, this is because the Court's rules prohibit documents greater than four megabytes to be uploaded onto the ECF system and require such documents to be filed as two or more parts.  See S.D.N.Y. ECF Rules & Instructions 23.3, 23.4.  Accordingly, some of the larger exhibits attached to the Friedman Declaration had to be filed as multiple documents.  Thus, for example, Exhibit 27 is broken into two parts (ECF numbers 27 and 28).  In any event, Plaintiffs have already opposed Defendants' motion to dismiss, and never raised this or any other logistical issue with Defendants prior to filing their opposition or the instant motion.  Defendants are happy to provide a hard copy version of the Friedman Declaration to Plaintiffs with tabs or in whatever format Plaintiffs desire.

misstated or concealed.[2]  Contrary to Plaintiffs' assertion that such documents are "irrelevant" (MTS at 3, 5), these documents support Defendants' argument that investors cannot have been materially misled as the CAC alleges.  They are also relevant to Defendants' argument that Plaintiffs were on notice of potential claims for statute of limitations purposes.  Nor is there any serious dispute that these types of documents are appropriate for judicial notice:  Courts routinely consider such materials showing "what the market knew" at the motion to dismiss stage.  *In re Avon Prods., Inc. Sec. Litig.*, No. 05-6803, 2009 WL 848017, at *24 n.10 (S.D.N.Y. Feb. 23, 2009) (taking judicial notice of analyst reports); *Garber*, 347 F. App'x at 669 (SEC filings and news articles); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008) (press releases, news articles, and analyst reports).  Indeed, *Plaintiffs attach the same types of documents to their own briefs opposing the motion to dismiss that they argue should be stricken from Defendants' papers.*[3]

Plaintiffs also argue—relying on the Second Circuit's decision in *Ganino v. Citizens Utilities Co.*, 228 F.3d 154 (2d Cir. 2000)—that these exhibits should be "stricken" because they relate in part to so-called "truth-on-the-market" arguments.  (*See* MTS at 3, 4, 5, 6.)  But *Ganino*'s observation that truth-on-the-market arguments "rarely" prevail at the pleading stage does not support a motion to strike these exhibits.  Numerous courts in this Circuit have

---

[2]   MTS at 3-4, 4-5 (challenging Exs. 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 71-92, 94-101, 108, 112-115, 119-122).

[3]   *See* Declaration of Theodore J. Pintar [Dkt. No. 97] Exs. 1-2 (regulatory publications of FSA), Ex. 3 (RBS regulatory filing), Ex. 4 (Bloomberg press article), Exs. 5-6 (HSBC and JPMorgan analyst reports; Declaration of Darryl J. Alvarado [Dkt. No. 99] Exs. 1 & 3 (regulatory publications of FSA), Ex. 2 (The Telegraph press article).

dismissed securities laws claims on this basis.[4]  And, as this Court has previously observed, in a case alleging non-disclosure—as here—it is appropriate to review the totality of the relevant public statements, and not just a plaintiff's selection.  *See SEC v. Siebel Sys., Inc.*, 384 F. Supp. 2d 694, 700-01 (S.D.N.Y. 2005) (Daniels, J.) (taking judicial notice of public statements made during conferences and explaining, "Since the [plaintiff] relied on the non-disclosure in the public statements, as an integral component in the framing of its complaint, the full content of the statements, as opposed to the limited portions the [plaintiff] selectively decided to include in the complaint, is properly considered by the Court"); *see also id.* at 700 ("Review of the entire public statement at issue is particularly appropriate where the issue is the absence of material nonpublic information within that statement.").  Here, the grounds for dismissal of the CAC are uncommonly strong based on "truth on the market" revealed by the totality of the public record, as amply demonstrated in the pending motions to dismiss.  And perhaps more importantly for purposes of the instant motion, in order to determine whether dismissal is appropriate on truth-on-the-market or statute-of-limitations grounds, the Court at a minimum must *consider* the contemporaneous public record—as courts do routinely—notwithstanding Plaintiffs' desire to "strike" that record from view.  *Ganino* does not counsel otherwise.

    2. *Documents Defining Finance Terminology.*  Plaintiffs also ask the Court to "strike" publicly available materials that define finance terminology and concepts such as "subprime,"

---

[4]    *See, e.g., In re Merrill Lynch v. Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 395-96 (S.D.N.Y. 2010) (dismissing claim where allegedly concealed information was shown to have been "revealed to the public with the degree of credibility and intensity necessary to counterbalance any misinterpretations resulting from the alleged manipulation"); *White v. H&R Block,* No. 02 Civ. 8965, 2004 WL 1698628, at *12 (S.D.N.Y. July 28, 2004) ("[T]he facts here show that all the information plaintiffs claim was concealed by defendants was publicly available"); *In re Yukos Oil Co. Sec. Litig.*, No. 04 Civ. 5243, 2006 WL 3026024, at *22 (S.D.N.Y. Oct. 25, 2006) ("[N]o reasonable investor could have been misled by [defendant's] alleged failure to disclose information" where it had been published in two major international newspapers).

"operational synergies," "ABX" index, and "monoline insurer."[5]  But courts routinely take judicial notice of basic definitions of financial and economic terms.  *See, e.g., Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167, 173 n.2 (2d Cir. 2011) (definitions of "subprime mortgages" and "interest-only loan"); *Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*, 753 F. Supp. 2d 166, 172 n.2 (S.D.N.Y. 2010) (foreign currencies); *Dodona I, LLC v. Goldman, Sachs & Co.*, No. 10 Civ. 7497, 2012 WL 935815, at *2 (S.D.N.Y. Mar. 21, 2012) (financial terms such as "RMBS," "CDO," and "subprime"); *Osage Tribe of Indians of Okla. v. U.S.*, 96 Fed. Cl. 390, 419 n.47 (Fed. Cl. 2010) (statistical terminology).  There can be no serious dispute that the Court can consider these materials, and Plaintiffs cite no authority for their position.  And again, Plaintiffs attach the same type of matter to their opposition briefing.  *See* Pintar Decl. Ex. 7 (scholarly publication describing "Equity Asset Valuation").

      3. *Documents Providing General Background to the Credit Crisis.*  Plaintiffs also challenge various exhibits that explain the background causes and events of the credit crisis.[6]  These materials support Defendants' argument that the prevailing industry-wide credit crisis—not any alleged misstatements or omissions by Defendants as the CAC alleges—is the far more plausible cause of any loss suffered by RBS investors.  This is plainly relevant, and Courts regularly take notice of wide-spread economic phenomena based on these types of documents for this purpose.  And again, there can be no serious dispute that the Court can take notice of these materials.  *See, e.g., Piccolo v. New York City Campaign Fin. Bd.*, No. 05 Civ. 7040, slip op., at *4 n.2 (S.D.N.Y. Sept. 11, 2007) ("Because the plaintiff's complaint itself does not detail the chronology of events leading to this action and certain significant events taking place after the filing of this motion, our account of pertinent facts relies in part upon . . . matters in the public

---

[5]    *See* MTS at 5-6 (challenging Exs. 104, 116, 130-131, 135).
[6]    *See* MTS at 5-6, 6 (challenging Exs. 109-111, 124-126, 136-137, 145-146, 149, 190-191).

record and facts of which we take judicial notice, such as election dates and results."), *adopted by,* No. 05 Civ. 7040, 2007 WL 2844939, at *1 (S.D.N.Y. Sept. 28, 2007) (Daniels, J.). Numerous courts have applied this black-letter law to take judicial notice of facts concerning the credit crisis—such as those provided in the challenged exhibits—just as courts have taken judicial notice of previous economic events. *See King Cnty., Wash. v. IKB Deutsche Industriebank AG,* 708 F. Supp. 2d 334, 341 (S.D.N.Y. 2010) (noting that "[a] number of courts have taken judicial notice of the credit crisis") (citing cases).[7]  No different result is warranted here.

    4. *SEC Filings By Other Banks*.  Finally, Plaintiffs ask the Court to "strike" SEC filings and other documents showing the timing and extent of other investment banks' credit market exposure write-downs.  (*See* MTS at 6 (challenging Exs. 152-182).)  These documents are in fact integral to the CAC, which alleges that RBS should have written down its positions more quickly in comparison to such other institutions.  (*See, e.g.,* CAC ¶¶ 289-293.)  Such documents, reflecting the incontrovertible conduct of other industry participants, are also plainly proper for judicial notice.  *See In re American Exp. Co. Erisa Litig.*, 762 F. Supp. 2d 614, 628 (S.D.N.Y. 2010) (taking judicial notice of other banks' conduct at motion to dismiss stage).

---

[7]     *See also, e.g.*, *Bloomberg L.P. v. Board of Governors of FRS*, 649 F. Supp. 2d 262, 266 (S.D.N.Y. 2009) ("In 2007, the U.S. economy encountered a serious financial crisis."), *aff'd*, 60 F.3d 143 (2d Cir. 2010); *In re Barclays Bank Plc Sec. Litig.*, No. 09 Civ. 1989, 2011 WL 31548, at *1 (S.D.N.Y. Jan. 5, 2011) (noting real estate prices that "went upside down starting in 2006-7" and "caus[ed] distress in the securities issued by banks and other financial institutions to finance real estate investment"); *Amida Capital Mgmt. II, LLC v. Cerberus Capital Mgmt., L.P.*, No. 08 Civ. 5516, 2009 WL 3787197, at *2 (S.D.N.Y. Nov. 10, 2009) ("July 2007 marked the beginning of what was then called the 'credit crunch,' the first phase of the financial crisis that culminated in the fall of 2008."); *Dodona*, 2012 WL 935815, at *1 (noting "subprime mortgage crisis of the late 2000s, the causes and effects of which are now a regular feature of litigation in this Court and others"); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 770 (2d Cir. 1994) (taking judicial notice of the real estate downturn); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (taking judicial notice of the junk bond market collapse); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 421 n.6 (S.D.N.Y. 2003) (taking judicial notice of "the internet bubble and its subsequent crash").

## II. PLAINTIFFS' MOTION IS ALSO PROCEDURALLY IMPROPER AND WASTEFUL OF JUDICIAL RESOURCES

Plaintiffs' motion, devoid of any substantive merit, may also be summarily denied as procedurally improper make-work. "[T]he filing of a motion to strike . . . is not a proper way to challenge a motion to dismiss." *Sierra v. United States,* No. 97 Civ. 9329, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998). The rationale for this is simple: If the Court believes that materials presented on a motion to dismiss are not properly before it, it is free just to ignore those materials, and a motion to strike thus serves no purpose other than to waste judicial resources. *See Katz v. Mogus*, No. 07 Civ. 8314, 2009 WL 3189342, at *5 (S.D.N.Y. Oct. 6, 2009) (denying motion to strike memorandum of law; noting that "[e]ven if the [c]ourt were to construe [the] motion as invitation to consider the propriety of relying on the . . . submission, the proper remedy . . . would be to disregard the materials for purposes of the motion, rather than to strike them.") (internal quotation marks and citation omitted), *adopted by,* No. 07 Civ. 8314, 2009 WL 5173789, at *1 (S.D.N.Y. Dec. 30, 2009).[8]

Nor do the Federal Rules of Civil Procedure contemplate motions to "strike" under these circumstances. Rule 12(f), which expressly governs motions to strike, authorizes such motions only to "strike from any *pleading* any insufficient defense or redundant, immaterial, impertinent or scandalous matter." (Emphasis added.) "Exhibits attached to a dispositive motion"—like those at issue here—"are not 'pleadings,'" and thus they are not susceptible to a motion to strike.

---

[8] *See also, e.g.*, *Redwood v. Dobson,* 476 F.3d 462, 471 (7th Cir. 2007) ("Motions to strike disserve the interest of judicial economy."); *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (noting that motions to strike may create "busywork" for judges and litigants and denying motion to strike portion of appellee's brief); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (noting that motions to strike are "generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits"); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) ("Motions to dismiss help resolve cases; motions to strike, in most cases, waste everyone's time."); *American Family Mut. Ins. Co. v. C.M.A. Mortg., Inc.,* No. 06 Civ. 1044, 2007 WL 2473487, at *2 (S.D. Ill. Aug. 27, 2007) (describing motion to strike exhibits attached to motion to dismiss as a "procedural distraction at best" and denying motion to strike as moot).

*In re Bear Stearns Cos. Sec., Deriv., & ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 7(a) definition of "pleadings" as complaints, answers and replies to counterclaims); *see also Pakter v. New York City Dep't of Educ.*, No. 08 Civ. 7673, 2010 WL 1141128, at *4 (S.D.N.Y. Mar. 22, 2010) (denying motion to strike memorandum of law in support of motion to dismiss because it is not a "pleading"); *Sierra*, 1998 WL 599715, at *9 (denying motion to strike motions to dismiss because "Rule 12(f) does not authorize this court to strike documents other than pleadings"); *Huelbig v. Aurora Loan Servs., LLC*, No. 10 Civ. 6215, 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) (holding that "motions, declarations and affidavits are not pleadings" and therefore denying motion to strike "because it does not comport with the restrictions of Rule 12(f)"); *National Union Fire Ins. Co. of Pittsburgh v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 Civ. 1334, 2002 WL 1313293, at *7 (S.D.N.Y. June 14, 2002) (denying motion to strike declarations on ground that "[d]eclarations and affidavits are not pleadings").[9]

---

[9] In an attempt to evade Rule 12(f), Plaintiffs purport to bring their motion to "strike" pursuant to "Federal Rule 7(b), Local Rule 7.1(a), and the [C]ourt's inherent authority." (MTS at 2.) But the rules that Plaintiffs cite merely address the form requirements of motions generally; they say nothing about motions to strike in particular. (*See* Fed. R. Civ. P. 7(b) (requiring that a request for a court order be made by a motion, in writing, state the grounds with particularity, and state the relief sought); Local Rule 7.1(a) (requiring memoranda of law for all motions and oppositions)). To the extent that some courts may have deemed it appropriate to "strike" matter supporting a motion to dismiss—such as Judge Hellerstein appears to have done in *Jones v. Pfizer*, No. 10 Civ. 3864, slip op., at *2 (S.D.N.Y. Apr. 5, 2011) (*see* MTS at 2-3)—Defendants respectfully disagree. But in any event, Judge Hellerstein's statement in *Pfizer* that he would "exercise [his] discretion to confine [his] review only to the pleadings and the briefs in support of and in opposition to the motion" does not support a decision to "strike" matter here that is relevant and judicially noticeable. Similarly, Judge Batts's decision in an employment discrimination case, *Nyame v. Bronx Lebanon Hosp. Center*, No. 08 Civ. 9656, 2010 WL 1379794, at *5 (S.D.N.Y. Mar. 31, 2010) (*see* MTS at 3), where she elected to disregard documents purporting to show non-discriminatory motive, has no relevance here. Remarkably, Plaintiffs also cite *Sierra*, 1998 WL 599715, at *9 for support (*see* MTS at 3), but there Judge Sweet *denied* plaintiffs' motion to strike a motion to dismiss expressly on the ground that Rule 12(f) permits a court to strike material from *pleadings* only. And moreover, Judge Sweet explained that although a court has "has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper," "motions to strike are not favored and will be denied unless the allegations have no possible relation to the controversy." As shown in Part I above, none of the documents Plaintiffs challenge here should be stricken under this test.

Plaintiffs here have already filed a brief opposing Defendants' motions to dismiss, and they were able to make any arguments they wished in their opposition brief—including any arguments they have about the propriety of the Court's considering documents attached to Defendants' motion. Plaintiffs' motion to "strike" is procedurally improper and superfluous, and may be denied on this ground as well as for the substantive reasons addressed in Part I above.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion to strike be denied.

Dated: March 30, 2012

        Respectfully submitted,

        /s/David S. Lesser
        David S. Lesser
        WILMER CUTLER PICKERING
          HALE AND DORR LLP
        399 Park Avenue
        New York, New York 10022
        Telephone: 212-230-8800
        Fax: 212-230-8888

        Andrea J. Robinson
        WILMER CUTLER PICKERING
        HALE AND DORR LLP
        60 State Street
        Boston, Massachusetts 02109
        Telephone: 617-526-6000
        Fax: 617-526-5000

        *Counsel for The Royal Bank of Scotland*
        *Group plc and the Individual Defendants*