UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

LIGHTHOUSE FINANCIAL GROUP,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

      vs.

THE ROYAL BANK OF SCOTLAND
GROUP, PLC, et al.,

                 Defendants.

————————————————————————

ETHAN GOLD, Individually and on Behalf of
All Others Similarly Situated,

                    Plaintiff,

      vs.

THE ROYAL BANK OF SCOTLAND
GROUP, PLC, et al.,

                 Defendants.

———————————————————————— x

: Civil Action No. 1:11-cv-00398-GBD

: CLASS ACTION

: Civil Action No. 1:11-cv-01162-NRB

: CLASS ACTION

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE
CERTAIN EXTRANEOUS MATERIAL CITED IN DEFENDANTS' MOTIONS TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT

699834_1

**TABLE OF CONTENTS**

**Page**

I.    PLAINTIFFS' MOTION IS PROCEDURALLY PROPER ................................................1

II.   THE OFFENDING EXHIBITS SHOULD BE STRICKEN ............................................4

      A.   Exhibits 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 71-92, 94-101, 108, 112-115, 119-122 ................................................................4

      B.   Exhibits 104, 106, 109-111, 116, 124-126, 130-131, 135-137, 145-146, 149, 190-191 .........................................................................................................7

      C.   Exhibits 152-182 ..........................................................................................9

      D.   Exhibits 7, 10, 59, 102-103, 105, 107, 117-118, 123, 127-129, 132-134, 138-144, 147 ....................................................................................................10

III.  CONCLUSION .........................................................................................................10

# TABLE OF AUTHORITIES

Page

## CASES

*Am. Family Mut. Ins. Co. v. C.M.A. Mortg., Inc.*,
No. 1:06-CV-1044-SEB-JPG, 2007 WL 2473487
(S.D. Ind. Aug. 27, 2007)................................................................................3

*Barnes v. AT&T Pension Benefit Plan*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) .........................................................3

*Chambers v. NASCO*,
501 U.S. 32 (1991)...........................................................................................2

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)...........................................................................10

*Custom Vehicles, Inc. v. Forest River, Inc.*,
464 F.3d 725 (7th Cir. 2006) ...........................................................................3

*Dodona I, LLC v. Goldman Sachs & Co.*,
No. 10 CIV. 7497 VM, 2012 WL 935815
(S.D.N.Y. Mar. 21, 2012) ................................................................................8

*Ganino v. Citizens Utils. Co.*,
228 F.3d 154 (2d Cir. 2000)....................................................................6, 7, 10

*Global Network Commc'ns, Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006)............................................................................3

*Huelbig v. Aurora Loan Servs., LLC*,
No. 10 CIV. 6215 RJH THK, 2011 WL 4348281
(S.D.N.Y. May 18, 2011)..................................................................................2

*In re Alstom SA Sec. Litig.*,
406 F. Supp. 2d 402 (S.D.N.Y. 2005)..............................................................9

*In re Avon Prods., Inc. Sec. Litig.*,
No. 05 CIV. 6803 LAK MHD, 2009 WL 848017
(S.D.N.Y. Feb. 23, 2009).................................................................................5

*In re Bausch & Lomb, Inc. Sec. Litig.*,
No. 01-CV-6190 (CJS), 2003 U.S. Dist. LEXIS 24062
(W.D.N.Y. Mar. 28, 2003)................................................................................3

**Page**

*In re Bear Stearns Cos., Inc. Sec., Derivative, and ERISA Litig.*,
  No. 08 MDL 1963, 2011 WL 223540
  (S.D.N.Y. Jan. 19, 2011)....................................................................................................2

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  289 F. Supp. 2d 416 (S.D.N.Y. 2003)...............................................................................9

*In re Merrill Lynch Auction Rate Sec. Litig.*,
  704 F. Supp. 2d 378 (S.D.N.Y. 2010)...............................................................................6

*In re OPUS360 Corp. Sec. Litig.*,
  No. 01 Civ. 2938 (JGK) (JCF), 2002 U.S. Dist. LEXIS 18558
  (S.D.N.Y. Oct. 2, 2002)....................................................................................................3

*In re Scholastic Sec. Litig.*,
  No. 97 Civ. 2447 (JFK), 1998 U.S. Dist. LEXIS 13910
  (S.D.N.Y. Sept. 1, 1998)...................................................................................................3

*In re Tommy Hilfiger Sec. Litig.*,
  No. 04-civ-7678, 2007 U.S. Dist. LEXIS 55088
  (S.D.N.Y. July 20, 2007)..................................................................................................5

*In re Yukos Oil Co. Sec. Litig.*,
  No. 04 CIV. 5243 (WHP), 2006 WL 3026024
  (S.D.N.Y. Oct. 25, 2006)..................................................................................................6

*J/H Real Estate Inc. v. Abramson*,
  901 F. Supp. 952 (E.D. Pa. 1995).....................................................................................3

*Jones v. Pfizer, Inc., et al.*,
  No. 10 Civ. 3864 (AKH) (S.D.N.Y. Apr. 5, 2011)......................................................1, 3, 6

*Katz v. Mogus*,
  No. 07 CIV. 8314 (PKC) (KNF), 2009 WL 3189342
  (S.D.N.Y. Oct. 6, 2009)....................................................................................................3

*King County v. IKB Deutsche Industriebank AG*,
  708 F. Supp. 2d 334 (S.D.N.Y. 2010)...............................................................................8

*Lane v. Page*,
  272 F.R.D. 581 (D.N.M. 2011)..........................................................................................3

*Lehman Bros. Mortg.-Backed Sec. Litig.*,
  650 F.3d 167 (2d Cir. 2011)..............................................................................................7

- iii -

Page

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Hicks,
Muse, Tate & Furst, Inc.*,
No. 02 CIV. 1334 (SAS), 2002 WL 1313293
(S.D.N.Y. June 14, 2002)......................................................................................................2

*Nyame v. Bronx Leb. Hosp. Ctr.*,
No. 08 Civ. 9656 (DAB), 2010 U.S. Dist. LEXIS 33949
(S.D.N.Y. Mar. 31, 2010) .................................................................................................3, 5

*Osage Tribe of Indians v. United States*,
96 Fed. Cl. 390 (2010) ..........................................................................................................8

*Pakter v. New York City Dept. of Educ.*,
No. 08 CIV 7673 (DAB), 2010 WL 1141128
(S.D.N.Y. Mar. 22, 2010) .....................................................................................................2

*Piccolo v. New York City Campaign Fin. Bd.*,
No. 05 CV 7040 (S.D.N.Y. Sept. 11, 2007),
*adopted by*, No. 05 CV 7040, 2007 WL 2844939
(S.D.N.Y. Sept. 28, 2007)......................................................................................................9

*Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*,
753 F. Supp. 2d 166 (S.D.N.Y. 2010)....................................................................................8

*Redwood v. Dobson*,
476 F.3d 462 (7th Cir. 2007) .................................................................................................3

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007).........................................................................................1, 6, 10

*Sahu v. Union Carbide Corp.*,
548 F.3d 59 (2d. Cir. 2008)..............................................................................................9, 10

*SEC v. Siebel Sys.*,
384 F. Supp. 2d 694 (S.D.N.Y. 2005)....................................................................................7

*Sierra v. United States*,
No. 97 Civ. 9329 (RWS), 1998 WL 599715
(S.D.N.Y. Sept. 10, 1998)..................................................................................................2, 3

*Torain v. Clear Channel Broad., Inc.*,
651 F. Supp. 2d 125 (S.D.N.Y. 2009)....................................................................................5

699834_1

Page

*United States SEC v. Power*,
   525 F. Supp. 2d 415 (S.D.N.Y. 2007) .......................................................................7

*White v. H&R Block, Inc.*,
   No. 02 CIV. 8965 (MBM), 2004 WL 1698628
   (S.D.N.Y. July 28, 2004) ...........................................................................................6


**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §77k ...........................................................................................................................3
   §78j(b) ....................................................................................................................3, 6

Federal Rules of Civil Procedure
   Rule 7(b) ....................................................................................................................3
   Rule 12(b)(6) .............................................................................................................1
   Rule 12(f) ...........................................................................................................1, 2, 3

S.D.N.Y. Local Civil Rule
   Rule 7.1(a) .................................................................................................................3

699834_1

Lead Plaintiffs IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund and additional plaintiffs City of Taylor and Ute Mountain Ute Tribe (collectively, "plaintiffs") respectfully submit this reply memorandum of law in response to defendants' opposition to plaintiffs' motion to strike certain extraneous material cited in defendants' motions to dismiss the Consolidated Amended Complaint ("Defs' Opp.") (Dkt. No. 104).   For the reasons stated in plaintiffs' opening brief and herein, Exhibits 7, 10, 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 59, 71-92, 94-147, 149, 152-182, and 190-191, attached to the Declaration of Shauna K. Friedman ("Friedman Declaration") (Dkt. No. 87), should be stricken because they are extraneous to the Consolidated Amended Complaint ("Complaint") and are advanced by defendants in an effort to have disputed issues of fact decided in their favor at the motion to dismiss stage.   None of the exhibits cited by defendants fall within any of the narrow exceptions to the Second Circuit's unambiguous mandate that in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## I.    PLAINTIFFS' MOTION IS PROCEDURALLY PROPER

Defendants argue that plaintiffs' motion is procedurally improper because "Rule 12(f) permits the striking of material from 'pleadings'" and a declaration attaching exhibits is not a "'pleading.'" Defs' Opp. at 2-3.[1]  But plaintiffs' motion to strike was not based upon Rule 12(f), nor is that Rule cited anywhere in plaintiffs' motion.  Instead, the motion to strike was brought pursuant to the S.D.N.Y. Local Civil Rules and this Court's inherent authority to strike any material which it determines to be abusive or otherwise improper.  *See Jones v. Pfizer, Inc., et al.*, No. 10 Civ. 3864

---

[1]        Unless otherwise noted, internal citations are omitted and emphasis is added.

(AKH), Order Granting Motion to Strike at 2 (S.D.N.Y. Apr. 5, 2011) (Dkt. No. 70) (granting a motion to strike brought pursuant to the court's inherent authority, stating: "I exercise my discretion to confine my review only to the pleadings and the briefs in support of and in opposition to the motion, and not to review any material outside of the pleadings"); *Sierra v. United States*, No. 97 Civ. 9329 (RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (noting the court's "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances"); *Chambers v. NASCO*, 501 U.S. 32, 43, 44-45 (1991) (a federal court's inherent powers are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'").

Thus, *Bear Stearns* and the other cases cited by defendants are inapposite, since in those cases the court denied motions to strike extraneous materials because they were improperly filed pursuant to Rule 12(f).  *In re Bear Stearns Cos., Inc. Sec., Derivative, and ERISA Litig.*, No. 08 MDL 1963, 2011 WL 223540, at *143 (S.D.N.Y. Jan. 19, 2011); *see also Pakter v. New York City Dept. of Educ.*, No. 08 CIV. 7673 (DAB), 2010 WL 1141128, at *4 (S.D.N.Y. Mar. 22, 2010) (same); *Sierra*, 1998 WL 599715, at *9 (same); *Huelbig v. Aurora Loan Servs., LLC*, No. 10 CIV. 6215 RJH THK, 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) (same); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 CIV. 1334 (SAS), 2002 WL 1313293, at *7 (S.D.N.Y. June 14, 2002) (same).

Defendants also argue that plaintiffs' motion to strike is an improper method of opposing their motions to dismiss.  But *Sierra* and the other cases defendants cite in support of this contention miss the mark.  In *Sierra*, for example, the court denied plaintiffs' motion to strike defendants' motions to dismiss in their entirety ***in place of*** filing an opposition brief, noting that "a motion to strike . . . is not a proper way to challenge a motion to dismiss."  1998 WL 599715, at *9.  The

motion to strike in *Sierra*, moreover, was erroneously brought pursuant to Rule 12(f).[2]  *Id.*  Here,

however, plaintiffs' motion is not brought pursuant to Rule 12(f) and is aimed at striking certain

extraneous materials cited in support of defendants' motions to dismiss, not at striking defendants'

motions in their entirety.[3]  Instead, plaintiffs properly filed their motion under Fed. R. Civ. P. 7(b),

S.D.N.Y. Local Civ. R. 7.1(a), and the Court's inherent authority to strike matters outside the

pleadings on a motion to dismiss.  Plaintiffs' Memorandum of Law in Support of Their Motion to

Strike Certain Extraneous Material Cited in Defendants' Motions to Dismiss the Consolidated

Amended Complaint (Dkt. No. 103) ("Motion") at 2-3.  Exercising this authority, courts have

routinely entertained and granted motions to strike matters outside the pleadings submitted by

defendants on a motion to dismiss.[4]

---

[2]      Defendants' other authorities are similarly irrelevant because they address motions to strike pursuant to Rule 12(f), motions to strike portions of appellate briefs, or motions to strike affirmative defenses from answers.  *See* Defs' Opp. at 9 & n.8 (citing *Katz v. Mogus*, No. 07 CIV. 8314 (PKC) (KNF), 2009 WL 3189342, at *5 (S.D.N.Y. Oct. 6, 2009) (seeking to strike an entire motion to dismiss submission pursuant to Rule 12(f) in place of a brief in opposition); *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) (noting there is no rule of appellate procedure providing for a motion to strike, and holding that "[m]otions to strike sentences or sections out of briefs waste everyone's time" (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725 (7th Cir. 2006))); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (denying motion to strike affirmative defenses in an answer brought pursuant to Rule 12(f)); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) (same); *Am. Family Mut. Ins. Co. v. C.M.A. Mortg., Inc.*, No. 1:06-CV-1044-SEB-JPG, 2007 WL 2473487, at *2 (S.D. Ind. Aug. 27, 2007) (noting that plaintiffs could have moved to strike the few exhibits cited by defendants – not 197 exhibits, as is the case here – in their opposition brief).

[3]      To be sure, plaintiffs filed comprehensive briefs in opposition to defendants' three motions to dismiss detailing how and why the Complaint easily pleads claims under §10(b) of the Securities Exchange Act of 1934 and §11 of the Securities Act of 1933 against the defendants.  *See* Dkt. Nos. 96, 98, and 100.

[4]      *See, e.g., Pfizer*, No. 10 Civ. 3864 (AKH), Order Granting Motion to Strike at 2; *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (at the motion to dismiss stage it is error to consider extraneous documents not integral to the complaint to make a finding of fact that controverts the allegations in a complaint); *Nyame v. Bronx Leb. Hosp. Ctr.*, No. 08 Civ. 9656 (DAB), 2010 U.S. Dist. LEXIS 33949, at *12-*13 (S.D.N.Y. Mar. 31, 2010) (exhibits attached to defendants' motion stricken from the record as inappropriate); *In re Bausch & Lomb, Inc. Sec. Litig.*, No. 01-CV-6190 (CJS), 2003 U.S. Dist. LEXIS 24062, at *56 (W.D.N.Y. Mar. 28, 2003) ("the motion to strike the conference call transcript is granted"); *In re OPUS360 Corp. Sec. Litig.*, No. 01 Civ. 2938 (JGK) (JCF), 2002 U.S. Dist. LEXIS 18558, at *5 n.3 (S.D.N.Y. Oct. 2, 2002) ("The plaintiffs' motion to strike is granted, and these exhibits will not be considered in resolving the defendants' motions."); *In re Scholastic Sec. Litig.*, No. 97 Civ. 2447 (JFK), 1998 U.S. Dist. LEXIS 13910, at *1 (S.D.N.Y. Sept. 1, 1998) ("the Court grants Plaintiffs' motion to strike in its entirety"); *J/H Real Estate Inc. v. Abramson*, 901 F. Supp. 952, 955 (E.D. Pa. 1995) (rejecting 32

## II.     THE OFFENDING EXHIBITS SHOULD BE STRICKEN

### A.     Exhibits 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 71-92, 94-101, 108, 112-115, 119-122

Defendants cite Exhibits 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 71-92, 94-101, 108, 112-115, 119-122 – extraneous filings of an RBS subsidiary, excerpts from certain "League Tables," conference call transcripts predating the class period, analyst reports, and press releases – to argue that RBS fully disclosed its subprime exposure and that the market was aware of the amount of that exposure.  First, these exhibits are irrelevant.  As explained in plaintiffs' Motion, these exhibits show only that RBS disclosed that *defaults on individual subprime home mortgages* "could adversely affect RBS" (The Royal Bank of Scotland PLC's Memorandum of Law in Support of Its Motion to Dismiss the Consolidated Amended Complaint for Failure to State a Claim (Dkt. No. 86) ("RBS Mem.") at 10) – a far cry from the Complaint's allegations concerning RBS's misrepresentations and omissions about the Company's true *exposures to subprime securitizations* (individual subprime home mortgages pooled into RMBS and CDOs, for example) and other credit market exposures.  Motion at 3-4.[5]  Further, to the extent that some of these exhibits highlight RBS Greenwich's securitization volumes (Motion at 4-5), they are similarly irrelevant because the Complaint alleges that defendants misrepresented the Company's *exposure* to subprime and other credit market assets, not the *volume* of RBS Greenwich's securitization issuances.  Motion at 4-5.

---

documents, including press releases, analyst reports, teleconference transcripts and news articles, because they "were not referred to or relied upon by the plaintiff in the complaint and [were] not public records").

[5]       In fact, as indicated in plaintiffs' opposition to defendants' motions to dismiss, it is clear that the market did *not* know the extent of RBS's CDO and RMBS holdings, which was the real issue.  *See, e.g.*, Complaint, ¶¶5, 9; *see also* Plaintiffs' Memorandum of Law in Opposition to Defendant Royal Bank of Scotland Group PLC's Motion to Dismiss the Consolidated Amended Complaint (Dkt. No. 96) at 50 & n.35.

Critically, none of these exhibits were cited in or relied upon by the Complaint; thus, they are not "integral" to the Complaint.  *Nyame*, 2010 WL 1379794, at *5.

Defendants argue that these materials are also appropriate for judicial notice, citing *In re Avon Prods., Inc. Sec. Litig.*, No. 05 CIV. 6803 LAK MHD, 2009 WL 848017 (S.D.N.Y. Feb. 23, 2009).  But in that case, the court took judicial notice of analyst reports that predated the plaintiffs' purchases and which "reflect[ed] . . . the ***same allegations***" made in plaintiffs' complaint.  *Id.* at *25. Thus, the court held that such publicity "appears plainly inconsistent with the suggestion that the omission by defendants . . . artificially raised the market price."  *Id.  Avon* is plainly inapposite here, where defendants have not (because they cannot) cited to any analyst reports predating the Class Period that revealed that defendants were lying about RBS's exposure to subprime and other credit market assets or the purported benefits of the ABN AMRO acquisition – the alleged fraud at issue here.

Instead, defendants cite to irrelevant analyst reports containing innocuous, vague warnings about defaults on individual subprime mortgages or statements about RBS Greenwich's issuance of subprime securitizations.   Judicial notice of these exhibits is plainly inappropriate because, as described above, they are not relevant to plaintiffs' allegations or the pending motions to dismiss. *See Torain v. Clear Channel Broad., Inc.*, 651 F. Supp. 2d 125, 142 n.11 (S.D.N.Y. 2009) (declining to take judicial notice of irrelevant newspaper articles); *In re Tommy Hilfiger Sec. Litig.*, No. 04-civ-7678, 2007 U.S. Dist. LEXIS 55088, at *14 (S.D.N.Y. July 20, 2007) (noting that court may make judicial notice of "'relevant public disclosure documents'" and striking news articles regarding the market's reaction as irrelevant).  Even if this Court were to take judicial notice of these documents, this Court may not take judicial notice "'***for the truth of the matters asserted***'" – that is, the Court may not accept these analyst reports to determine that defendants fulfilled their disclosure

- 5 -

obligations under the federal securities laws. *Roth*, 489 F.3d at 509 (emphasis in original). As Judge Hellerstein recently held in granting plaintiffs' motion to strike defendants' exhibits submitted in connection with a motion to dismiss in a securities fraud class action, "[t]his is not the time to decide the merits." *Pfizer*, No. 10 Civ. 3864 (AKH), Order Granting Motion to Strike at 2.

Further, the truth-on-the-market doctrine defendants attempt to invoke with these exhibits is a fact-intensive affirmative defense for which defendants bear the burden of proving and which "is rarely an appropriate basis for dismissing a §10(b) complaint." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000). Defendants attempt to distinguish this principle by citing inapposite cases where defendants' fraud was fully publicly disclosed prior to defendants' purchase of securities. Defs' Opp. at 6 n.4. For example, in *In re Merrill Lynch Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 396 (S.D.N.Y. 2010), a suit arising out of Merrill Lynch's participation in auction rate securities manipulation, the court cited information predating plaintiffs' suit, including a website Merrill Lynch itself created at the direction of the SEC, detailing the alleged manipulation. In *White v. H&R Block, Inc.*, No. 02 CIV. 8965 (MBM), 2004 WL 1698628, at *12 (S.D.N.Y. July 28, 2004), the alleged fraud was already the subject of filed lawsuits and press coverage prior to the filing of plaintiffs' case. In *In re Yukos Oil Co. Sec. Litig.*, No. 04 CIV. 5243 (WHP), 2006 WL 3026024, at *22 (S.D.N.Y. Oct. 25, 2006), the court held plaintiffs' allegation that defendants concealed a secret meeting between Vladimir Putin and certain oligarchs was non-actionable because two news articles had already "reported on Putin's meeting with the oligarchs" before plaintiffs' purchase. Here, however, defendants have not cited to any materials that revealed that RBS's true subprime and other credit market exposure or the purported benefits of the ABN AMRO acquisition – the bases of plaintiffs' claims.

Finally, defendants' reliance on this Court's decision in *SEC v. Siebel Sys.*, 384 F. Supp. 2d 694 (S.D.N.Y. 2005), is similarly misplaced.  That case stands for the unremarkable proposition that where a plaintiff relies on one statement from a larger document of other statements, "the full content of the statements, as oppose to the limited portions the [plaintiff] selectively decide[s] to include in the complaint, is properly considered by the Court."  *Id.* at 701.  Plaintiffs here do not seek to strike any documents upon which plaintiffs themselves relied.  Rather, plaintiffs properly seek to strike extraneous materials that defendants cite in an improper effort to have disputed issues of fact decided in their favor.

**B.    Exhibits 104, 106, 109-111, 116, 124-126, 130-131, 135-137, 145-146, 149, 190-191**

Defendants argue that the Court is free to accept their preferred definition of financial terms in order to decide issues of fact in their favor.  For example, defendants cite Exhibit 116 to argue that the term "'subprime'" is not a "'consistently defined'" term in the market and that, thus, plaintiffs' allegations concerning RBS's exposure to subprime assets are insufficient (RBS Mem. at 6 n.2); Exhibits 124-126 and 136-137 to argue that the collapse of Bear Stearns and Lehman Brothers led to RBS's April 2008 writedowns, not defendants' fraud (*id.* at 19 n.11, 20); and Exhibit 130 to argue that the ABX Indices "are not a useful benchmark for evaluating the price of individual securities" (*id.* at 60 n.48), in an apparent attempt to rebut the Complaint's well-pled scienter allegations concerning the ABX Indices.  Defendants' attempt to draw factual inferences from these exhibits, which are neither cited in or relied upon by the Complaint, is improper.  *Ganino*, 228 F.3d at 167; *see also United States SEC v. Power*, 525 F. Supp. 2d 415, 418 n.2 (S.D.N.Y. 2007) (refusing to consider news reports that were not attached to or referenced in plaintiffs' complaint).

Further, the cases cited by defendants to justify these exhibits are inapposite.  In *Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 173 n.2 (2d Cir. 2011), for example, the court merely

- 7 -

observed, citing Black's Law Dictionary, that "[s]ubprime mortgages are loans made to borrowers with poor credit histories, 'creating a high risk of default.'"  Notably, the court did not rely on any party's citation to extraneous materials to make this observation, nor did it make factual determinations in any party's favor by this observation.   The court made similarly innocuous observations in *Dodona I, LLC v. Goldman Sachs & Co.*, No. 10 CIV. 7497 VM, 2012 WL 935815, at *2 (S.D.N.Y. Mar. 21, 2012).  Further, in *Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*, 753 F. Supp. 2d 166, 177 n.2 (S.D.N.Y. 2010), the court simply noted the foreign exchange rate of the Swiss currency during the relevant time period; *see also Osage Tribe of Indians v. United States*, 96 Fed. Cl. 390, 419 n.47 (2010) (citing article to discuss statistical terminology).  None of the cases cited by defendants stands for the proposition that a court may, as defendants here urge, accept one party's preferred definition of relevant terms, taken from extraneous materials, to decide disputed issues in that party's favor.

Defendants go so far as to argue that the Court should consider these extraneous materials as explanations of the "background causes and events of the credit crisis" to "***support Defendants' argument*** that the prevailing industry-wide credit crisis – not any alleged misstatements or omissions by Defendants as the CAC alleges – is the far ***more plausible cause*** of any loss suffered by RBS investors."  Defs' Opp. at 7.  That is plainly improper at this stage of the litigation.  While courts may, and have, taken judicial notice of the existence of the credit crisis, they may not draw inferences on disputed issues of fact in one party's favor on a motion to dismiss.  *See King County v. IKB Deutsche Industriebank AG*, 708 F. Supp. 2d 334, 344 n.66 (S.D.N.Y. 2010) ("Although I take judicial notice that the credit crisis occurred in the summer of 2007, ***it is beyond the scope of judicial***

- 8 -

*notice or this opinion to take judicial notice of the various – and heavily debated – ebbs, flows, causes, and indicators of the crisis*.") (Scheindlin, J.).[6]

Even if the Court considers these extraneous materials at all, it cannot do so to make factual determinations in defendants' favor, as they urge.  *See In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 & n.14 (S.D.N.Y. 2003) (considering newspaper articles for the limited purpose of showing what certain articles stated, not for their truth); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 408-09 (S.D.N.Y. 2005) (considering newspaper articles not referenced in the complaint only for the fact of the article's publication and not for the truth of the matter asserted).

### C.      Exhibits 152-182

Defendants argue the Court should rely on Exhibits 152-182 – extraneous documents concerning other banks' writedowns – to determine that defendants did not violate the securities laws.  Defendants argue erroneously that these documents are integral to the Complaint because the Complaint "alleges that RBS should have written down its positions more quickly in comparison to" other banks.  Defs' Opp. at 8.  But in order for a document to be integral to the complaint, the complaint must "'rel[y] heavily upon its terms and effect.'"  *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 68 (2d. Cir. 2008);[7] *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("a necessary prerequisite to the court's consideration of [a] document on a dismissal motion" is that

---

[6]      *Piccolo v. New York City Campaign Fin. Bd.*, No. 05 CV 7040, slip op., at *4 n.2 (S.D.N.Y. Sept. 11, 2007), *adopted by*, No. 05 CV 7040, 2007 WL 2844939, at *2 n.2 (S.D.N.Y. Sept. 28, 2007), a case relied upon by defendants, stands merely for the unremarkable proposition that a court may take judicial notice of certain facts, "such as election dates and results."  It does not, however, condone a court's reliance on extraneous materials to "**support Defendants' argument**" about the "plausible *cause* of any loss" suffered by plaintiffs (Defs' Opp. at 7) – a highly contested issue of fact at this stage of the litigation.

[7]      Even though the documents in *Sahu* were referred to in the complaint, the documents were ***not essential*** and as such, the court could not consider them without converting the motion to one of summary judgment.  *Id*. at 68 & n.2.

plaintiff must rely "on the terms and effect of a document" in drafting a complaint).  Here, while the Complaint alleges that the existence of other banks' writedowns in mid to late 2007 evidences defendants' scienter (Complaint, ¶¶290-293), the Complaint does not attach or rely on any of the material cited in Exhibits 152-182, particularly because those exhibits concern other banks' writedowns that occurred in *2008 and 2009* – months after the *2007* writedowns plaintiffs allege are indicative of scienter.  Accordingly, the Court should decline to decide disputed issues of fact based on these extraneous exhibits.  *Ganino*, 228 F.3d at 167; *Roth*, 489 F.3d at 509.

**D.     Exhibits 7, 10, 59, 102-103, 105, 107, 117-118, 123, 127-129, 132-134, 138-144, 147**

While Exhibits 7, 10, 59, 102-103, 105, 107, 117-118, 123, 127-129, 132-134, 138-144, 147 were included in the Friedman Declaration, they were not cited in any of the briefing submitted by defendants in support of their motions to dismiss.  Accordingly, they should be stricken.  Indeed, defendants do not oppose plaintiffs' motion to strike these exhibits.

**III.    CONCLUSION**

For the reasons set forth herein, plaintiffs respectfully request that this Court strike Exhibits 7, 10, 14, 19-20, 27-28, 31-32, 35-36, 43-44, 46-47, 50-52, 55-57, 59, 71-92, 94-147, 149, 152-182, and 190-191 to the Friedman Declaration.

DATED:  April 9, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
THEODORE J. PINTAR
JASON A. FORGE
DARRYL J. ALVARADO

s/ DARRYL J. ALVARADO
DARRYL J. ALVARADO

- 10 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 9, 2012.

s/ DARRYL J. ALVARADO
DARRYL J. ALVARADO

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  DAlvarado@rgrdlaw.com

699834_1

# Mailing Information for a Case 1:11-cv-00398-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **Charles H. Dufresne , Jr**
  cdufresne@sglawyers.com

- **Paul Adam Engelmayer**
  paul.engelmayer@wilmerhale.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **D. Seamus Kaskela**
  skaskela@ktmc.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **David Sapir Lesser**
  david.lesser@wilmer.com,lesserda@yahoo.com

- **James Stuart Notis**
  jnotis@gardylaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrea J. Robinson**
  andrea.robinson@wilmerhale.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David R. Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Robert Walter Trenchard**
  robert.trenchard@wilmer.com

- **Curtis Victor Trinko**

ctrinko@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ethan Gold**
,

**David M. Promisloff**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087