UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTHOUSE FINANCIAL GROUP, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:11-cv-00398-GBD <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | |
| Defendants. | |
| ETHAN GOLD, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:11-cv-01162-NRB <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al., | |
| Defendants. | |

PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY BY
DEFENDANT ROYAL BANK OF SCOTLAND GROUP, PLC

751712_1

Lead Plaintiffs IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund and additional plaintiffs City of Taylor and Ute Mountain Ute Tribe (collectively, "plaintiffs") respectfully submit this response to the Notice of Supplemental Authority filed by defendant Royal Bank of Scotland Group, PLC ("RBS") on August 17, 2012 ("RBS Notice").

While plaintiffs take issue with Judge Batts' ruling in *In re Deutsche Bank AG Sec. Litig.*, No. 09-cv-1714 (DAB) (S.D.N.Y. Aug. 10, 2012), and its application of *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011), because the *Deutsche Bank* decision involves only the issue of ***valuations*** of mortgage-backed securities and goodwill, it can have only limited application to this case. The Complaint here alleges that defendants misrepresented RBS's ***exposure*** to CDOs and other credit-market assets, *i.e.*, their face value – what they paid for them – in addition to the valuation of that exposure under GAAP.

There is a world of difference between "valuations" and "exposure." As plaintiffs' counsel explained at the July 19, 2012 hearing, RBS's exposure to those risky assets is a purely objective fact that involves no subjective analysis:

> What exposures are, that is essentially what did you pay for the asset? What is on your books? What did you pay for it, and it's strictly a disclosure issue. It is the total balance of what you currently hold for a particular asset, okay, as opposed to a valuation which is how much are you going to write that asset down by?

July 19, 2012 Hearing Transcript at 74:13-18. Indeed, simply conveying the face value of such assets is a mechanical task, void of judgment.[1]

---

[1] The Complaint makes this distinction plain. For example, among other places, at ¶228 the Complaint clearly states:

> RBS's failure to: (a) ***fully disclose its subprime CDOs and other credit market exposures***; [and] (b) ***fully write down its CDOs and other credit market exposures to fair value***; . . . resulted in material violations of IFRS and rendered each of RBS's Class Period financial statements materially false and misleading (emphasis added).

- 1 -

In *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 217 (S.D.N.Y. 2010), Judge Stein recognized that the "exposure" and the "valuation" of CDOs are two distinct concepts. *Id.* ("plaintiffs take issue with Citigroup's accounting practices, . . . because they failed to report Citigroup's CDO exposure *and* failed to value Citigroup's CDO holdings accurately") (emphasis added). There, the plaintiffs challenged, among other things, defendants' "account of the extent of Citigroup's CDO exposure" (*id.*) and defendants' valuing of its CDO holdings pursuant to GAAP (*id.* at 222). Judge Stein correctly recognized in *Citigroup* that a bank's exposure to CDOs is a purely objective fact – "**plaintiffs allege that defendants 'concealed and misrepresented the simple and very material fact that Citi had $45+ billion of CDO exposure**.'" *Id*. (emphasis added and citation omitted); *accord In re Citigroup Bond Litig.*, 723 F. Supp. 2d 568, 589 (S.D.N.Y. 2010).

Notwithstanding the stark difference between subjective "valuation" and objectively measured "exposure," defendants nevertheless misapply *Deutsche Bank* and *Fait* to each of plaintiffs' claims here. Indeed, no similar objective information was present in *Fait*, which pertained only to goodwill. 655 F.3d at 110 ("Plaintiff does not point to any objective standard such as market price that he claims that Regions should have but failed to use in determining the value of AmSouth's assets."). *Deutsche Bank* similarly applied only to valuations. While defendants here have again attempted to conflate the concepts of exposure and valuation, their misrepresentations concerning RBS's CDO exposure were misstatements of fact, not opinion, to which neither *Deutsche Bank* nor *Fait* apply.

---

The Complaint then dedicates ¶¶231-234 to the *exposure* allegations while the *valuation* allegations are described in a distinctly separate section at ¶¶235-248. This distinction is not limited to the accounting section of the Complaint. The second page of the Complaint states, "[t]he first area of false statements and omissions concerns the extent and nature of the Company's *exposure* to the U.S. subprime mortgage market and other credit market assets, *along with* the write-downs of such assets." ¶5 (emphasis added).

Likewise, RBS's scienter argument (RBS Notice at 2 n.2) is similarly incorrect. RBS's restatement of its CDO and other credit market exposures – based on information existing at the time defendants misrepresented RBS's CDO exposures and based on the fact that it had securitized the CDOs at issue at its Greenwich subsidiary – demonstrates that it ***knowingly*** misrepresented its credit market exposure – which is evidence of conscious misbehavior or recklessness. *See Gould v. Winstar Commc'ns, Inc.*, 686 F.3d 108, 2012 U.S. App. LEXIS 14856, at *27 (2d Cir. 2012) ("Recklessness may be established where a defendant 'failed to review or check information that [it] had a duty to monitor, or ignored obvious signs of fraud.'") (citation omitted); *Citigroup*, 753 F. Supp. 2d at 233 ("'"defendants' knowledge of facts or access to information contradicting their public statements"'") suffices to state securities fraud claim) (citation omitted).

DATED:  August 22, 2012            Respectfully submitted,

                                                        ROBBINS GELLER RUDMAN
                                                          & DOWD LLP
                                                        THEODORE J. PINTAR
                                                        JASON A. FORGE
                                                        DARRYL J. ALVARADO

                                                                      s/ Theodore J. Pintar
                                                                    THEODORE J. PINTAR

                                                        655 West Broadway, Suite 1900
                                                        San Diego, CA  92101
                                                        Telephone:  619/231-1058
                                                       619/231-7423 (fax)

                                                        ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
                                                        SAMUEL H. RUDMAN
                                                        58 South Service Road, Suite 200
                                                        Melville, NY  11747
                                                        Telephone:  631/367-7100
                                                        631/367-1173 (fax)

                                                        Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 22, 2012.

s/ Theodore J. Pintar
THEODORE J. PINTAR

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    tedp@rgrdlaw.com

751712_1

# Mailing Information for a Case 1:11-cv-00398-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com
- **Charles H. Dufresne , Jr**
  cdufresne@sglawyers.com
- **Paul Adam Engelmayer**
  paul.engelmayer@wilmerhale.com
- **Jason A. Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com
- **D. Seamus Kaskela**
  skaskela@ktmc.com
- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com
- **David Sapir Lesser**
  david.lesser@wilmer.com,lesserda@yahoo.com
- **James Stuart Notis**
  jnotis@gardylaw.com
- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Andrea J. Robinson**
  andrea.robinson@wilmerhale.com
- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **David R. Scott**
  drscott@scott-scott.com,efile@scott-scott.com
- **Robert Walter Trenchard**
  robert.trenchard@wilmer.com
- **Curtis Victor Trinko**
  ctrinko@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ethan Gold**
,

- 2 -

**David M. Promisloff**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087