UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

LIGHTHOUSE FINANCIAL GROUP,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

vs.

THE ROYAL BANK OF SCOTLAND
GROUP, PLC, et al.,

                Defendants.

---------------------------------------x

: 11 Civ. 398 (GBD)

: ECF Case

### REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY

RBS submits this short reply to address certain highly misleading assertions contained in Plaintiffs' Response to the Notice of Supplemental Authority [Dkt. # 149].

First, Plaintiffs incorrectly contend that Judge Batts' *Deutsche Bank* decision is distinguishable on the ground that it supposedly "applied only to ***valuations***" of mortgage-backed securities and not "***exposures***." (Resp. 2.) In fact, the Court in *Deutsche Bank* dismissed claims explicitly alleging misrepresentations of the bank's subprime-linked ***exposures*** in 2007, February 2008 and May 2008—which the Court held were "opinions" relating to the "valuation of subprime and mortgage-backed assets"—for failure to allege subjective falsity under *Fait*. *See In re Deutsche Bank AG Sec. Litig.*, 09-civ-1714, at *4-5 (August 9, 2012).[1]

---

[1] The complaint that Judge Batts dismissed with prejudice in *Deutsche Bank*, attached hereto as Exhibit A, expressly and repeatedly alleged misrepresentations relating to the bank's "exposure" to mortgage-backed assets. *See, e.g.*, Ex. A at ¶¶ 3, 7-8, 67-69, 74-75, 90, 95-100, 102-105, 114, 124, 167. Indeed Judge Batts had previously described the alleged misrepresentations as concerning Deutsche Bank's CDO

Second, Plaintiffs' supposed distinction between "exposures" and "valuations" is itself misleading. As Judge Batts and numerous other courts in this District have recognized, estimates of a bank's *exposure* to CDOs and other complex illiquid financial instruments are inherently matters of judgment and opinion regarding the *value* of the instrument that is at risk of loss.[2] RBS made this point explicitly when it disclosed the judgment-driven nature of its credit market *exposures* in various public filings during the class period.[3] Moreover, Plaintiffs' self-serving description of RBS's CDO exposure as "what did you pay for it," a characterization that is not alleged in the Complaint and appears to have sprung forth at oral argument, fails to account for the fact that RBS did not purchase the assets in question for a set price on the open market, but rather created and retained them as part of its securitization business—as the Complaint itself acknowledges. (Compl. ¶ 18.) Thus, RBS's determination of its *exposure to loss* from those assets was, in the first instance, necessarily a matter of *estimating their value*, which Plaintiffs concede involves subjective judgment. (Resp. 2.)

---

and credit risk "exposures." 2011 WL 3664407, at *7-9 (S.D.N.Y. 2011). Plaintiffs should know this because their law firm filed and litigated the complaint in *Deutsche Bank*.

[2] *See, e.g.*, *In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548, at *8 (S.D.N.Y. 2011) (dismissing similar claims alleging misrepresentation of CDO "exposure" because the "value of such assets is a matter of judgment and opinion"). Moreover, contrary to Plaintiffs' representation, the Court in *In re Citigroup* did not hold that CDO exposure is a "purely objective fact." (Resp. 2.) The *Citigroup* court merely recognized that the plaintiffs in that case had alleged *distinct claims* based on (1) Citigroup's alleged affirmative misrepresentation that it had no exposure to CDO prior to November 2007 and (2) its alleged failure to write down its CDO interests beginning in March 2008. *See In re CitiGroup Inc. Bond Litigation*, 753 F. Supp. 2d 206, 223-24 (S.D.N.Y.). *Citigroup* thus offers no support for Plaintiffs' theory that calculation of the fair value of RBS's CDO exposure was a "mechanical task, void of judgment," which is contrary to RBS's own class period disclosures. (*See infra* n. 3.)

[3] *See, e.g.*, Ex. 17 to Defs' Opening Brief, 2006 Annual Report, at 99 ("Where observable prices are not available, fair value is based on appropriate valuation techniques or management estimates."); *id*. at 112 (reporting exposure to securitization interests at "fair value"); Ex. 66 to Defs.' Opening Br., Dec. 6, 2007 Trading Statement, at *7 (explaining that "*valuations* of the ABS CDO super senior *exposures* take into consideration outputs from our proprietary model, market data and prudent valuation adjustments" (emphasis added)).

Finally, in addition to contending incorrectly that RBS's restated its CDO and credit market exposures (*see* Resp. 3; *compare* Defs.' Reply at 22-23), Plaintiffs incorrectly argue that they can plead a claim for subjective falsity by alleging mere recklessness.  (Resp. 3.)  Rather, as the Second Circuit has made clear, to state a claim based on an matters of judgment and opinion, the facts must show that the defendants actually "did not believe the statements" when they were made.  *Fait v. Regions Financial Corp.*, 655 F.3d 110, 112 & n. 5 (2nd Cir. 2011); *see also City of Omaha, NE Civ. Empls. Ret. Sys. v. CBS Corp.*, 679 F.3d 64, 68 (2nd Cir. 2012) (allegation that defendant *should have known* opinion was false cannot plead subjective falsity).  No such facts are alleged in the Complaint, which expressly disclaims any intentional misrepresentation for purposes of Plaintiffs' '33 Act claims.

Dated:  August 29, 2012                                                  Respectfully submitted,

                                                 /s/ Andrea J. Robinson
David S. Lesser
Robert W. Trenchard
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone:  212-230-8800
Fax:  212-230-8888

Andrea J. Robinson
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  617-526-6000
Fax:  617-526-5000

*Counsel for The Royal Bank of Scotland plc*