UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

LIGHTHOUSE FINANCIAL GROUP,        :      11 Civ. 398 (GBD)
Individually and on Behalf of All Others   :
Similarly Situated,                :
                                   :
                                   :      ECF Case
                   Plaintiff,      :
                                   :
       vs.                         :
                                   :
THE ROYAL BANK OF SCOTLAND         :
GROUP, PLC, et al.,                :
                                   :
                   Defendants.     :
                                   :
———————————————————— x

## NOTICE OF SUPPLEMENTAL AUTHORITY

       The Royal Bank of Scotland Group plc ("RBS") respectfully submits Judge Batts's recent

order dismissing all claims with prejudice in a parallel case, *In re Royal Bank of Scotland Group*

*PLC Sec. Litig.*, No. 09-cv-300 (DAB) (S.D.N.Y. Sept. 4, 2012) (Batts, J.) ("Order").  A copy is

attached as Exhibit A.

       In *In re Royal Bank of Scotland Group*, the plaintiffs sued RBS and various individuals

under Sections 11 and 12(2) of the Securities Act challenging certain disclosures related to RBS

preferred shares.   As with Plaintiffs' ADR share claims here, the complaint alleged

misstatements and omissions regarding RBS's exposure to, and valuation of, "subprime" assets;

the benefits of RBS's acquisition of ABN AMRO; and RBS's capitalization.  *See* Am. Compl. at

29-50, No. 09-cv-300, ECF No. 182.[1]

---

[1] Among their numerous similarities, both cases challenge the same categories of statements made in
RBS's 2006 Annual Report (Apr. 24, 2007 Form 20-F), its 2007 Interim Report (Aug. 15, 2007 Form 6-
K), and its 2007 Earnings Report (Feb. 28, 2008 Form 6-K).  Am. Compl., No. 09-cv-300, ECF No. 182
("Preferred Shares Compl.") ¶¶ 130-48, 155-62, 172-74; Consolidated Am. Compl., No. 11-cv-398, ECF
No. 71 ("ADR Compl.") ¶¶ 75, 86, 88, 149, 162, 178, 194-96, 201.

Plaintiffs have already conceded the parallel nature of the two cases.  For example, in seeking to consolidate this case with the preferred shares case, one of the named plaintiffs here, Lighthouse Financial Group, asserted "significant overlap in the facts alleged in the Actions." *See* Lighthouse Pls.' Mot. to Consolidate at 2, No. 09-cv-300, ECF No. 178.  Likewise, in attempting to avoid dismissal on statute-of-limitations grounds, Lead Plaintiffs here contended that their ADR claims "arise out of the same facts as those at issue in" the case before Judge Batts.  *See* Pls.' Mem. of Law in Opp. to Mot. to Dismiss at 38, No. 11-cv-398, ECF No. 96.

Judge Batts dismissed all of the claims before her, with prejudice, for failure to state a claim.  Her reasoning applies with equal force to each of the claims asserted here.

*First*, Judge Batts rejected claims that RBS misled investors about its "subprime" exposures and valuations of complex securities.  She criticized plaintiffs' attempt, "with the benefit of hindsight," to "point to the collapse of the mortgage-backed security market in an attempt to frame past statements [regarding its CDO exposures and valuations] as false or misleading."  Order at 18.  Judge Batts held that RBS had disclosed its securitization activities as early as its 2005 Annual Report, and the preferred shareholders had "allege[d] no contemporaneous facts to support the allegation that at the time of the relevant Offering Documents the AAA-rated CDOs presented credit risks [that] would have been deemed material information by investors."  *Id*. at 18.  Judge Batts further held that plaintiffs, on numerous grounds, had failed to state a claim based on allegations that RBS's financial statements violated applicable accounting rules, including due to an absence of materiality:

> The RBS statements at issue [regarding its exposure to and valuation of "subprime" assets] reported on RBS's entire asset portfolio of over $1 trillion. The exposures in question amounted to less than one percent of these assets. Plaintiffs have pointed to no authority that requires disclosure of such relatively minor holdings.  Such holdings cannot reasonably be characterized as creating a 'concentration of risk.'  This is particularly true where, as here, RBS's CDO

holdings were highly rated by independent credit rating agencies in 2006 and 2007. Plaintiffs' conclusory assertions to the contrary are unavailing.

*Id.* at 22-23 (dismissing claims alleging, inter alia, that RBS "did not properly mark-to-market the value of RBS's portfolio" in its 2007 interim financial statements (citations omitted)). Judge Batts's reasoning applies equally to the ADR claims here. *Compare, e.g.*, Preferred Shares Compl. ¶¶ 72 (alleging that "the market for mortgage-backed securities became increasing illiquid") & 162 (alleging that indices for mortgage-backed securities "declined dramatically" in 2007), *with* ADR Compl. ¶¶ 93(h) (alleging that the ABX index for mortgage-backed securities suffered "material declines" and housing market was in "steep decline") & 132 (referring to the "sharp decline in the housing market"); Preferred Shares Compl. ¶ 146 ("RBS's 2006 financial statements included within the 2006 Form 20-F failed to comply with IFRS [International Financial Reporting Standards]"), *with* ADR Compl. ¶ 163(g) (alleging that RBS's 2006 financial statements "failed to comply with IFRS standards").[2]

*Second*, Judge Batts also rejected allegations of misstatements and omissions concerning the ABN transaction. The court concluded that the plaintiffs had not pleaded any material misstatement or omission in view of RBS's "numerous disclosures as to the limited scope of its pre-acquisition diligence review" and its "extensive disclosures concerning the risk associated with the ABN AMRO acquisition." Order at 24-25. Moreover, the court held that the plaintiffs failed to state a claim by alleging that RBS expressed "undue optimism about anticipated benefits from the potential acquisition of ABN AMRO," which the plaintiffs alleged "lacked a reasonable basis." *Id.* at 26. The challenged statements—like those at issue here—were

---

[2]  *See also* Preferred Shares Compl. ¶¶ 4, 96-98, 109-10, 132, 145, 159-62 (alleging that RBS's financial statements failed to comply with international accounting standards); ADR Compl. ¶¶ 95-97, 168, 173, 180, 193, 208, 228-55 (same).

"nothing more than corporate optimism," which is inactionable under the securities laws. *Id.* Again, Plaintiffs here cannot distinguish their allegations. *Compare, e.g.*, Preferred Shares Compl. ¶ 74 (alleging that "with no reasonable basis for doing so, RBS told investors that the acquisition would result in profitable 'synergies' between the companies"), *with* ADR Compl. ¶ 141 ("defendants falsely represented that the acquisition would create 'synergies' between the companies and was 'attractive for all of us'"); Preferred Shares Compl. ¶ 126 (alleging that RBS conducted the acquisition while "fail[ing] to disclose that ABN AMRO had billions of dollars of undisclosed subprime assets"), *with* ADR Compl. ¶ 6 (alleging that RBS "acquired almost all of ABN AMRO's similar risky and toxic subprime assets, all without disclosing such exposure").[3]

*Finally*, Judge Batts rejected the preferred shareholders' claims challenging statements by RBS in 2006 and 2007 that it maintained a "strong capital base." The preferred shareholders had claimed that these statements misrepresented RBS's exposure to "subprime" assets, including those acquired through the ABN acquisition. But the court ruled that plaintiffs were reading RBS's statements "out of context and in isolation," and that the capitalization allegations were inactionable in light of RBS's numerous disclosures "detailing RBS's calculation of its capital base, and the ratio of that base to weighted risk assets." *See* Order at 16. The court emphasized that RBS's statements regarding its capitalization had "nothing to do with its securitization business." *Id.* Judge Batts's reasoning applies equally to this category of claims here as well. *Compare* Preferred Shares Compl. ¶ 101 (alleging that RBS, by "continu[ing] to acquire billions of dollars of subprime assets," misrepresented its commitment to a "strong capital base"), *with*

---

[3] *See also* Preferred Shares Compl. ¶¶ 4, 79, 152 (alleging that RBS misrepresented the economic and strategic benefits that would accrue from the ABN acquisition); ADR Compl. ¶¶ 23-25, 142-43, 146-47, 150, 152-53, 155, 166, 169-72, 183-85, 189, 192, 199-200, 203, 205, 215, 217 (same); Preferred Shares Compl. ¶¶ 153, 158, 164, 166, 169, 171 (alleging that RBS's pre-acquisition statements misrepresented ABN's subprime exposure); ADR Compl. ¶¶ 12, 14, 89, 93, 137, 148, 172, 180, 187, 201, 208, 221 (same).

ADR Compl. ¶ 23 ("defendants also falsely assured investors that they had achieved their target capital ratios").[4]

Judge Batts's reasoning applies to each of the claims here (and, notably, Plaintiffs' ADR fraud claims here under the Securities Exchange Act of 1934 are subject to an even higher pleading standard).  Plaintiffs' claims should likewise be dismissed with prejudice.

Dated:  September 11, 2012                                      Respectfully submitted,

                                                               /s/ David S. Lesser
                                                               David S. Lesser
                                                               Robert W. Trenchard
                                                               WILMER CUTLER PICKERING
                                                                  HALE AND DORR LLP
                                                               399 Park Avenue
                                                               New York, New York 10022
                                                               Telephone:  212-230-8800
                                                               Fax:  212-230-8888

                                                               Andrea J. Robinson
                                                               WILMER CUTLER PICKERING
                                                                 HALE AND DORR LLP
                                                               60 State Street
                                                               Boston, Massachusetts 02109
                                                               Telephone:  617-526-6000
                                                               Fax:  617-526-5000

                                                               *Counsel for The Royal Bank of
                                                               Scotland plc*

---

[4] *See also* Preferred Shares Compl. ¶¶ 4, 64, 74, 100, 136-38 (alleging that RBS misrepresented its achievement of capitalization targets); ADR Compl. ¶¶ 16, 141, 146, 154, 203, 208, 213-14 (same).