UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
LIGHTHOUSE FINANCIAL GROUP,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

   vs.

THE ROYAL BANK OF SCOTLAND
GROUP, PLC, et al.,

                Defendants.
----------------------------------------x

11 Civ. 398 (GBD)

ECF Case

## **REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY**

RBS submits this short reply to respond to certain new and misleading arguments asserted in Plaintiffs' Objection, ECF No. 152.[1]

***First***, Plaintiffs devote an entire section of their Objection to their tolling argument, contending that the *Freeman* case before Judge Batts somehow tolled the '34 Act ADR claims here from July 15, 2009 through January 11, 2011. Pls.' Obj. 3-4. What Plaintiffs fail to acknowledge, however, is that—as Judge Batts held—no plaintiff in the *Freeman* case had ever purchased an ADR share, and hence no plaintiff ever had standing to assert an ADR claim. *See* Order at 21-23, No. 09-cv-300, ECF No. 157 (S.D.N.Y. Jan. 11, 2011) (Batts, J.). Hence, as a matter of law the *Freeman* case cannot have tolled Plaintiffs' ADR claims here. *See* Defs.'

---

[1] In their Objection, Plaintiffs oddly complain (Pls.' Obj. at 1 n.1) that RBS has engaged in "supplemental briefing" in calling to the Court's attention two indisputably relevant post-argument decisions by Judge Batts. It is of course entirely proper and customary to submit a notice of supplemental authority that briefly explains the relevance of a recent decision, as RBS has done. It is *not* customary or proper to respond with a full-blown 9-page brief, raising entirely new arguments in opposition to dismissal, as Plaintiffs have done here. Under such circumstances, RBS respectfully submits that this short reply is entirely warranted.

Mem. in Supp. of Mot. to Dismiss, ECF No. 86, at 34-35; Defs.' Reply Mem. in Supp. of Mot. to Dismiss, ECF No. 112, at 7-9, 11.  RBS has explained previously the other reasons why Plaintiffs' tolling arguments fail.  *Id.*

***Second***, Plaintiffs do not even argue that the *Freeman* suit tolled the '33 Act ADR claims here.  Indeed, Plaintiffs' 9-page Objection is entirely silent as to their '33 Act claims and does not assert *any* basis on which to distinguish Judge Batts's dismissal of the '33 Act claims before her, essentially conceding that Judge Batts's decision applies with equal force.

***Third***, Plaintiffs attempt but fail to distinguish Judge Batts's decision as to their '34 Act claims.  Plaintiffs contend that the complaint here involves certain different allegations and incorrectly represent to the Court that the *Freeman* Complaint was "limited to omissions."  Pls.' Obj. at 2.  But the *Freeman* action alleged numerous misstatements regarding "the same general set of facts" as here (*see id.*), including RBS's exposure to subprime assets, credit risk profile and internal controls, compliance with international accounting rules, capital adequacy and the acquisition of ABN AMRO.  *See, e.g.*, Order at 2, 5, 8; *Freeman* Am. Compl. ¶¶ 17, 163(a).  The complaints are of course not identical, but the essential point is that Judge Batts's *reasoning* in dismissing the *Freeman* case applies to each and every one of the claims here.  Indeed, if there is any meaningful distinction, it is merely that Plaintiffs' '34 Act claims here are subject to the *heightened* pleading requirements of Rule 9(b) and the PSLRA, while Judge Batts rejected the *Freeman* claims under the more permissive Rule 8 standard applicable to '33 Act claims.  Plaintiffs plainly cannot satisfy their heightened burden under Rule 9(b) by employing the same fraud-by-hindsight techniques that Judge Batts rejected.

Accordingly, for the reasons explained in the *Freeman* Order, and as set forth in RBS's briefs, Plaintiffs' claims should be dismissed with prejudice.

Dated:  September 26, 2012

Respectfully submitted,

/s/ David S. Lesser
David S. Lesser
Robert W. Trenchard
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone:  212-230-8800
Fax:  212-230-8888

Andrea J. Robinson
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  617-526-6000
Fax:  617-526-5000

*Counsel for The Royal Bank of Scotland plc*