UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
LIGHTHOUSE FINANCIAL GROUP,           :   Civil Action No. 1:11-cv-00398-GBD
Individually and on Behalf of All Others   :
Similarly Situated,                        :   CLASS ACTION
                                           :
                         Plaintiff,        :
                                           :
            vs.                            :
                                           :
THE ROYAL BANK OF SCOTLAND                 :
GROUP, PLC, et al.,                        :
                                           :
                        Defendants.        :
———————————————————— :
ETHAN GOLD, Individually and on Behalf of  :   Civil Action No. 1:11-cv-01162-NRB
All Others Similarly Situated,             :
                                           :   CLASS ACTION
                         Plaintiff,        :
                                           :
            vs.                            :
                                           :
THE ROYAL BANK OF SCOTLAND                 :
GROUP, PLC, et al.,                        :
                                           :
                        Defendants.        :
———————————————————— x


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO ALTER OR AMEND THE JUDGMENT IN THIS MATTER, OR FOR RELIEF
FROM SAID JUDGMENT, SO AS TO ALLOW LEAVE TO AMEND

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Lead Plaintiffs respectfully submit this memorandum of law in support of their motion to alter or amend the September 28, 2012 judgment in this matter, or for relief from said judgment, so as to allow leave to amend.  The judgment was the result of the Court's Memorandum Decision & Order, dated September 27, 2012 (the "Order"; Dkt. No. 154), granting defendants' motion to dismiss Plaintiffs' Consolidated Amended Complaint ("Consolidated Complaint").

## I.    PRELIMINARY STATEMENT

On October 12, 2012, pursuant to Local Civil Rule 6.3, plaintiffs timely filed a motion for reconsideration (*see* Dkt. No. 156) of the Court's Order.  In an abundance of caution (as explained below), plaintiffs' present motion is brought under Federal Rules of Civil Procedure 59(e) and 60(b). Although the lines separating these local and federal rules are somewhat blurry, the relief plaintiffs seek is clear:  plaintiffs want to file a narrowed amended complaint that drops claims, eliminates defendants, and cures the remaining infirmities the Order found by incorporating specific facts set forth in a 450-page report relating to the exact events at issue in this case.  In both their opposition to defendants' motion to dismiss and at the hearing on the motion, plaintiffs sought leave to file an amended complaint in light of the Financial Services Authority Board Report (the "FSA Report") that was released in December 2011 – one month after plaintiffs filed the Consolidated Complaint. The Court's Order overlooked those requests.

Local Rule 6.3 expressly applies to reconsideration in light of matters that a court has overlooked, but the filing of such a motion does ***not*** toll the deadline for filing a notice of appeal. *Cf.* Fed. R. App. P. 4(a)(4)(A).  On the other hand, Federal Rules of Civil Procedure 59(e) and 60(b) do not expressly apply to matters that a court has overlooked, but the filing of a motion under these rules ***does*** toll the deadline for filing a notice of appeal.  *See id.*  In what appears to be the only

published case involving an overlooked request for leave to amend, the court remarked that the plaintiffs' motion for reconsideration should not have been brought under Rules 59(e) and 60(d). *See, e.g.*, *Ferber v. Travelers Corp.*, 785 F. Supp. 1101, 1112 (D. Conn. 1991).   Yet, last year, another court in this District held that "'A party may seek leave to amend a complaint following the entry of judgment under Rule 15(a).   However, the party must first have the judgment reopened under Rule 59(e) or 60(b).'"   *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 MDL 1963, 2011 WL 4072027, at *1 (S.D.N.Y. Sept. 13, 2011) (quoting 12 James Wm. Moore et al., Moore's Federal Practice ¶59.05(1)(c) (3d ed. 1997)).   Given this procedural uncertainty, plaintiffs bring this motion under Rules 59(e) and 60(b), in addition to their pending reconsideration motion under Local Civil Rule 6.3.

## II.   ARGUMENT

Rather than repeating all of the arguments in support of their motion for reconsideration (Dkt. No. 157), plaintiffs hereby incorporate those arguments as if fully set forth below.   Those arguments apply with equal force here:   "The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same."   *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007).

In addition, *Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011) effectively mandates that plaintiffs here be given the opportunity to present their proposed amendments for the Court's consideration.   In *Williams*, the plaintiff had ***not*** requested leave to amend prior to the court's order of dismissal and entry of judgment.   *Id.* at 211.   After entry of judgment, the plaintiff "timely moved for reargument and reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Rule 6.3 of the Local Rules" and sought leave to file an amended complaint.   *Id.*   The District Court denied the plaintiff's motion because the plaintiff failed to explain both why she had been ignorant

782105_1

of the facts she proposed to replead, and why "'she failed to request an opportunity to replead in the first instance.'"  *Id.* at 212 (quoting District Court order).  The Second Circuit rejected this ruling, harkening to the seminal leave-to-amend decision issued by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> The court did not explain precisely what it meant by "in the first instance."  In the circumstances of this case, however, it can only have meant one of two things: that the plaintiff was under obligation to seek leave to replead either immediately upon answering the motion to dismiss the complaint (without yet knowing whether the court will grant the motion, or, if so, on what ground), or immediately upon receipt of the court's ruling granting the motion and prior to the entry of judgment thereupon.  Regardless of which of the two the court had in mind, *Foman* makes unmistakably clear there is no such rule.

*Williams*, 659 F.3d at 214 (citing *Foman*, 371 U.S. 178).  The Second Circuit vacated the denial of the plaintiff's motion for reconsideration and instructed the District Court to consider whether the plaintiff's proposed amendments would be futile.  *Id.* at 214-15.

If it was an abuse of discretion not to consider the plaintiff's proposed amendments in *Williams*, where the plaintiff had ***not*** requested leave to amend prior to entry of judgment, it would clearly be so here, where plaintiffs ***did*** request leave to amend prior to, and after, entry of judgment.  Moreover, as explained in plaintiffs' Local Civil Rule 6.3 motion, the Court will see that plaintiffs' proposed amended complaint would not be futile inasmuch as it would be based on black-and-white objectively false statements and material omissions concerning the Royal Bank of Scotland Group, plc's ("RBS") credit market holdings, ***not*** valuations.  The facts and evidence uncovered in the FSA Report confirm that RBS's Board of Directors, which included defendants Goodwin and Cameron, was increasingly focused on, and informed about, RBS's credit market holdings in the months leading up to RBS's false statements regarding the amounts of these holdings.

- 3 -

The internal, heightened focus and emphasis on the products of a business unit that was the single greatest contributor to RBS's profits[1] at a time when the market was intensely focused on such holdings supports a strong inference of defendants' – including individual defendants Goodwin and Cameron (who ran this business unit) – knowing or reckless conduct regarding the falsity of RBS's related disclosures and their personal assurances to analysts and investors.  *See, e.g.*, *Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167, 1183 (9th Cir. 2009), *aff'd*, ___ U.S. ___, 131 S. Ct. 1309 (2011) (because "[w]ithholding reports of adverse effects of and lawsuits concerning the product responsible for the company's remarkable sales increase" is such "'an extreme departure from the standards of ordinary care,'" the resulting inference that officers "withheld the information intentionally or with deliberate recklessness is at least as compelling as the inference that [they did so] . . . innocently") (citation omitted).[2]  In their incorporated reconsideration motion, plaintiffs provided the Court with examples of specific facts that the FSA Report will enable plaintiffs to plead in an amended complaint.  In light of the Second Circuit's decision in *Williams*, plaintiffs deserve

---

[1]      "In 2006 and 2007, GBM represented 41% and 37% of RBS's [total] contribution (i.e. total profit before tax and centrally allocated overheads) and 24% and 22% of RBS's [total] revenue respectively."  *See* Dkt. No. 158, Ex. 2 at 362, ¶51.  "In 2006, approximately a quarter of GBM's revenues were derived from its North American operations, of which US investment bank/broker-dealer RBS Greenwich Capital (now known as RBS Securities Inc) provided the majority. . . . [T]he growth of RBS Greenwich Capital was a key factor in GBM's growth strategy for 2007 onwards . . . ."  *Id.* at 363, ¶53.

[2]      Although plaintiffs respectfully disagree with the Court's Order in a number of respects, proceeding with an amended complaint is the most efficient way to reach the merits of this litigation.  If, however, a direct appeal is the only option available to plaintiffs, that is the more appropriate avenue for plaintiffs to pursue their substantive challenges to the Court's Order.  *See, e.g.*, *Grand River Enters. Six Nations, Ltd. v. Pryor*, No. 02 CIV. 5068(JFK), 2004 WL 1594869, at *1 (S.D.N.Y. July 15, 2004) (Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) "provide a vehicle for a party to call the court's attention to facts or controlling decisions it believes the court overlooked in reaching its prior decision.  The rules are not meant to serve as a substitute for a direct appeal or as an opportunity to reargue the original motion.").

the opportunity to present, and for the Court to consider, their proposed amended allegations in full

context (*i.e.*, in a proposed second consolidated amended complaint).

## III.   CONCLUSION

For the foregoing reasons, as well as those set forth in support of plaintiffs' Local Civil Rule

6.3 motion for reconsideration, plaintiffs respectfully request that the Court alter or amend the

September 28, 2012 judgment in this matter, or otherwise provide plaintiffs with relief from said

judgment, so as to allow plaintiffs leave to file a Second Consolidated Amended Complaint.

DATED:  October 26, 2012                  Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          THEODORE J. PINTAR
                                          JASON A. FORGE
                                          DARRYL J. ALVARADO


                                                  s/ JASON A. FORGE
                                          ─────────────────────────────
                                                 JASON A. FORGE

                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101
                                          Telephone:  619/231-1058
                                          619/231-7423 (fax)

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)

                                          Lead Counsel for Plaintiffs

782105_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 26, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 26, 2012.

s/ JASON A. FORGE
JASON A. FORGE

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: jforge@rgrdlaw.com

# Mailing Information for a Case 1:11-cv-00398-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com
- **Charles H. Dufresne , Jr**
  cdufresne@sglawyers.com
- **Paul Adam Engelmayer**
  paul.engelmayer@wilmerhale.com
- **Jason A. Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com
- **D. Seamus Kaskela**
  skaskela@ktmc.com
- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com
- **David Sapir Lesser**
  david.lesser@wilmer.com,lesserda@yahoo.com
- **James Stuart Notis**
  jnotis@gardylaw.com
- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Andrea J. Robinson**
  andrea.robinson@wilmerhale.com
- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **David R. Scott**
  drscott@scott-scott.com,efile@scott-scott.com
- **Robert Walter Trenchard**
  robert.trenchard@wilmer.com
- **Curtis Victor Trinko**
  ctrinko@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Ethan Gold
,

**David M. Promisloff**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087