UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

LIGHTHOUSE FINANCIAL GROUP,
Individually and on Behalf of All Others
Similarly Situated,

                        Plaintiff,

      vs.

THE ROYAL BANK OF SCOTLAND
GROUP, PLC, et al.,

                   Defendants.

——————————————————— x

:  11 Civ. 398 (GBD)
:
:
:
:  ECF Case
:
:
:
:
:
:
:
:
:
:

## THE ROYAL BANK OF SCOTLAND GROUP PLC'S
## OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

WILMER CUTLER PICKERING HALE
  AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone: 212-230-8800
Fax:  212-230-8888

## TABLE OF CONTENTS

STATEMENT ........................................................................................................................1

I.     THE RECONSIDERATION MOTION SHOULD BE DENIED BECAUSE THE
       COURT OVERLOOKED NO CONTROLLING AUTHORITY OR FACTS WHEN IT
       CORRECTLY DISMISSED THE COMPLAINT WITHOUT LEAVE TO REPLEAD ...5

II.    PLAINTIFFS' REQUEST TO AMEND IS PROCEDURALLY IMPROPER AND
       FUTILE..................................................................................................................8

   A.   Plaintiffs' Request To Amend Is Procedurally Improper ................................... 9

   B.   Further Amendment Would Also Be Futile .................................................... 11

CONCLUSION..................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bellikoff v. Eaton Vance Corp.*,
    481 F.3d 110 (2d Cir. 2007)..................................................................................9, 13

*Broughel v. Battery Conservancy*,
    No. 07 Civ. 7755, 2010 WL 1028171 (S.D.N.Y. Mar. 16, 2010) ............................6

*Campo v. Sears Holdings Corp.*,
    371 Fed. Appx. 212, 2010 WL 1292329 (2d Cir. 2010).........................................7

*Cornwell v. Credit Suisse Group*,
    689 F. Supp. 2d 629 (S.D.N.Y. 2010)................................................................9, 13

*De Jesus v. Sears, Roebuck & Co.*,
    87 F.3d 65 (2d Cir. 1996)........................................................................................8

*Ferber v. Travelers Corp.*,
    785 F. Supp. 1101 (D. Conn. 1991).........................................................................8

*Grosz v. Museum of Modern Art*,
    772 F. Supp. 2d 473 (S.D.N.Y. 2010)................................................................9, 13

*Hayden v. County of Nassau*,
    180 F.3d 42 (2d Cir. 1999)..................................................................................9, 13

*In re Barclays Bank PLC Sec. Litig.*,
    No. 09 Civ 1989, 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011) ...................................3

*In re Deutsche Bank AG Sec. Litig.*,
    No. 09 Civ. 1714, 2012 WL 3297730 (S.D.N.Y. Aug. 10, 2012) ............................3

*In re Gildan Activewear, Inc. Sec. Litig.*,
    No. 08 Civ 5048, 2009 WL 4544287 (S.D.N.Y. Dec. 4, 2009)................................5

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
    273 F. Supp. 2d 351 (S.D.N.Y. 2003)..............................................................10, 11

*In re Nokia Oyj (Nokia Corp.) Sec. Litig.*,
    423 F. Supp. 2d 364 (S.D.N.Y. 2006)...................................................................10

*In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*,
    No. 06 Civ. 643, 2008 WL 4962985 (S.D.N.Y. Nov. 20, 2008) .........................5, 6

*In re Royal Bank of Scotland Group plc Sec. Litig.*,
  No. 09 Civ 300, 2012 WL 3826261 (S.D.N.Y. Sept. 4, 2012) ................................................. 3

*In re Tamoxifen Citrate Antitrust Litig.*,
  466 F.3d 187 (2d Cir. 2006) ........................................................................................................7

*John Wiley & Sons, Inc. v. DRK Photo*,
  No. 11 Civ 5454, 2012 WL 4903250 (S.D.N.Y. Oct. 15, 2012) ...........................................5

*King County, Wash. v. IKB Deutsche Industriebank AG*,
  --- F. Supp. 2d ----, 2012 WL 2160285 (S.D.N.Y. June 7, 2012) ...........................................5

*Lentell v. Merrill Lynch & Co.*,
  396 F.3d 161 (2d Cir. 2005) ......................................................................................................10

*Luce v. Edelstein*,
  802 F.2d 49 (2d Cir. 1986) ........................................................................................................14

*Malin v. XL Capital, Ltd.*,
  312 Fed. Appx. 400, 2009 WL 481897 (2d Cir. 2009) ............................................................7

*MRM Sec. Sys., Inc. v. Citibank, N.A.*,
  No. 96 Civ. 3721, 1997 WL 198074 (S.D.N.Y. Apr. 23, 1997) ...............................................7

*Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*,
  No. 03 Civ. 0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ...............................................7

*Pennsylvania Public School Employees' Retirement Sys. v. Bank of America Corp.*,
  No. 11 Civ 733, 2012 WL 2847732 (S.D.N.Y. July 11, 2012) ................................................5

*Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*,
  753 F. Supp. 2d 166 (S.D.N.Y. 2010) ......................................................................................3

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) .......................................................................................................15

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) ......................................................................................................8

*Stern v. General Elec. Co.*,
  924 F.2d 472 (2d Cir. 1991) ......................................................................................................7

*Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*,
  351 Fed. Appx. 472, 2009 WL 3259560 (2009) ..............................................................6, 7, 15

*Trautenberg v. Paul Weiss, Rikind, Wharton & Garrison LLP et. al.*,
  No. 06 Civ. 14211, 2008 WL 850163 (S.D.N.Y. Mar. 27, 2008) ..................................6, 8, 11

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt. LLC*,
   No. 10 Civ. 5989, 2011 WL 3279061 (S.D.N.Y. July 19, 2011) .............................................6

*Vine v. Beneficial Fin. Co.*,
   374 F.2d 627, 637 (2d Cir. 1967) ...........................................................................................10

*Williams v. Citigroup, Inc.*,
   659 F.3d 208 (2d Cir. 2011) ...................................................................................................15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ...........................................................................................................3, 13

Fed. R. Civ. P. 9(b) ...........................................................................................................3, 14

Fed. R. Civ. P. 12(b)(6) .....................................................................................................4, 14

Fed. R. Civ. P. 15(a) ...........................................................................................................6, 8

Fed. R. Civ. P. 59(e) ............................................................................................................15

Fed. R. Civ. P. 60 ................................................................................................................15

Local Rule 6.3 .........................................................................................................1, 5, 6, 14

The Royal Bank of Scotland Group plc ("RBS") respectfully submits this memorandum in opposition to Plaintiffs' motion for reconsideration ("Reconsideration Motion") of the Court's September 27, 2012 order ("Order") dismissing the Consolidated Amended Complaint ("CAC") without leave to replead.

## STATEMENT

The Reconsideration Motion should be denied under Local Rule 6.3's strict standard because it fails to identify any controlling authorities or facts the Court overlooked when it properly dismissed the CAC without permitting leave to replead.  In addition, the underlying relief Plaintiffs seek—namely, leave to file a further amended complaint—is unwarranted because the Plaintiffs unduly delayed requesting leave to replead and in any event the proposed amendments would be futile.  The issues in the proposed new complaint have already been fully briefed, considered, and disposed of, and none of the proposed amendments would cure any claims.

As the Court is aware, Plaintiffs' November 1, 2011 CAC—the third complaint filed before this Court after numerous others filed before Judge Batts—alleged claims under the Securities Act of 1933 on behalf of purchasers of ADR shares in connection with RBS's October 2007 Exchange Offer, and under the Securities Exchange Act of 1934 on behalf of open-market purchasers of the same ADR shares thereafter.  Order at 9, 17.  As the Court observed, the factual allegations fall into a number of broad buckets, with the substance of the '33 and '34 Act claims largely overlapping; Plaintiffs "use many of the same factual allegations to make out their '33 Act claims as they do their '34 Act claims."  Order at 8.

Plaintiffs attempted to support the CAC's scienter allegations by, among other things, making reference to a then-ongoing inquiry by the UK Financial Services Authority ("FSA")

into RBS.  *E.g.*, CAC ¶¶ 29, 273-74, 297, 301-02.  On December 12, 2011—a little over a month after Plaintiffs filed the CAC—the FSA published its comprehensive report into the events that led to the failure of RBS (the "FSA Report").  Plaintiffs did not attempt to amend their complaint when the FSA published its Report, but, when Defendants moved to dismiss the CAC on January 13, 2012, Defendants' supporting memorandum addressed the FSA Report in detail.

More particularly, Defendants' memorandum in support of their motion demonstrated that the FSA Report not only failed to support, but in fact decisively refuted any inference of scienter or any other actionable conduct by Defendants.  RBS Mem. in Supp. of Mot. to Dismiss [ECF No. 86] ("RBS MTD Mem.") at 26-28, 57-58, 61, 66; RBS Reply in Supp. of Mot. to Dismiss [ECF No. 112] ("RBS Reply") at 3, 24-25.  In opposing dismissal, Plaintiffs fully briefed their own arguments about the FSA Report, asking the Court to take notice of its contents and contending that it "directly supports many of the Complaint's factual allegations."  Pls.' Mem. in Opp. to RBS Mot. to Dismiss [ECF No. 96] ("Pls.' Opp. to RBS MTD") at 4; *see also id.* at 6, 11-13, 16, 31, 44-45, 50-51, 53-54, 56, 58.  Indeed, Plaintiffs' opposition brief attached copious excerpts from the FSA Report and cited to it *over a hundred times*.  Nevertheless, as an attempted hedge, Plaintiffs' brief included a footnote stating:  "Because the FSA Report was not available to plaintiffs in preparing the Complaint, to the extent the Court finds any of plaintiffs' claims infirm, plaintiffs respectfully request the opportunity to replead such claim."  Pls.' Opp. to RBS MTD at 4 n.2.  On reply, Defendants responded to Plaintiffs' arguments about the substance of the FSA Report, explaining again that it refuted the claims Plaintiffs had sought to plead, and also asked the Court to deny Plaintiffs' conditional request to replead based on the FSA Report.  RBS Reply at 3 n.3.  The Court held nearly a full day of oral argument on July 19, 2012.  Plaintiffs fully presented their positions, including their contentions about the FSA

Report.  They also repeated orally their conditional request for leave to replead if the Court were inclined to dismiss the CAC.  July 19, 2012 Tr. at 83: 22-25.

In its comprehensive Order of September 27, 2012, the Court dismissed all claims on multiple, independent grounds.  Briefly, as to the '33 Act claims, the Court held that Plaintiffs had failed to state a claim—under either a heightened Rule 9(b) standard or the more forgiving Rule 8(a) standard—concerning the ABN transaction, RBS's exposure to "subprime and other credit market assets," or RBS's financial statements.  The Court held that Plaintiffs had not pleaded any statements that were materially false or misleading, and that as to statements of opinion—including as to RBS's "actual exposure" to subprime and other credit market assets— Plaintiffs had not pleaded that RBS's statements were both false and subjectively disbelieved, as the Second Circuit's decisions in *Fait v. Regions Financial Corp*. and *City of Omaha v. CBS Corp* require.  Order at 19-20.  As to Plaintiffs' '34 Act claims, the Court similarly held that Plaintiffs had failed to plead a materially false or misleading statement, and further that Plaintiffs had failed to raise the necessary "strong inference of scienter," including as to RBS's "subprime and other credit market exposure."  Order at 15-16, 25-26.  The Court also held independently that the '33 and '34 Act claims both failed under the applicable statutes of limitations.   And, just as Judge Batts did with the parallel '33 Act case against RBS before her, and just as numerous other courts have done with similar "subprime" actions,[1] this Court properly dismissed the case without permitting leave to replead.

---

[1]        *See, e.g.*, *In re Royal Bank of Scotland Group plc Sec. Litig.*, No. 09 Civ 300, 2012 WL 3826261, at *2 (S.D.N.Y. Sept. 4, 2012) (dismissing similar claims by RBS preferred shareholders "in their entirety, with prejudice"); *In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ 1989, 2011 WL 31548, at *11 (S.D.N.Y. Jan. 5, 2011) (dismissal with prejudice), *reconsideration of dismissal with prejudice denied*, 2011 WL 2150477, at *4; *In re Deutsche Bank AG Sec. Litig.*, No. 09 Civ. 1714, 2012 WL 3297730, at *3 (S.D.N.Y. Aug. 10, 2012) (denying reconsideration of dismissal with prejudice); *Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*, 753 F. Supp. 2d 166, 186 (S.D.N.Y. 2010) (dismissal with prejudice).

Plaintiffs now seek reconsideration on the sole ground that the Court supposedly "overlooked" their conditional request for leave to replead.  Plaintiffs state that if reconsideration and leave to amend were granted, they would drop all '33 Act claims in an amended pleading, presumably acknowledging that any effort to replead them would be futile under Rule 12(b)(6). Plaintiffs also state that they do not seek to replead any '34 Act claims challenging RBS's valuations, and that they intend to abandon their claims against the Individual Defendants other than Goodwin and Cameron.  Pls.' Mem. in Supp. of Mot. to Reconsider [ECF No. 157] ("Recons. Mot.") at 2, 6, 10.[2]  Plaintiffs apparently seek only to replead their '34 Act "exposure" claims, claiming that based on supposedly "newly-discovered facts and evidence from the FSA Report," *id.* at 2, they would be able to fix the deficiencies in the CAC, including the failure to plead scienter adequately.

Plaintiffs' motion should be denied.  The CAC is already the third complaint filed in this Court (numerous others were filed before Judge Batts), and Plaintiffs identify no controlling law or facts that the Court missed in dismissing without leave to amend.  The Court did not "overlook" Plaintiffs' conditional request for leave to replead, and, contrary to Plaintiffs' suggestion, Recons. Mot. at 10, its ruling did not reflect "confusion."  Instead, the Court correctly denied Plaintiffs' request, consistent with the decisions of Judge Batts and numerous other "subprime" dismissals.  *See supra* at 3 n.1.  The FSA Report is not "newly-discovered"; the parties fully addressed it in briefing and oral arguments.  And, had Plaintiffs wished to replead on the basis of the FSA Report, they should have sought leave to do so *before* the parties engaged in extensive briefing and argument leading to a ruling by this Court.  Equally important, any amendment predicated on the FSA Report would be futile because (1) the FSA Report

---

[2]      Plaintiffs make no express request for leave to replead their '34 Act claims challenging statements regarding the ABN AMRO acquisition and the treatment of associated goodwill, RBS's capital adequacy, or its accounting practices.

strongly refutes any inference of scienter that would be necessary to plead a '34 Act claim as to RBS's "exposures" or anything else; and (2) the '34 Act claims are barred by the statute of limitations, which is a problem that another complaint cannot cure.

**I.    THE RECONSIDERATION MOTION SHOULD BE DENIED BECAUSE THE COURT OVERLOOKED NO CONTROLLING AUTHORITY OR FACTS WHEN IT CORRECTLY DISMISSED THE COMPLAINT WITHOUT LEAVE TO REPLEAD**

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *John Wiley & Sons, Inc. v. DRK Photo*, No. 11 Civ. 5454, 2012 WL 4903250, at *1 (S.D.N.Y. Oct. 15, 2012) (Daniels, J.).  Thus, "[a] motion for reconsideration under Local Rule 6.3 will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Pennsylvania Public School Employees' Retirement Sys. v. Bank of America Corp.*, --- F. Supp. 2d ----, 2012 WL 2847732, at *27 (S.D.N.Y. July 11, 2012).  "Reconsideration is appropriate 'only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice.'"  *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (citation omitted).

This "difficult burden" exists because a "motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved, nor is it an opportunity for the moving party to advance new facts, issues or arguments not previously presented to the Court."  *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ 5048, 2009 WL 4544287, at *2 n.3 (S.D.N.Y. Dec. 4, 2009) (citations and internal quotation marks omitted); *King County, Wash. v. IKB Deutsche Industriebank AG*, --- F.

Supp. 2d ----, 2012 WL 2160285, at *2 (S.D.N.Y. June 7, 2012) ("[Local Rule 6.3] must be 'narrowly construed and strictly applied . . . .'").  This strict standard applies "in full force to a motion for reconsideration of a denial of leave to replead" and "bears substantial weight" where, as here, plaintiffs have already "enjoyed ample opportunity to ply their arguments."  *In re Refco Capital Markets*, 2008 WL 4962985, at *2.

This Court has previously rejected a motion for reconsideration and leave to replead under Rule 15(a) in a case directly on point:  *Trautenberg v. Paul Weiss, Rikind, Wharton & Garrison LLP et. al.*, No. 06 Civ. 14211, 2008 WL 850163 (S.D.N.Y. Mar. 27, 2008).  There, the plaintiff moved for reconsideration of the Court's dismissal of breach of fiduciary and other claims without leave to replead.  After articulating the above standards, the Court denied the motion on the ground that, rather than specifying any controlling matter that the Court had overlooked, the plaintiff "merely disagrees with this Court's rulings on issues already briefed and argued before the Court."  *Id.* at *1.  The Court further observed that reconsideration was unwarranted because the proposed amended complaint would do "nothing to change the Court's original assessment."  *Id.* at *2.  The Court examined the plaintiffs' proposed amendments in detail, and concluded:  "Nothing in plaintiff's proposed Amended Complaint would influence the Court's decision to dismiss, and to deny plaintiff s motion to amend the complaint in the insufficient manner proposed."  *Id.* at *3.  The Second Circuit then affirmed.  *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 Fed. Appx. 472, 2009 WL 3259560 (2d Cir. 2009).  *See also Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt. LLC*, No. 10 Civ. 5989, 2011 WL 3279061, at *4 (S.D.N.Y. July 19, 2011) (Daniels, J.) (denying motion to replead where proposed amended complaint continued to make the same insufficient allegations as the prior complaint); *Broughel v. Battery Conservancy*, No. 07 Civ. 7755, 2010

WL 1028171, at *1 (S.D.N.Y. Mar. 16, 2010) (Daniels, J.) ("[I]n light of the previous rulings of this Court, leave to amend remains futile because the new alleged claims would not survive a motion to dismiss."); *Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ. 0613, 2004 WL 112948, at *8 (S.D.N.Y. Jan. 22, 2004) (Daniels, J.) (denying motion to file amended complaint where plaintiffs' amended complaint "still suffers from the deficiencies inherent in their original").

The same result should obtain here.  Plaintiffs propose that reconsideration is warranted because the Court supposedly "overlooked" their prior request for leave to amend.  That is meritless.  *First*, Plaintiffs made no actual motion to amend, but instead made only a cursory *conditional* request for leave to amend in an opposition brief and at oral argument, merely as a hedge in case the Court were otherwise inclined to dismiss the Consolidated Amended Complaint.  *See Trautenberg*, 351 Fed. Appx. at 474 (holding that this Court did not abuse its discretion by failing to grant leave to replead where plaintiff did not move for leave to replead in response to motion to dismiss).  *Second*, to the extent Plaintiffs' conditional request constituted a proper request for leave to amend, the Court correctly and deliberately *denied* it.[3]  It was well within the court's discretion to do so without engaging in a separate analysis of the futility of amendment,[4] and no issue raised on reconsideration would alter the Court's decision.  On the

---

[3]     The default rule in this Circuit is that an order dismissing a complaint is "with prejudice unless a court states otherwise."  *MRM Sec. Sys., Inc. v. Citibank, N.A.*, No. 96 Civ. 3721, 1997 WL 198074, at *4 n.6 (S.D.N.Y. Apr. 23, 1997); *see, e.g.*, *Stern v. General Elec. Co.*, 924 F.2d 472, 478 n.7 (2d Cir. 1991) ("Because the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended.").

[4]     *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."); *Malin v. XL Capital, Ltd.*, 312 Fed. Appx. 400, 402-03, 2009 WL 481897, at *2 (2d Cir. 2009) ("[W]e have not required district courts to provide[ ] detailed explanations when denying cursory or boilerplate requests for this form of discretionary relief, made solely in a memorandum in opposition to a motion to dismiss."); *Campo v. Sears Holdings Corp.*, 371 Fed. Appx. 212, 218, 2010 WL 1292329, at *4 (2d Cir. 2010) (affirming

contrary, as in *Trautenberg*, here the issues Plaintiffs raise on reconsideration have already been fully litigated, and Plaintiffs identify nothing new in the FSA Report or elsewhere that they would plead if given another opportunity that the Court has not already considered fully and rejected.  *See, e.g.*, *Trautenberg*, 2008 WL 850163, at *1-*3; *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (dismissal with prejudice appropriate "when a party has been given ample prior opportunity to allege a claim").[5]

## II.    PLAINTIFFS' REQUEST TO AMEND IS PROCEDURALLY IMPROPER AND FUTILE

Reconsideration should also be denied because Plaintiffs are not entitled to amend under Rule 15(a).  Plaintiffs' request is procedurally improper in light of their undue delay in making an actual request for leave to amend, resulting in prejudice, and in any event it is plain that any further amendment would be futile.

Contrary to Plaintiffs' assertion, leave to amend is hardly "the presumptively appropriate next step in this litigation."  Recons. Mot. at 2.  Rather, as the Second Circuit has explained, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."  *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  "Leave to amend is especially inappropriate where proposed amendments merely recycle[] versions of claims which

---

district court's implicit denial of request for leave to amend securities fraud complaint where plaintiffs' made only a cursory request for leave to amend during hearing).

[5]      Plaintiffs' citation to *Ferber v. Travelers Corp.*, 785 F. Supp. 1101 (D. Conn. 1991), is misplaced.  There, as here, the plaintiffs had buried a request for leave to amend in a footnote of a brief, and although the court exercised its discretion to consider it proper, the court cautioned that counsel should "move in a more explicit, distinct fashion under Rule 15(a)."  *Id.* at 1112.  The court then elected to consider the overlooked a request under Rule 15(a), and determined that amendment would not be futile.  The plaintiffs in *Ferber* were not seeking an opportunity to file a *fourth* complaint, nor did they propose to recycle the same factual allegations and legal theories that the court rejected when it dismissed their previous pleading.  Nothing in *Ferber* calls into question the Court's well-established discretion to deny a cursory request for leave to amend by granting a motion to dismiss with prejudice, nor to deny leave where amendment would be futile.

ha[ve] already fallen victim to a motion to dismiss." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).  In addition, where amendment is futile, leave should be denied.  *See, e.g.*, *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."); *Cornwell v. Credit Suisse Grp.*, 689 F. Supp. 2d 629, 634 (S.D.N.Y. 2010) (finding that proposed amendment "would be futile" where "it relies upon the same allegations regarding the content and location of the alleged frauds that the Court has already rejected"); *Grosz v. Museum of Modern Art*, 772 F. Supp. 2d 473, 498 (S.D.N.Y. 2010) (denying leave to amend as "futile" where "Plaintiffs' motion for leave to amend relies on the same argument that the court has already rejected"); *Trautenberg*, 2008 WL 850163, at *3 (leave to amend unwarranted where "[n]othing in plaintiff's proposed Amended Complaint would influence the Court's decision to dismiss").  Plaintiffs' motion cannot survive under these standards.

### A.    Plaintiffs' Request To Amend Is Procedurally Improper

Plaintiffs argue that they should be permitted leave to amend to incorporate "newly-discovered facts and evidence from the FSA Report" and "because the FSA Report and a more-concise complaint would enable plaintiffs to cure each of the infirmities this Court's Order listed."  Recons. Mot. at 2, 5.  Any amendment sought on this basis is procedurally improper in light of Plaintiffs' undue delay and prejudice to Defendants.  The FSA Report was published *before* Defendants moved to dismiss the CAC.  Yet rather than seek to amend at that time—or even after Defendants filed their motion to dismiss—Plaintiffs instead merely noted in a footnote of their opposition brief and at oral argument that they would desire to amend *if* the Court were waited until the completion of briefing, argument, and decision by the Court to make an actual request to amend.  That is plainly a basis to deny leave to amend as procedurally improper.

For example, in *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003), the court rejected a similar gambit.  There, the plaintiffs responded to the defendants' motion to dismiss by stating in a footnote in their opposition brief their "desire" to amend based on newly discovered information received in an initial production of documents from an Attorney General investigation.  As here, the plaintiffs there did not make a formal motion to amend based on this supposed new evidence, but instead awaited a ruling from the court.  After the court dismissed the complaint with prejudice, the plaintiffs sought reconsideration and leave to amend.  The court rejected the motions, on the bases that the plaintiffs' footnote request in response to the motion to dismiss was insufficient and that "the purportedly 'new' information was within plaintiffs' knowledge before argument on the motion to dismiss." *Id.*  The court adhered to its prior ruling on the motion to dismiss, admonishing that plaintiffs "cannot hold such 'evidence' back in hopes of having yet a third bite of the proverbial apple." *Id.*  The Second Circuit affirmed.  *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).  Other precedent is in accord.  *See, e.g.*, *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 637 (2d Cir. 1967) (holding that it was "certainly within the district court's discretion" to deny plaintiff leave to file a second amended complaint, where "one basis for denial of leave to amend was the bad faith of appellant in waiting to see how he would fare on the prior motion to dismiss" and where "[t]he new information alleged in the [proposed second amended] complaint was within plaintiff's knowledge before argument of the motion to dismiss the first amended complaint"); *In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 409 (S.D.N.Y. 2006) (denying motion to amend where plaintiffs' first allusion to potentially amending their complaint "was through footnotes in their opposition brief," and rejecting plaintiffs' attempt to "'hedge their bets' by holding . . . evidence back in the hopes of having another bite of the proverbial apple").

Here, the procedural impropriety of Plaintiffs' Reconsideration Motion is even more stark than it was in *Merrill Lynch*.  Whereas in that case the plaintiffs had received only an initial production of documents from a regulatory investigation at the time of the defendants' motion to dismiss, and contended that further documents could cure their claims, here Plaintiffs had the FSA Report in its entirety before Defendants even filed a motion to dismiss.  There was simply no excuse for Plaintiffs to wait for Defendants to move to dismiss the CAC, much less to wait for the Court to rule, before actually seeking to amend.  Moreover, here Plaintiffs tried to hedge further by stating a desire to amend while nonetheless using their opposition briefs to argue fully their positions concerning the content of the FSA Report, including as to RBS and individual defendants Goodwin and Cameron, and Plaintiffs expressly asked the Court to consider the FSA Report (which they cited dozens of times and presented as an Exhibit) in evaluating dismissal.[6] Now they are simply seeking to make all of the same arguments again, and there is no justification for the prejudice to Defendants or the waste of the Court's resources that would result were their request granted.  The Court plainly has discretion to deny the motion on these procedural grounds.

## B.    Further Amendment Would Also Be Futile

The motion should also be denied because any amendment would be futile, as "[n]othing in plaintiff's proposed Amended Complaint would influence the Court's decision to dismiss." *Trautenberg*, 2008 WL 850163, at *3.  *See also, e.g.*, *Merrill Lynch*, 273 F. Supp. 2d at 392 ("Plaintiffs' requests for leave to amend must be denied because they have given the Court no

---

[6]    *See, e.g.*, Pls.' Opp. to RBS MTD at 4 (contending that "the FSA Report directly supports many of the Complaint's factual allegations"); Pls.' Opp. to Indiv. Defs.' Mot. to Dismiss [ECF No. 98] ("Pls.' Opp. to Indivs. MTD") at 6 (contending that "[t]he FSA Report confirms the Complaint's scienter allegations"); July 19, 2012 Tr. 83: 6-10 ("[T]he FSA comes out with a report, a very detailed report. . . . and it contains a lot of information that is very helpful to us."); *see also* CAC ¶¶ 29, 273-74, 279, 301-02 & n.24 (alleging that FSA investigation supports inference of scienter).

indication that they can amend their complaints to plead legally sufficient claims.").  As noted

above, Plaintiffs' Reconsideration Motion only highlights their effort to rehash futile arguments

that this Court already rejected as to RBS, Goodwin, and Cameron.  Indeed, *every single page* of

the FSA Report that Plaintiffs' Reconsideration Motion cites was also cited by Plaintiffs in their

briefs opposing RBS's Motion to Dismiss.[7]  *Compare, e.g.*, Recons. Mot. at 9 (citing FSA

Report at 387-88) ("The August 2007 Group Risk Management Report presented to GEMC on

28 August, as well as to the RBS Board, observed that the fall-out from the US subprime

mortgage market meant that the portfolio of super seniors held by RBS Greenwich Capital had

suffered from reduced liquidity and limited price observability."), *with* Pls.' Opp. to Indivs.

MTD at 7 (citing FSA Report at 387-88) ("[T]he Group Executive Management Committee and

the RBS Board received a Group Risk Management Report on August 28, 2007, showing that

deterioration in the subprime credit markets meant that RBS 'suffered from reduced liquidity and

limited price observability' on its credit market assets.").  And, as RBS already showed, the FSA

Report cannot establish the requisite inference of scienter as to RBS's credit market holdings or

support any other claims in this case against RBS or Goodwin and Cameron individually.  RBS

MTD Mem. at 26-28, 57-58, 61, 66; RBS Reply at 3, 24-25; Indiv. Defs.' Mem. in Supp. of Mot.

to Dismiss [ECF No. 84] at 6; Indiv. Defs.' Reply in Supp. of Mot. to Dismiss [ECF No. 111] at

5-7, 12.  Plaintiffs had a full and fair opportunity to present their points, and, on the basis of the

ample record before it, the Court previously and rightly rejected them.[8]  Any amendment based

---

[7]      *Compare* Recons. Mot. at 8 (citing **FSA Report at 369**), *with* Pls.' Opp. to RBS MTD at 4 (citing **FSA Report at 369**); *compare* Recons. Mot. at 8 (citing **FSA Report at 368**), *with* Pls.' Opp. to RBS MTD at 12 (citing **FSA Report at 386**); *compare* Recons. Mot. at 9 (citing **FSA Report at 387-88**), *with* Pls.' Opp. to Indivs. MTD at 7 (citing **FSA Report at 387-88**); *compare* Recons. Mot. at 9 (citing **FSA Report at 389**), *with* Pls.' Opp. to RBS MTD at 54 (citing **FSA Report at 389**).

[8]      It is especially telling that Plaintiffs propose to drop their '33 Act claims, recognizing the futility of repleading them, but nonetheless ask the Court to allow them leave to replead what this Court has

on the FSA Report would be futile.  *See Bellikoff*, 481 F.3d at 118; *Hayden*, 180 F.3d at 53; *Cornwell*, 689 F. Supp. 2d at 634; *Grosz*, 772 F. Supp. 2d at 498.

Plaintiffs' specific assertion that they hope to cure their defective "exposures" claims is especially remarkable.  Plaintiffs fully briefed this issue, and made it a key focus of their oral argument, including with a lengthy slide presentation featuring the same numbers and allegations they are now asking to explain all over again.  *See* July 19, 2012 Tr. 72: 11 – 73: 10 (presenting a "credit market exposure chart" that is "cited twice in the complaint" at paragraphs 15 and 233). Plaintiffs presented their positions and lost.  Plaintiffs contend that "an amended complaint would make crystal clear where plaintiffs obtained RBS's actual exposure figures" (Recons. Mot. at 6), but Plaintiffs already made "clear[ ]" in their brief opposing the Motion to Dismiss that their "figures" allegedly came "from RBS's Appendix II, cited in the Complaint at ¶ 233 (with a detailed chart), [which] set forth RBS's actual credit market exposures as of December 31, 2007."  Pls.' Opp. to RBS MTD at 45; *see also* Pinter Decl. [ECF No. 97] Ex. 3 (Appendix II).[9]  And the Court has already held that the figures in Appendix II cannot plead the falsity of RBS's statements regarding the value of its CDO holdings even under Rule 8's notice pleading standards.  *See* Order at 18, 20; *see also* RBS Reply at 22-23.  Plaintiffs make no attempt to explain why they would be any more successful advancing the same flawed theory in an

---

already recognized to be largely overlapping '34 Act claims subject to a greater burden of pleading scienter with particularity.  This simply makes no sense.

[9]     Plaintiffs' Reconsideration Motion leaves no doubt that Plaintiffs propose to rely on Appendix II again in any amended complaint.  For example, the Motion contends that Plaintiffs' alleged "actual exposures" were derived from "RBS's own reports," published after RBS issued its 2007 Annual Report, that reflected figures "as of December 31, 2007."  Recons. Mot. at 6.  Further, it is implausible that Plaintiffs have other published reports from RBS containing supposed "admissions" by the bank that it knowingly misstated its credit market assets during the class period which Plaintiffs neglected to present to the Court when they opposed the Motion to Dismiss (and which no other plaintiffs pursuing similar claims against RBS have thought to use).  That the Reconsideration Motion neither cites nor attaches the documents supposedly reflecting RBS's alleged "admissions" only further discredits Plaintiffs' claims. *Id.*

amended pleading subject to the heightened pleading requirements of Rule 9(b) and the PSLRA. Plaintiffs simply recycle their argument that their "exposure" claim is different from a "valuation" claim, citing excerpts from the FSA Report.  But the Court already considered and expressly rejected all of this, referring to Plaintiffs' "exposure" claims expressly 22 times in its comprehensive Order.  The Court's dismissal of the "exposure" claims was correct, and any "clarification" in a further amended complaint would be futile.

Finally, any further amendment regarding the exposure claims would be futile for the independent reason that the '34 Act claims are untimely.  Plaintiffs do not ask the Court to reconsider its determination that the '34 Act claims were asserted too late.  Nor could they under the strictures of Local Rule 6.3, which requires a showing of "clear error" or "manifest injustice."  Rather, Plaintiffs simply assert, without explanation, that an amended complaint would allow them to address the Court's alleged "confusion" with respect to the timeliness of their claims and state that "[a]n amended complaint would eliminate all 1933 Act claims, along with any related confusion regarding the timeliness of the 1934 Act claims."  Recons. Mot. at 10. However, the pleading of '33 Act claims has no bearing on whether the *'34 Act claims* were timely.  Moreover, the '34 Act claims were filed after the expiration of the statute of limitations, and they were not rendered timely by any tolling or relation back, as Defendants fully explained. RBS MTD Mem. at 34-35; RBS Reply at 11.  No "clarified" amended complaint could conceivably render the '34 Act claims timely.  This alone establishes futility grounds for denial of the motion.[10]

---

[10]     Plaintiffs cite the Second Circuit's decision in *Luce v. Edelstein* for recognizing that courts often grant plaintiffs an opportunity to replead claims dismissed for lack of particularity.  802 F.2d 49 (2d Cir. 1986) (cited in Recons. Mot. at 2).  But *Luce* also expressly denied leave to amend claims under the Exchange Act that it determined could not "survive a Rule 12(b)(6) motion even if made with more particularity."  802 F.2d at 57.  *Luce* thus supports denial of Plaintiffs' motion because here only one of the Court's three independent grounds for dismissal was pursuant to Rule 9(b) (*see* Order at 18, 26), and

**CONCLUSION**

For the reasons set forth above, Plaintiffs motion seeking reconsideration of the Court's decision to dismiss the CAC with prejudice should be denied.[11]

Dated:  October 29, 2012                                    Respectfully submitted,

                                                                      /s/ David S. Lesser
                                                                      David S. Lesser
                                                                      Robert W. Trenchard
                                                                      WILMER CUTLER PICKERING
                                                                         HALE AND DORR LLP
                                                                      399 Park Avenue
                                                                      New York, New York 10022
                                                                      Telephone:  212-230-8800
                                                                      Fax:  212-230-8888

                                                                      Andrea J. Robinson
                                                                      WILMER CUTLER PICKERING
                                                                         HALE AND DORR LLP
                                                                      60 State Street
                                                                      Boston, Massachusetts 02109
                                                                      Telephone:  617-526-6000
                                                                      Fax:  617-526-5000

                                                                      *Counsel for The Royal Bank of
                                                                      Scotland plc*

---

in any event Plaintiffs have not shown—and cannot show—that further amendment would enable them to survive another motion to dismiss.  Concluding that Plaintiffs' request to replead is futile is entirely consistent with Second Circuit law.  *See Trautenberg*, 351 Fed. Appx. at 474; *Williams v. Citigroup, Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (finding abuse of discretion where district court concluded that plaintiff's request to replead was untimely, but remanding so that district court could address whether proposed amendments would be futile).

[11]        On October 26, 2012, Plaintiffs separately moved to alter or amend the judgment pursuant to Rule 59(e) and Rule 60 (ECF No. 159).  That motion, to which RBS will respond separately, necessarily fails largely for the reasons set forth above, as Plaintiffs can point to no controlling facts or authority that would have caused the Court's decision to come out any other way.  *See, e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion [under Rule 59(e) or 60] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").